**EXHIBIT D**

**Appendix XII-B1**

<table>
<tr><td rowspan="2"></td><td rowspan="2"><strong>CIVIL CASE INFORMATION STATEMENT</strong><br>(CIS)<br><br>Use for initial Law Division<br>Civil Part pleadings (not motions) under <em>Rule</em> 4:5-1<br><strong>Pleading will be rejected for filing, under <em>Rule</em> 1:5-6(c),<br>if information above the black bar is not completed<br>or attorney's signature is not affixed</strong></td><td colspan="2">FOR USE BY CLERK'S OFFICE ONLY</td></tr>
<tr><td colspan="2">PAYMENT TYPE: ☐ CK ☐ CG ☐ CA<br>CHG/CK NO.<br>AMOUNT:<br>OVERPAYMENT:<br>BATCH NUMBER:</td></tr>
</table>

| ATTORNEY / PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| Gary Potters, Esq. | (973) 575-5240 | Essex |

| FIRM NAME (if applicable) | DOCKET NUMBER (when available) |
|---|---|
| Potters & Della Pietra LLP | ESX-L-6392-15 |

| OFFICE ADDRESS | DOCUMENT TYPE |
|---|---|
| 100 Passaic Avenue<br>Fairfield, New Jersey 07004 | Answer and Third-Party Complaint |
| | JURY DEMAND  ☐ YES  ☑ No |

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| New Jersey Institute of Technology and Clara Williams, Defendants | Daniel Golden and Tracy Locke v. New Jersey Institute of Technology and Clara Williams, in her capacity as Custodian of Records for the New Jersey Institute of Technology |

| CASE TYPE NUMBER (See reverse side for listing) | HURRICANE SANDY RELATED? | IS THIS A PROFESSIONAL MALPRACTICE CASE?   ☐ YES  ☑ NO |
|---|---|---|
| 802 | ☐ YES  ☑ NO | IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| RELATED CASES PENDING?<br>☐ YES  ☑ No | IF YES, LIST DOCKET NUMBERS |
|---|---|

| DO YOU ANTICIPATE ADDING ANY PARTIES<br>(arising out of same transaction or occurrence)?<br>☐ YES  ☑ No | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known)<br>United Educators  ☐ NONE<br>☐ UNKNOWN |
|---|---|

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?<br>☐ YES  ☑ No | IF YES, IS THAT RELATIONSHIP:<br>☐ EMPLOYER/EMPLOYEE   ☐ FRIEND/NEIGHBOR   ☐ OTHER (explain)<br>☐ FAMILIAL          ☐ BUSINESS |
|---|---|

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?  ☑ YES  ☐ No |
|---|

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?<br>☐ YES  ☑ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| WILL AN INTERPRETER BE NEEDED?<br>☐ YES  ☑ No | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE:



**Side 2**

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I - 150 days' discovery**
151 NAME CHANGE
175 FORFEITURE
302 TENANCY
399 REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
502 BOOK ACCOUNT (debt collection matters only)
505 OTHER INSURANCE CLAIM (including declaratory judgment actions)
506 PIP COVERAGE
510 UM or UIM CLAIM (coverage issues only)
511 ACTION ON NEGOTIABLE INSTRUMENT
512 LEMON LAW
801 SUMMARY ACTION
802 OPEN PUBLIC RECORDS ACT (summary action)
999 OTHER (briefly describe nature of action)

**Track II - 300 days' discovery**
305 CONSTRUCTION
509 EMPLOYMENT (other than CEPA or LAD)
599 CONTRACT/COMMERCIAL TRANSACTION
603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
605 PERSONAL INJURY
610 AUTO NEGLIGENCE – PROPERTY DAMAGE
621 UM or UIM CLAIM (includes bodily injury)
699 TORT – OTHER

**Track III - 450 days' discovery**
005 CIVIL RIGHTS
301 CONDEMNATION
602 ASSAULT AND BATTERY
604 MEDICAL MALPRACTICE
606 PRODUCT LIABILITY
607 PROFESSIONAL MALPRACTICE
608 TOXIC TORT
609 DEFAMATION
616 WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
617 INVERSE CONDEMNATION
618 LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV - Active Case Management by Individual Judge / 450 days' discovery**
156 ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
303 MT. LAUREL
508 COMPLEX COMMERCIAL
513 COMPLEX CONSTRUCTION
514 INSURANCE FRAUD
620 FALSE CLAIMS ACT
701 ACTIONS IN LIEU OF PREROGATIVE WRITS

**Multicounty Litigation (Track IV)**
271 ACCUTANE/ISOTRETINOIN
274 RISPERDAL/SEROQUEL/ZYPREXA
278 ZOMETA/AREDIA
279 GADOLINIUM
281 BRISTOL-MYERS SQUIBB ENVIRONMENTAL
282 FOSAMAX
285 STRYKER TRIDENT HIP IMPLANTS
286 LEVAQUIN
287 YAZ/YASMIN/OCELLA
288 PRUDENTIAL TORT LITIGATION
289 REGLAN
290 POMPTON LAKES ENVIRONMENTAL LITIGATION
291 PELVIC MESH/GYNECARE
292 PELVIC MESH/BARD
293 DEPUY ASR HIP IMPLANT LITIGATION
295 ALLODERM REGENERATIVE TISSUE MATRIX
296 STRYKER REJUVENATE/ABG II MODULAR  HIP STEM COMPONENTS
297 MIRENA CONTRACEPTIVE DEVICE
601 ASBESTOS
623 PROPECIA

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1,
in the space under "Case Characteristics.

**Please check off each applicable category** ☐ Putative Class Action  ☐ Title 59

GARY POTTERS, ESQ.  (Attorney ID No. 027271988)
POTTERS & DELLA PIETRA LLP
100 PASSAIC AVENUE
FAIRFIELD, NEW JERSEY 07004
(973) 575-5240
Attorneys for Defendants,
New Jersey Institute of Technology and
Clara Williams

| | |
|---|---|
| DANIEL GOLDEN<br><br>and<br><br>TRACY LOCKE,<br><br>             Plaintiffs,<br><br>v.<br><br>NEW JERSEY INSTITUTE OF<br>TECHNOLOGY<br><br>and<br><br>CLARA WILLIAMS, in her capacity as<br>Custodian of Records for the New Jersey<br>Institute of Technology,<br><br>          Defendants/Third-Party<br>          Plaintiffs,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION,<br><br>        Third-Party Defendant. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: ESSEX COUNTY<br>DOCKET NO. ESX-L-6392-15<br><br>Civil Action<br><br><br>DEFENDANTS NEW JERSEY<br>INSTITUTE OF TECHNOLOGY AND<br>CLARA WILLIAMS, IN HER<br>CAPACITY AS CUSTODIAN<br>OF RECORDS FOR THE NEW JERSEY<br>INSTITUTE OF TECHNOLOGY'S<br>ANSWER TO PLAINTIFFS' VERIFIED<br>COMPLAINT, AFFIRMATIVE<br>DEFENSES, COUNTERCLAIM,<br>THIRD-PARTY COMPLAINT,<br>DESIGNATION OF TRIAL COUNSEL<br>AND CERTIFICATION PURSUANT<br>TO R. 4:5-1 & R. 4:6-1(D) |

Defendants New Jersey Institute of Technology and Clara Williams, in her official capacity as Custodian of Records for the New Jersey Institute of Technology ("Defendants"), by and through their counsel Potters & Della Pietra LLP, by way of Answer to the Verified Complaint of Plaintiffs, Daniel Golden and Tracy Locke ("Plaintiffs"), state as follows:

## PRELIMINARY STATEMENT

1.      Defendants make no response to the statement of law asserted in Paragraph 1 of Plaintiffs' Verified Complaint.

2.      Defendants are without knowledge or information sufficient to either affirm or deny the allegations asserted in Paragraph 2 of Plaintiffs' Verified Complaint.

3.      Defendants are without knowledge or information sufficient to either affirm or deny the allegations asserted in Paragraph 3 of Plaintiffs' Verified Complaint.

4.      Defendants admit the allegations regarding receipt of the requests, the terms of which speak for themselves.  Defendants are without information sufficient to admit or deny the remainder of the allegations.  Defendants make no response to the statements of law asserted in Paragraph 4 of Plaintiffs' Verified Complaint.

5.      Defendants deny the allegations asserted in Paragraph 5 of Plaintiffs' Verified Complaint.

6.      Defendants are without knowledge or information sufficient to either affirm or deny the allegations asserted in Paragraph 6 of Plaintiffs' Verified Complaint.

7.      Defendants deny the allegations asserted in Paragraph 7 of Plaintiffs' Verified Complaint.

PARTIES

8.      Defendants are without knowledge or information sufficient to either affirm or deny the allegations asserted in Paragraph 8 of Plaintiffs' Verified Complaint.

9.      Defendants are without knowledge or information sufficient to either affirm or deny the allegations asserted in Paragraph 9 of Plaintiffs' Verified Complaint.

10.     Defendants admit the allegations asserted in Paragraph 10 of Plaintiffs' Verified Complaint.

11.     Defendants admit the allegations asserted in Paragraph 11 of Plaintiffs' Verified Complaint.

BACKGROUND & FACTUAL ALLEGATIONS

The First Request

1.      Defendants admit receiving the request as asserted in Paragraph 1 of Plaintiffs' Verified Complaint, the terms of which speak for themselves.

2.      Defendants admit the terms of the request as asserted in Paragraph 2 of Plaintiffs' Verified Complaint speak for themselves.

3.      Defendants are without knowledge or information sufficient to either affirm or deny the allegations asserted in Paragraph 3 of Plaintiffs' Verified Complaint because the referenced document is not attached.

4.      Defendants admit the terms of the referenced document as asserted in Paragraph 4 of Plaintiffs' Verified Complaint speak for themselves.

5.      Defendants admit approximately 540 pages were provided with Defendants' First Response.  Defendants deny the remainder of the allegations asserted in Paragraph 5 of Plaintiffs' Verified Complaint.

6.      Defendants admit the allegations asserted in Paragraph 6 of Plaintiffs' Verified Complaint.

7.      Defendants admit the terms of the referenced document as asserted in Paragraph 7 of Plaintiffs' Verified Complaint speak for themselves.

8.      Defendants admit the terms of the referenced document as asserted in Paragraph 8 of Plaintiffs' Verified Complaint speak for themselves.  All redactions and documents withheld from production were made by and at the direction of the FBI.

9.      Defendants admit the terms of the referenced documents as asserted in Paragraph 9 of Plaintiffs' Verified Complaint speak for themselves.

10.      Defendants admit the terms of the referenced document as asserted in Paragraph 10 of Plaintiffs' Verified Complaint speak for themselves.

11.      Defendants admit the terms of the referenced document as asserted in Paragraph 11 of Plaintiffs' Verified Complaint speak for themselves.

<u>The Second Request</u>

12.      Defendants admit the terms of the referenced document as asserted in Paragraph 12 of Plaintiffs' Verified Complaint speak for themselves.

13.      Defendants admit the terms of the referenced document as asserted in Paragraph 13 of Plaintiffs' Verified Complaint speak for themselves.

14.      Defendants admit the terms of the referenced document as asserted in Paragraph 14 of Plaintiffs' Verified Complaint speak for themselves.

15.      Defendants admit the terms of the referenced document as asserted in Paragraph 15 of Plaintiffs' Verified Complaint speak for themselves.

16.     Defendants admit the terms of the referenced document as asserted in Paragraph 16 of Plaintiffs' Verified Complaint speak for themselves.

<u>The Third Request</u>

17.     Defendants admit the terms of the referenced document as asserted in Paragraph 17 of Plaintiffs' Verified Complaint speak for themselves.

18.     Defendants admit the terms of the referenced document as asserted in Paragraph 18 of Plaintiffs' Verified Complaint speak for themselves.

19.     Defendants admit the terms of the referenced document as asserted in Paragraph 19 of Plaintiffs' Verified Complaint speak for themselves.

20.     Defendants admit the terms of the referenced document as asserted in Paragraph 20 of Plaintiffs' Verified Complaint speak for themselves.

21.     Defendants admit the terms of the referenced document as asserted in Paragraph 21 of Plaintiffs' Verified Complaint speak for themselves.

22.     Defendants admit the terms of the referenced document as asserted in Paragraph 22 of Plaintiffs' Verified Complaint speak for themselves.

23.     Defendants admit the allegations asserted in Paragraph 23 of Plaintiffs' Verified Complaint.

<u>CAUSES OF ACTION</u>

First Count: Violation of OPRA

24.     Defendants repeat and reallege their responses to each of the foregoing paragraphs contained in Plaintiffs' Verified Complaint as though fully set forth at length herein.

25.     Defendants make no response to the conclusions of law asserted in Paragraph 25 of the First Count of Plaintiffs' Verified Complaint.

26.     Defendants make no response to the conclusions of law asserted in Paragraph 26 of the First Count of Plaintiffs' Verified Complaint.

27.     Defendants make no response to the conclusions of law asserted in Paragraph 27 of the First Count of Plaintiffs' Verified Complaint.

28.     Defendants admit the allegations asserted in Paragraph 28 of the First Count of Plaintiffs' Verified Complaint as to New Jersey Institute of Technology.  Defendant Williams is an individual, not an entity.

29.     Defendants make no response to the conclusions of law asserted in Paragraph 29 of the First Count of Plaintiffs' Verified Complaint.

30.     Defendants deny the allegations asserted in Paragraph 30 of the First Count of Plaintiffs' Verified Complaint.  All redactions and documents withheld from production were made by and at the direction of the FBI.

31.     Defendants deny the allegations asserted in Paragraph 31 of the First Count of Plaintiffs' Verified Complaint.  All redactions and documents withheld from production were made by and at the direction of the FBI.

32.     Defendants make no response to the conclusions of law asserted in Paragraph 32 of the First Count of Plaintiffs' Verified Complaint.

33.     Defendants deny the allegations asserted in Paragraph 33 of the First Count of Plaintiffs' Verified Complaint.  All redactions and documents withheld from production were made by and at the direction of the FBI.

34.     Defendants deny the allegations asserted in Paragraphs 34 (a) – (d) of the First Count of Plaintiffs' Verified Complaint.

Second Count: Violation of Common Law Right of Access

35.     Defendants repeat and reallege their responses to each of the foregoing paragraphs contained in Plaintiffs' Verified Complaint as though fully set forth at length herein.

36.     Defendants make no response to the conclusions of law asserted in Paragraph 36 of the Second Count of Plaintiffs' Verified Complaint.

37.     Defendants make no response to the conclusions of law asserted in Paragraph 37 of the Second Count of Plaintiffs' Verified Complaint.

38.     Defendants make no response to the conclusions of law asserted in Paragraph 38 of the Second Count of Plaintiffs' Verified Complaint.

39.     Defendants are without information sufficient to affirm or deny the allegations asserted in Paragraph 39 of the Second Count of Plaintiffs' Verified Complaint.

40.     Defendants make no response to the conclusions of law asserted in Paragraph 40 of the Second Count of Plaintiffs' Verified Complaint.  All redactions and documents withheld from production were made by and at the direction of the FBI.

41.     Defendants make no response to the conclusions of law asserted in Paragraph 41 of the Second Count of Plaintiffs' Verified Complaint.  All redactions and documents withheld from production were made by and at the direction of the FBI.

AFFIRMATIVE DEFENSES

FIRST AFFIRMATIVE DEFENSE

All acts of Defendants were performed pursuant to laws, statutes and regulations, and therefore, are valid as a matter of law.

SECOND AFFIRMATIVE DEFENSE

Plaintiffs have not been denied any right, privilege or immunity secured by State or Federal laws.

THIRD AFFIRMATIVE DEFENSE

Plaintiffs have suffered no injury attributable to any conduct of Defendants.

FOURTH AFFIRMATIVE DEFENSE

Defendants acted at all times relevant hereto with good faith and in compliance with controlling applicable State laws and regulations.

FIFTH AFFIRMATIVE DEFENSE

Any liability on Plaintiffs' claims is attributable to a party over which Defendants had no control.

SIXTH AFFIRMATIVE DEFENSE

Plaintiff Golden lacks standing to bring these causes of action.

SEVENTH AFFIRMATIVE DEFENSE

Defendant New Jersey Institute of Technology is a public agency of the State of New Jersey that at all times was acting pursuant to the lawful authority vested in it by the State.  All acts by Defendants performed were the result of the appropriate exercise of Defendants discretion and were in conformity with all applicable State laws and regulations.

EIGHTH AFFIRMATIVE DEFENSE

Defendants acted at all times relevant hereto without fraud or malice.

NINTH AFFIRMATIVE DEFENSE

All redactions and documents withheld from production were made by and at the direction of the FBI.

<u>TENTH AFFIRMATIVE DEFENSE</u>

Some or all of Plaintiffs' claims are barred by the applicable Statute of Limitations.

<u>ELEVENTH AFFIRMATIVE DEFENSE</u>

Defendants reserve the right to interpose such other defenses as may be warranted after further investigation and discovery.

WHEREFORE, Defendants deny Plaintiff is entitled to the relief sought and demand judgment dismissing the complaint, with all such further relief as this Court deems appropriate.

POTTERS & DELLA PIETRA LLP
Attorneys for Defendants,
New Jersey Institute of Technology and
Clara Williams, in her capacity as Custodian
of Records for the New Jersey Institute of
Technology

By: _____
     GARY POTTERS, ESQ.

DATED:  November 13, 2015

<u>COUNTERCLAIM</u>

By way of Counterclaim against Plaintiffs, the Defendants say:

<u>OPERATIVE FACTS APPLICABLE TO ALL COUNTS</u>

1.      Plaintiff Golden submitted an OPRA request to Defendants by email on April 8, 2015, seeking the following records:

> "[A]ll e-mail communications since January 1, 2010, between the Central
> Intelligence Agency or its representatives using the email domains @ucia.gov,
> @cia.gov, or any other address, and the following people at the New Jersey
> Institute of Technology: the president, chancellor(s), provost(s), vice provost(s),
> vice presidents, deans, general counsel, assistant general counsel, outside counsel,
> and campus police chief.  Similarly, I am requesting all e-mail communications
> since January 1, 2010, between the Federal Bureau of Investigation or its

9

representatives using the email domains @ic.fbi.gov, @fbi.gov, or any other email address, and the same people at NJIT."

2.      On April 28, 2015, Defendants emailed plaintiff Golden to advise the estimated reproduction costs associated with the April 8, 2015, OPRA request would be between $75.00 and $100.00.  See Exhibit A.

3.      By email response that same day, April 28, 2015, plaintiff Golden stated the fee was reasonable and agreed to pay same.  See Exhibit A.

4.      As part of Defendants' letter response to plaintiff's April 8, 2015, OPRA request, dated May 29, 2015, Defendants advised the actual final cost for the records was $26.65.  See Exhibit B.

5.      The fee charged is in compliance with the amount permissible pursuant to N.J.S.A. 47:1A-5.b.

6.      To date, Plaintiffs have not remitted payment for any portion of the $26.65 fee associated with the April 8, 2015, OPRA request.

WHEREFORE, Defendants demand judgment against Plaintiffs on this counterclaim.

## COUNT ONE
### (Breach of Contract)

7.      Defendants/Counterclaimants repeat and reallege the allegations contained in paragraphs 1 through 6 of the Counterclaim as though fully set forth at length herein.

8.      Plaintiffs' failure to remit payment for the fee due for the records produced by Defendants in response to plaintiffs' April 8, 2015, OPRA request constitutes a breach of contract.

9.      Defendants have demanded payment for the records produced to and at the request of Plaintiffs.

10

10.     Plaintiffs have refused and still refuse to remit payment for the records in breach of their obligation.

WHEREFORE, Defendants/Counterclaimants demand judgment against plaintiffs for all relief to which they are entitled in law or in equity, including compensatory damages, interest, costs of suit and reasonable attorneys' fees, and any and all further relief as this Court deems equitable and proper.

COUNT TWO
(Promise to Pay)

11.     Defendants/Counterclaimants repeat and reallege the allegations contained in paragraphs 1 through 10 of the Counterclaim as though fully set forth at length herein.

12.     Defendants sue Plaintiffs for the services rendered and records produced by Defendants to Plaintiffs upon the promise by Plaintiffs to remit payment for same.

13.     Defendants have demanded payment, but payment has not been made.

WHEREFORE, Defendants/Counterclaimants demand judgment against Plaintiff for all relief to which they are entitled in law or in equity, including compensatory damages, interest, costs of suit and reasonable attorneys' fees, and any and all further relief as this Court deems equitable and proper.

COUNT THREE
(Unjust Enrichment)

14.     Defendants/Counterclaimants repeat and reallege the allegations contained in paragraphs 1 through 13 of the Counterclaim as though fully set forth at length herein.

21.     Defendants produced records to Plaintiffs, which records Plaintiffs used to their benefit.

22.     Per the parties' agreement, Plaintiffs were to remit payment in full for all such records produced by Defendants.

23.     To date, Plaintiffs have failed to remit payment for any portion of the records produced by Defendants on Plaintiffs' behalf as set forth herein.

24.     Defendants sue Plaintiffs for payment for such records in the principal amount of $26.65, plus pre-judgment interest, attorney's fees and costs.

25.     Payment has been demanded and has not been made.

26.     By virtue of Plaintiffs' refusal to remit payment to Defendants for any amount due for the records Defendants provided on Plaintiffs' behalf and per their request, Defendants have been damaged and Plaintiffs have been, and continue to be, unjustly enriched.

WHEREFORE, Defendants/Counterclaimants demand judgment against Plaintiff for all relief to which they are entitled in law or in equity, including compensatory damages, interest, costs of suit and reasonable attorneys' fees, and any and all further relief as this Court deems equitable and proper.

POTTERS & DELLA PIETRA LLP
Attorneys for Defendants,
New Jersey Institute of Technology and
Clara Williams, in her capacity as Custodian
of Records for the New Jersey Institute of
Technology

By: _____
        GARY POTTERS, ESQ.

DATED:  November 13, 2015

12

## THIRD-PARTY COMPLAINT

Defendants/Third-Party Plaintiffs New Jersey Institute of Technology and Clara Williams, in her capacity as Custodian of Records for the New Jersey Institute of Technology (collectively referred to as "NJIT"), by way of Third-Party Complaint against Third-Party Defendant Federal Bureau of Investigation ("FBI"), say:

## OPERATIVE FACTS APPLICABLE TO ALL COUNTS

1.      On September 11, 2015, plaintiffs filed a Verified Complaint and Order to Show Cause against NJIT seeking relief for an alleged denial of access to records under the New Jersey Open Public Records Act ("OPRA")(the "Underlying Lawsuit").

2.      The Underlying Lawsuit arises from three separate, yet essentially identical, OPRA requests submitted by plaintiffs to NJIT on April 8, 2015, July 28, 2015 and August 13, 2015, seeking access to email communications between certain NJIT officers and members of the FBI and Central Intelligence Agency ("CIA")

3.      Upon receipt of each of the three OPRA requests at issue herein, NJIT contacted the FBI to discuss the requests and the potentially responsive records.

4.      Per the FBI's direction, the records were turned over to FBI personnel for review.

5.      At the time of their review, the FBI agents advised NJIT that any emails directed to and received from the FBI are deemed FBI records and, as such, are the property of the United States Government.

6.      As a result, the agents further advised that the FBI is cloaked with full and exclusive authority to determine whether or not any such email is subject to disclosure.

7.      The FBI agents reviewed all of the records amassed by NJIT and manually redacted many of the records with black marker.

13

8.     The FBI agents also identified other records as entirely privileged and confidential and, thus, exempt from disclosure in their entirety.  In particular, the FBI advised the subject records were protected from disclosure under the federal Freedom of Information Act ("FOIA") and the Privacy Act of 1974, in that the information is law enforcement sensitive and may implicate criminal and/or national security interests.

9.     Upon completion of their review, the FBI agents directed NJIT as to which records NJIT was authorized to disclose (with and without redactions), and which records NJIT was not permitted to disclose.  Such direction was memorialized in a letter from the FBI to NJIT dated May 27, 2015.  A true and accurate copy of the FBI's letter of May 27, 2015, is attached hereto as Exhibit C.

10.     Relying on the FBI's directive, NJIT produced certain records the FBI deemed subject to disclosure (some with and some without redactions), and withheld other responsive records the FBI deemed confidential, privileged and otherwise exempt from public dissemination.

11.     No employee, officer or representative from NJIT redacted any of the records compiled in response to plaintiffs' OPRA requests.

12.     Rather, all redactions and determinations as to which documents were and were not subject to disclosure were made and dictated solely by the FBI.

13.     NJIT, at all times, followed FBI directives vis-à-vie plaintiffs' OPRA requests based upon the FBI's position that the emails were government property over which the FBI retained sole and exclusive jurisdiction.

14.     To the extent plaintiffs seek to challenge the propriety of the confidential designations, such challenges must be directed to the FBI.

15.     Accordingly, NJIT hereby impleads the FBI as a third-party defendant.

16.     NJIT seeks to be indemnified and made whole by the FBI for (1) any adverse exposure NJIT confronts under the OPRA statute from and against any adverse judicial determination on the propriety of the redactions and exemptions, and (2) the attorneys' fees and costs incurred by NJIT in defending the Underlying Lawsuit.

17.     Absent the FBI's intervention and prohibition of defendants disseminating the subject records to plaintiffs, NJIT would have released all of the records at issue thereby obviating the Underlying Lawsuit.

18.     To the extent the Court determines plaintiffs were unlawfully denied access, such denial was caused by the FBI and, consequently, the FBI remains solely and exclusively liable for the attorneys' fees and costs incurred by plaintiffs in the first instance, as well as those incurred by defendants NJIT in having to defend this matter.

COUNT ONE
(Indemnification)

19.     Defendant/Third-Party Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 18 as if fully set forth at length herein.

20.     While denying all liability to Defendant/Third-Party Plaintiff NJIT, if NJIT is found to be liable, its liability, if any, is secondary, vicarious and purely technical, while the sole and primary liability rests with Third-Party Defendant FBI and, accordingly, NJIT is entitled to indemnification from Third-Party Defendant FBI from any adverse verdict on the propriety of the redactions and exemptions.

21.     Defendant/Third-Party Plaintiff NJIT is further entitled to be indemnified by Third-Party Defendant FBI for all attorneys' fees and costs incurred by NJIT in defending the Underlying Lawsuit.

15

WHEREFORE, Defendant/Third-Party Plaintiff NJIT demands judgment against the Third-Party Defendant FBI, jointly, severally and/or individually, for all money damages and claims plaintiffs may have, together with interest, costs of suit and attorney fees and such other relief as the court deems equitable and just.

DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, Gary Potters, Esq. is hereby designated as trial counsel for Defendants.

CERTIFICATION PURSUANT TO R. 4:5-1 & R. 4:6-1(d)

GARY POTTERS, ESQ., of full age, hereby certifies in accordance with R. 1:4-4(b), as follows:

1.      The matter in controversy is not the subject of any other action pending in any court or of any pending arbitration proceeding, and no such other action or arbitration proceeding is currently contemplated.

2.      I am presently aware of the names of no other parties that should presently be joined in this action.

3.      The within pleading was filed with the Court and served upon all counsel of record within the time period prescribed by the Rules of Court.

I certify that the foregoing statements made by me are true.  I further certify that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

POTTERS & DELLA PIETRA LLP
Attorneys for Defendants,
New Jersey Institute of Technology and
Clara Williams, in her capacity as Custodian
of Records for the New Jersey Institute of
Technology

By: _____
     GARY POTTERS, ESQ.

DATED: November 13, 2015

17

Exhibit A



Williams, Clara <williamr@njit.edu>

## OPRA Request Dated April 8, 2015
4 messages

**Williams, Clara B. <clara.b.williams@njit.edu>**                  Tue, Apr 14, 2015 at 1:27 PM
To: dlgolden@bloomberg.net

Mr. Golden:

NJIT received your OPRA request via e mail to me, NJIT's OPRA Custodian of Records, on April 8, 2015. As such, the seven (7) business day deadline to respond to your request is April 17, 2015. This response to your request is being provided to you on the 4th business day after my receipt of said request.

Your request sought access to the following NJIT records:

*"....I am requesting all e-mail communication since January 1, 2010, between the Central Intelligence Agency or its representatives using the email domains @ucia.gov, @cia.gov, or any other address, and the following people at the New Jersey Institute o Technology; the president, chancellor(s), provosts(s), vice provost(s), vice presidents, deans, general counsel, assistant general counsel and campus police chief. Similarly, I am requesting all e-mails communications since January 1, 2010, between the Federal Bureau of Investigation or its representatives using the email domains @ic.fbi.gov, @fbi.gov, or any other email address, and the same people at NJIT...."*

Your request requires additional time beyond the seven (7) business days to fulfill because of the size of your request which requires not only the search, but review of five (5) years of voluminous records to determine any CIA/FBI prohibition on dissemination of designated non-public records. OPRA allows custodians to seek extensions of time pursuant to N.J.S.A. 47:1A-5.i. Specifically, OPRA states that, "the requestor shall be advised by the custodian when the record can be made available. If the record is not made available by that time, access shall be deemed denied."

Your request requires an extension of time until May 29, 2015.

If your request for access to a government record has been denied or unfilled within the seven (7) business days required by law, you have a right to challenge the decision by NJIT to deny access. At your option, you may either institute a proceeding in the Superior Court of New Jersey or file a complaint with the Government Records Council (GRC) by completing the Denial of Access Complaint Form. You may contact the GRC by toll-free telephone at 866-850-0511, by mail at P.O. Box 819, Trenton, NJ, 08625, by e-mail at grc@dca.state.nj.us, or at their web site at www.state.nj.us/grc. The GRC can also answer other questions about the law. All questions regarding complaints filed in Superior Court should be directed to the Court Clerk in your County.

Clara Williams,

NJIT OPRA Custodian of Records

Office of General Counsel

Fenster Hall, Room 480

NJ Institute of Technology

323 Dr. Martin L. King Blvd

Newark, NJ 07102

973/596-5461

973/642-4056 FAX

---

**Daniel Golden (BLOOMBERG/ NEWSROOM:)** <dlgolden@bloomberg.net>       Tue, Apr 14, 2015 at 1:57 PM
Reply-To: Daniel Golden <dlgolden@bloomberg.net>
To: clara.b.williams@njit.edu

Thanks for getting back to me. I look forward to hearing from you by May 29.

Sincerely,

Dan Golden

—

Sent from Bloomberg Professional for Android

—— Original Message ——
From: Clara B. Williams <clara.b.williams@njit.edu>
At: Tuesday, April 14, 2015 19:27

Mr. Golden:


NJIT received your OPRA request via e mail to me, NJIT's OPRA Custodian of Records, on April 8, 2015. As such, the seven (7) business day deadline to respond to your request is April 17, 2015. This response to your request is being provided to you on the 4th business day after my receipt of said request.


Your request sought access to the following NJIT records:


*"...I am requesting all e-mail communication since January 1, 2010, between the Central Intelligence Agency or its representatives using the email domains @ucia.gov <http://ucia.gov>, @cia.gov <http://cia.gov>, or any other address, and the following people at the New Jersey Institute o Technology; the president, chancellor(s), provosts(s), vice provost(s), vice presidents, deans, general counsel, assistant general counsel and campus police chief. Similarly, I am requesting all e-mails communications since January 1, 2010, between the Federal Bureau of Investigation or its

representatives using the email domains @ic.fbi.gov <http://ic.fbi.gov>,
@fbi.gov <http://fbi.gov>, or any other email address, and the same people
at NJIT...."*

Your request requires additional time beyond the seven (7) business days to
fulfill because of the size of your request which requires not only the
search, but review of five (5) years of voluminous records to determine any
CIA/FBI prohibition on dissemination of designated non-public records.
OPRA allows custodians to seek extensions of time pursuant to *N.J.S.A.*
[Quoted text hidden]

---

**Williams, Clara B.** <clara.b.williams@njit.edu>                          Tue, Apr 28, 2015 at 11:08 AM
To: Daniel Golden <dlgolden@bloomberg.net>

Mr. Golden:

Please be advised that pursuant to N.J.S.A. 47:1A-5.b., there is a cost associated with the duplication of
records under OPRA.

The number of copies of documents in response to your OPRA request as indicated in my April 14, 2015 email
above is voluminous and can now be estimated at approximately 1,500 to 2,000 copies.

Please note that this is a very rough estimate because I have only examined about half of the records required
to be reviewed in response to your request.  It is possible therefore, that the total number of copies may exceed
the aforementioned estimate or be less than the estimate.

I bring this matter to your attention because I did not request a deposit from you in advance of fulfilling your
request and to advise you of the estimated costs.

Please be advised that the standard flat rate established by N.J.S.A. 47:1A-5.b. is $0.05 (5 cents) per letter size
page copy.  At 1,500 copies the cost to you would be $75.00.   At 2,000 copies the cost to you would be
$100.00.

I will notify you of the actual total number of copies and equivalent cost upon my fulfillment of your OPRA
request.  The records will then be forwarded to you upon receipt of payment.

Thank you.

---

Clara Williams

OPRA Custodian of Records

Office of General Counsel

Case 2:15-cv-08559-MCA-LDW  Document 2  Filed 12/11/15  Page 25 of 34 PageID: 86

Fenster Hall, Room 480

NJ Institute of Technology

323 Dr Martin L King Blvd.

Newark, NJ 07102

973/596-5461

973/642-4056 FAX

[Quoted text hidden]

---

**Daniel Golden (BLOOMBERG/ NEWSROOM:)** <dlgolden@bloomberg.net>       Tue, Apr 28, 2015 at 11:26 AM
Reply-To: Daniel Golden <dlgolden@bloomberg.net>
To: clara.b.williams@njit.edu

Thanks very much. It sounds like a reasonable fee, and I'll be glad to pay it.

Yours,

Dan Golden

From: clara.b.williams@njit.edu At: Apr 28 2015 11:08:37
To: Daniel Golden (BLOOMBERG/ NEWSROOM:)
Subject: Re: OPRA Request Dated April 8, 2015
[Quoted text hidden]

Exhibit B

# NJIT

New Jersey's Science &
Technology University

New Jersey Institute of Technology
University Heights
Newark, NJ 07102-1982
973.596.3107
973.642.4056 fax

Office of General Counsel

May 29, 2015

Dan Golden, Managing Editor
Bloomberg News
100 Summer Street, Suite 2810
Boston, Mass. 02110

Re:     OPRA Request Dated April 8, 2015

Mr. Golden:

Thank you for returning my call yesterday and providing your mailing address and for permitting NJIT to mail it's response on May 29th, the date our response is due to you.  To expedite receipt it is being sent to you via UPS.

NJIT received your OPRA request via email to me, NJIT Custodian of Records, on April 8, 2015.  As such, the seven (7) business day deadline to respond to your request was April 17, 2015.

On April 14, 2015 I requested via email, additional time (until May 29, 2015) to respond to your request due to the volume of records required to be searched.  Your April 14th email response stated that you looked forward to hearing from me on May 29th.

On April 28, 2015 I notified you via email that the standard flat rate established by N.J.S.A. 47:1A-5.b of $0.05 per letter sized page would apply for copies of the records requested which I estimated to be between 1,500 ($75.00) to 2,000 copies ($100).  Your April 28th email response stated that the fee sounded reasonable and you would be glad to pay it.

Pursuant to N.J.S.A 47:1A-5.b, the cost associated with this request is $26.65 (533 pages). Please remit payment payable to NJIT.  Please mail the payment to:

Office of General Counsel
Fester Hall Room 480
NJ Institute of Technology
323 Dr. Martin L. King Blvd.
Newark, NJ 07102



Your request sought copies of the following NJIT records:

*"....requesting all email communications since January 1, 2010 between the Central Intelligence Agency or its representatives using the email domains @ucia.gov, @cia.gov, and the following people at NJIT: the president, chancellor(s), provost(s), vice provosts(s) vice presidents, deans, general counsel, outside counsel and campus police chief. Similarly.....between the Federal Bureau of Investigation using the email domains @ic.fbi.gov, @fbi.gov.....ant the same people.....*

## RESPONSE

### Records Provided
The following records are provided and are responsive to your request: Enclosed hard copies of January 1, 2010 through the April 2015 emails between the FBI and or its representative and NJIT President, Provost, Assistant Provosts, Vice Presidents, Deans, General Counsel and Police Chief, using the email domains @ic.fbi.gov, @fbi.gov.

### Redactions
Please note that redactions were made to the emails provided to delete personal identifiable information of FBI personnel and/or FBI information provided to NJIT. **See, Executive Order No. 21** (McGreevey 2002) Domestic Security [Pursuant to <u>N.J.S.A.</u> 47:1A-9a – Other laws regulations, privileges unaffected], any government record where inspection, examination or copying would substantially interfere with the State's ability to protect and defend the State and its citizens against acts of sabotage or terrorism, or which, if disclosed, would materially increase the risk or consequence of potential acts of sabotage or terrorism are exempt under OPRA. **See Also**, <u>N.J.S.A.</u> 47:1A-9, The provision s of this act, P.L. 2001, c404 (C.47:1A-5 et al), shall not abrogate any exemption of a public record or government record from public access theretofore made pursuant to P.L. 1963, c 73 (C.47:2A-1 et seq.); any other statute; resolution of either or both Houses of the Legislature; regulation promulgated under the authority of any statute or Executive Order of the Governor; Executive Order of the Governor; Rules of Court; any <u>Federal Law</u>; or Federal Order. *(Emphasis Added)*. Additionally, please see attached letter from the U.S. Department of Justice, Federal Bureau of Investigation dated May 27, 2015.

### Exemptions
Please be advised that emails (3,696 pages) from the FBI that have one of the following statements written on them *"This document, or any segment thereof, may not be rewritten, posted on the internet, or given to any other public or private entity without prior written or verbal approval from the Federal Bureau of Investigation." Or, "Publication or reproduction prohibited/Unclassified." Or, "This document is Unclassified/For Official Use Only." Or "This document is for Official Use Only and is not to be posted on any external website and limited internal distribution to those who have a need to know." Or, "This email and document are not to be released to the media, general public or posted on any publicly accessible forum, to include*



*the internet or public websites."* *"The attached document is Unclassified/For Official Use Only". Or, "Although Unclassified, this report is not be released to the media, general public, or posted on any publicly accessible forum, to include the internet or public websites."* and emails (253 pages) about domestic security and/or security measures, are exempt under OPRA. The legal basis for the exemptions as required by <u>N.J.S.A.</u> 47:1A-6 are as follows:

<u>*See*</u>, Executive Order No. 21 (McGreevey 2002) Domestic Security [Pursuant to <u>N.J.S.A.</u> 47:1A-9a – Other laws regulations, privileges unaffected], any government record where inspection, examination or copying would substantially interfere with the State's ability to protect and defend the State and its citizens against acts of sabotage or terrorism, or which, if disclosed, would materially increase the risk or consequence of potential acts of sabotage or terrorism are exempt under OPRA.

<u>*See Also*</u>, <u>N.J.S.A.</u> 47:1A-1.1, security measures and surveillance techniques, which if disclosed, would create a risk to the safety of persons, property, electronic data or software.

<u>*See Also*</u>, <u>N.J.S.A.</u> 47:1A-9, The provision s of this act, P.L. 2001, c404 (C.47:1A-5 et al), shall not abrogate any exemption of a public record or government record from public access theretofore made pursuant to P.L. 1963, c 73 (C.47:2A-1 et seq.); any other statute; resolution of either or both Houses of the Legislature; regulation promulgated under the authority of any statute or Executive Order of the Governor; Executive Order of the Governor; Rules of Court; any <u>Federal Law</u>; or Federal Order. *(Emphasis Added)*

Additionally, please see attached letter from the U.S. Department of Justice, Federal Bureau of Investigation dated May 27, 2015.

<u>**No Records**</u>
Regarding emails between the CIA or its representatives and NJIT President, Provost, Assistant Provosts, Vice Presidents, Deans, General Counsel and Police Chief using email domains @ucia.gov and @cia.gov, please be advised that no records were found.

Regarding email communications for Chancellor, please be advised that NJIT does not have a Chancellor, therefore copies of records cannot be provided. Lastly, regarding email communications between outside counsel with the CIA and FBI, please be advised that NJIT does not have records of such communication, therefore copies of records cannot be provided.

The records provided to you are being transmitted to you via UPS mail. If your request for access to a government record has been denied or unfilled within the seven (7) business days required by law, you have a right to challenge the decision by NJIT to deny access. At your option, you may either institute a proceeding in the Superior Court of New Jersey or file a



complaint with the Government Records Council (GRC) by completing the Denial of Access Complaint Form. You may contact the GRC by toll-free telephone at 866-850-0511, by mail at P.O. Box 819, Trenton, NJ, 08625, by e-mail at grc@dca.state.nj.us, or at their web site at www.state.nj.us/grc. The GRC can also answer other questions about the law. All questions regarding complaints filed in Superior Court should be directed to the Court Clerk in your County.

Clara Williams,
NJIT OPRA Custodian of Records
Office of General Counsel
Fenster Hall, Room 480
NJ Institute of Technology
323 Dr Martin L King Blvd
Newark, NJ 07102
973/596-5461
973/642-4056 FAX

Enclosures/Attachment



**U.S. Department of Justice**

Federal Bureau of Investigation

*Office of the Chief Division Counsel*                                   11 Centre Place, Newark, New Jersey 07102

May 27, 2015

New Jersey Institute of Technology
University Heights
Newark, N.J. 07102-1982
Attn: Clara Williams,
        Custodian of Records

Re:    United States Government communications

Dear Ms. Williams,

We understand the New Jersey Institute of Technology (NJIT) received a request for e-mail communications between certain individuals at NJIT and certain United States Government (USG) entities. To the extent that the requestor seeks USG e-mail communications, and more particularly those of Federal Bureau of Investigation (FBI) personnel, those communications and attachments, if any, are not to be released. Those communications are the property of the USG and are not to be further distributed without the FBI's prior written approval, in conformance with federal laws and/or regulations including the Freedom of Information Act (FOIA), 5 U.S.C. § 552, the Privacy Act of 1974, 5 U.S.C. § 552a, and, 28 U.S.C. § 534. Among other things, FOIA and the Privacy Act exempt from disclosure information that is law enforcement sensitive and may implicate criminal and/or national security interests as well as information that is confidential, privileged and/or not authorized for public dissemination/distribution.

Please notify the requestor that he/she may submit a FOIA request for such information either in writing to the FBI or online using www.fbi.gov/foia/ .

Thank you for your assistance.

Sincerely yours,



By:

**UPS Next Day Air**
**UPS Worldwide Express**

Shipping Document

See instructions on back. Visit UPS.com® or call 1-800-PICK-UPS® (800-742-5877) for additional information and UPS Tariff/Terms and Conditions.

**TRACKING NUMBER** 1Z 4A2 E82 22 1001 1435

**① SHIPMENT FROM**

SHIPPER'S ACCOUNT **4 A 2 E 8 2**

REFERENCE NUMBER

NAME *Clara Williams*   TELEPHONE 973-596-5461

COMPANY **NJIT - OFFICE OF GEN COUNSEL**

STREET ADDRESS **136 BLEEKER ST MAILROOM**

CITY AND STATE **NEWARK**   ZIP CODE **NJ 07102**

**② EXTREMELY URGENT DELIVERY TO**

NAME *Dan Golden*   TELEPHONE (617) 210-4610

COMPANY *Bloomberg News*

STREET ADDRESS *100 Summer St Suite 2810*   DEPT/FLR

CITY AND STATE (INCLUDE COUNTRY IF INTERNATIONAL) *Boston, Mass*   ZIP CODE *02110*

**③ WEIGHT** — LTR / PAK / WEIGHT / DIMENSIONAL WEIGHT - If Applicable / LARGE PACKAGE / **④ SHIPPER RELEASE**

**⑤ TYPE OF SERVICE** — NEXT DAY AIR / EXPRESS (INT'L) / DOCUMENTS ONLY / FOR INTERNATIONAL SHIPMENTS CUSTOMS VALUE

**⑥ OPTIONAL SERVICES** — SATURDAY PICKUP / SATURDAY DELIVERY / DECLARED VALUE FOR CARRIAGE / C.O.D.

**⑦ ADDITIONAL HANDLING CHARGE**

**⑧ METHOD OF PAYMENT** — BILL SHIPPER'S ACCOUNT NUMBER / BILL RECEIVER / BILL THIRD PARTY / CREDIT CARD / CHECK

**⑨ RECEIVER'S/THIRD PARTY'S UPS ACCT. NO. OR MAJOR CREDIT CARD NO.**   EXPIRATION DATE

THIRD PARTY'S COMPANY NAME

STREET ADDRESS

CITY AND STATE   ZIP CODE

**⑩ SHIPPER'S SIGNATURE** X *[signature]*   DATE OF SHIPMENT 5-29-15

0101911202809  1/10 S   SHIPPER'S COPY

Exhibit C



U.S. Department of Justice

Federal Bureau of Investigation

*Office of the Chief Division Counsel*                    11 Centre Place, Newark, New Jersey 07102

May 27, 2015

New Jersey Institute of Technology.
University Heights
Newark, N.J. 07102-1982
Attn: Clara Williams,
          Custodian of Records

Re:     United States Government communications

Dear Ms. Williams,

We understand the New Jersey Institute of Technology (NJIT) received a request for e-mail communications between certain individuals at NJIT and certain United States Government (USG) entities. To the extent that the requestor seeks USG e-mail communications, and more particularly those of Federal Bureau of Investigation (FBI) personnel, those communications and attachments, if any, are not to be released. Those communications are the property of the USG and are not to be further distributed without the FBI's prior written approval, in conformance with federal laws and/or regulations including the Freedom of Information Act (FOIA), 5 U.S.C. § 552, the Privacy Act of 1974, 5 U.S.C. § 552a, and, 28 U.S.C. § 534. Among other things, FOIA and the Privacy Act exempt from disclosure information that is law enforcement sensitive and may implicate criminal and/or national security interests as well as information that is confidential, privileged and/or not authorized for public dissemination/distribution.

Please notify the requestor that he/she may submit a FOIA request for such information either in writing to the FBI or online using www.fbi.gov/foia/.

Thank you for your assistance.

Sincerely yours,



By