

**U.S. Department of Justice**

United States Attorney
District of New Jersey
*Civil Division*

---

PAUL J. FISHMAN
UNITED STATES ATTORNEY

*Karen D. Stringer*
*Assistant United States Attorney*

*970 Broad Street, Suite 700*
*Newark, NJ 07102*
*karen.stringer@usdoj.gov*

*main:  (973) 645-2700*
*direct: (973) 645-2783*
*fax:    (973) 297-2010*

December 16, 2015

**VIA ECF AND HAND DELIVERY**
The Honorable Leda Dunn Wettre
Martin Luther King Building & U.S. Courthouse
50 Walnut Street Room 4015
Newark, NJ 07101

      Re:    *Golden, et al. v. New Jersey Institute of Technology, et al. v. Federal Bureau of Investigation*, 15-cv-08559

Dear Judge Wettre:

      I am the Assistant United States Attorney representing the Federal Bureau of Investigation (the "FBI" or the "Government") in the above-referenced case, a state court action that was recently removed from state court after the FBI was named as a third-party defendant. The Government, by way of this letter application, respectfully requests: (1) an extension of time to respond to the Third-Party Complaint filed by New Jersey Institute of Technology and Clara Williams, in her official capacity as Custodian of Records for NJIT (collectively, "NJIT") to January 15, 2016; (2) a stay of all discovery pending adjudication of the Government's planned motion to dismiss; and (3) dissolution of a portion of the state court's December 3, 2015 order that scheduled a hearing regarding this matter for January 4, 2016.[1]  All parties consent to the Government's request to extend its responsive pleading deadline to January 15, 2016.  NJIT objects to any stay of discovery, and does not consent to the adjournment of the January 4, 2016 hearing.  Plaintiffs, Daniel Golden and Tracy Locke, take no position on the Government's request to stay discovery, but agree that the January 4, 2016 hearing need not be calendared in the district court given the Government's stated intention to file a motion to dismiss.

      By way of background, on or about September 11, 2015, Plaintiffs filed a Verified Complaint in the Superior Court of New Jersey, Essex County, Law Division against NJIT and Williams, alleging, *inter alia*, that they unlawfully refused to provide access to government

---

[1] The Government reserves its right to seek modification and/or to dissolution of all or some of the remaining portions of the December 3, 2015 state court order.

records requested by Plaintiffs under the New Jersey Open Public Records Act, N.J.S.A. § 47:1A-1 *et seq.* ("OPRA"). Plaintiffs allege that NJIT's failure to provide access to certain records violated both OPRA and New Jersey's common law right of access. Plaintiffs sought relief by way of summary action pursuant to § 4:67-1(a) based on the facts set forth in the Verified Complaint. The Superior Court signed an Order to Show Cause on September 17, 2015.

On November 13, 2015, NJIT filed an answer, counterclaim, and third-party complaint against the FBI. In the Third-Party Complaint, NJIT alleges that it withheld and/or redacted certain documents at the FBI's request in response to Plaintiffs' request for documents, and, therefore, that it is entitled to be indemnified and made whole by the FBI for: (1) costs and attorneys' fees incurred in defending the litigation; (2) any costs and attorneys' fees awarded to Plaintiffs if they prevail in the litigation and if they are awarded fees and/or costs under the OPRA statute.

On December 11, 2015, the FBI removed the case to federal court. [Dkt. 1]. On December 2, 2015, prior to removal of this case to federal court, NJIT served requests for admission ("RFAs") on the FBI.

Under Fed. R. Civ. P. 81(c)(2), the Government's deadline to answer, move or otherwise respond to NJIT's Third-Party Complaint expires on December 18, 2015 – only seven days after the case was removed. While under L. Civ. R. 6.1, a party may apply to the clerk for a two-week extension so long as the deadline to answer or reply has not yet expired, in this instance the automatic two-week extension would directly coincide with the upcoming year-end holidays and the Government's motion would be due on the first Monday after the New Year's holiday. The Government therefore requests a four-week extension of its responsive pleading deadline to January 15, 2016. This is the Government's first request for an extension of the responsive pleading deadline, and all parties consent to this request.

The Government also requests a stay of any and all discovery in this action, including, without limitation, the RFAs served by NJIT pending the Court's adjudication of the Government's motion to dismiss. It is well-settled that the decision to stay discovery pending resolution of a potentially dispositive motion is within the sound discretion of the district court. *See In re Orthopedic Bone Screw Product Liability Lit.*, 264 F.3d 344, 365 (3d Cir. 2001). "In certain circumstances it may be appropriate to stay discovery while a evaluating a motion to dismiss is pending where, if the motion is granted, discovery would be futile." *Mann v. Brenner*, 375 F. App'x 232, 239 (3d Cir. 2010); *Levey v. Brownstone Inv. Group, LLC*, 590 F. App'x 132, 137 (3d Cir. 2014) (district court did not abuse its discretion to stay discovery pending motion to dismiss).

The FBI intends to file a motion to dismiss on grounds that, among other things, there has been no waiver of sovereign immunity that would allow NJIT to assert its claim against the federal government, and, thus, that this Court lacks jurisdiction over the Third-Party Complaint. If the motion is granted, the FBI will be dismissed from the action, and there will be no need for any discovery from the FBI. Moreover, there is no reason that the requested discovery will be relevant to the pending motion to dismiss. Under these circumstances, judicial economy weighs strongly in favor of a stay.

Finally, the Government seeks to clarify that the state court's January 4, 2016 hearing shall not proceed in federal court. Under 28 U.S.C. § 1450, all "orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court." On December 3, 2015, the state court ordered that the parties appear for a hearing on January 4, 2016. The state court understood that by that time, the FBI would have determined whether it was proceeding in state court or removing the case to federal court. While the hearing cannot take place in state court, in light of 28 U.S.C. § 1450, the Government requests, to the extent necessary, an order dissolving that portion of the state court Order setting a hearing for January 4, 2016. The Government contends that such a hearing is premature until the issue is settled whether the Third-Party Complaint will be dismissed.[2] Accordingly, until the Court rules on the FBI's motion to dismiss, the Government does not see any basis for this Court to weigh in on the underlying order to show cause.

For all of these reasons, we respectfully ask the Court to enter an order: (1) extending the Government's time to file a response to NJIT's Third-Party Complaint until January 15, 2016; (2) stay all discovery in this action pending adjudication of the Government's motion to dismiss; and (3) dissolve that portion of the state court's order setting a hearing for January 4, 2016.

We thank the Court for considering this matter.

                                            Respectfully submitted,

                                            PAUL J. FISHMAN
                                            United States Attorney

                                    By:  /s/ Karen D. Stringer
                                           KAREN D. STRINGER
                                           Assistant United States Attorney

cc:    Katie Townsend, Esq. (via email and first class mail)
       Bruce Rosen, Esq. (via ECF and first class mail)
       Garry Potters, Esq. (via email and first class mail)
       Adam Marshall, Esq. (via email and first class mail)

---

[2] As explained above, Defendants' Third-Party Complaint seeks to have the FBI indemnify Defendants' litigation costs. While the FBI believes that the there is no jurisdictional basis for the Third-Party Complaint, and thus it should be dismissed, the FBI also is considering whether to intervene in this matter pursuant to 28 U.S.C. § 1345 in order to address the merits of any records or portions thereof that have been withheld by NJIT. In the event the FBI does intervene, the propriety of any discovery against the FBI can be addressed at that juncture.