# POTTERS & DELLA PIETRA LLP
### COUNSELORS AT LAW

GARY POTTERS *
CHRISTOPHER V. DELLA PIETRA ▲
LAUREN H. BLAIR ▲
JODI S. BRODSKY ▲
MICHELE L. DELUCA ♦
DREW D. KRAUSE ■

* MEMBER OF NJ BAR
▲ MEMBER OF NY AND NJ BARS
♦ MEMBER OF NJ AND TN BARS
■ MEMBER OF NJ AND PA BARS

100 PASSAIC AVENUE • FAIRFIELD, NJ 07004

TEL (973) 575-5240 • FAX (973) 575-4468

www.pdplawfirm.com

MAILING ADDRESS:
P.O. BOX 657
WEST CALDWELL, NJ 07007-0657

NEW YORK OFFICE:
546 FIFTH AVENUE
NEW YORK, NY 10036
(212) 355-8555

December 17, 2015

By eFile and Regular Mail

Honorable Leda Dunne Wettre, U.S.M.J.
United States District Court for the District of New Jersey
Martin Luther King Jr. Federal Building and
U.S. Courthouse
50 Walnut Street, Room 4015
Newark, New Jersey 07102

    Re:    Golden, et al. v. New Jersey Institute of Technology, et al. v. FBI
             Civil Action No. 2:15-cv-8559
             PDP File No. 80321.50606

Dear Judge Wettre:

       On behalf of Defendants/Third-Party Plaintiffs New Jersey Institute of Technology ("NJIT") and Clara B. Williams ("Williams"), I write in response to the submission of third-party defendant Federal Bureau of Investigation ("FBI").

       As noted in the FBI's submission, we consent to whatever extension of time the FBI seeks to file its responsive pleading or otherwise move in response to our Third-Party Complaint. However, we do object to any stay of discovery pending the adjudication of the FBI's anticipated motion to dismiss.

       Some brief background is in order, which informs why the discovery must be addressed by the FBI. In response to several OPRA requests from plaintiffs, NJIT assembled responsive documents. Because those documents contain confidential and/or other proprietary designations of the FBI, NJIT invited the FBI to review its contemplated production of documents in response to the OPRA requests. Over two separate days, approximately eight FBI personnel reviewed NJIT's contemplated production of documents. Based on this review, the FBI (1) made a number of redactions to several documents and (2) directed NJIT to withhold from production approximately 4,000 pages of documents. All of the redactions and all of the documents withheld from production were made solely by the FBI. We attach as Exhibit A a copy of

POTTERS & DELLA PIETRA LLP
COUNSELORS AT LAW

Honorable Leda Dunne Wettre, U.S.M.J.
December 17, 2015
Page 2

correspondence dated May 27, 2015, from the FBI to NJIT regarding the withholding and redactions of such documents.

This OPRA lawsuit commenced by plaintiffs in State Court followed. Initially, the FBI advised it was going to intervene in the State Court proceeding as a means to stand behind its redactions and direction to withhold from production in response to the OPRA request the approximately 4,000 pages of documents. Toward this end, the FBI requested me to obtain an extension of time, which I did and to which plaintiffs' counsel consented. However, as a result of the FBI not intervening, NJIT and Williams have now improperly been placed at loggerheads with the plaintiffs; to wit, NJIT and Williams had two choices, comply with the FBI direction or ignore the FBI direction and produce documents in violation of the FBI's correspondence attached as Exhibit A. This is a Hobson's choice.

This history is informative in evaluating the FBI's request for a stay of discovery. The discovery propounded by NJIT and Williams on the FBI consists of two Requests for Admissions and seeks simply to confirm that which ought to remain undisputed; namely, the FBI made all of the redactions and all documents withheld from production were done so at the express direction of the FBI. See NJIT's Requests for Admissions attached as Exhibit B.

Contrary to the submission of the FBI, it remains critically important for NJIT and Williams to obtain responses to these Admissions. Under OPRA, a public entity to whom the request is directed may be assessed a sanction in the form of attorneys' fees and costs. N.J.S.A. 47:1A-6. NJIT and Williams confront such exposure as a result of their compliance with a lawful directive issued by a Federal government agency.

If the FBI would simply acknowledge that which ought to remain undisputed, the Admissions would not be necessary. However, despite several informal written requests directed to the FBI, the FBI has, to date, failed to make such an acknowledgment.

It is for these reasons that discovery must not be stayed. NJIT needs these responses to Admissions to address any contemplated fee application by plaintiffs.

Regarding the January 4, Conference, which was set by the State Court Judge, we respectfully submit it would be prudent for counsel to appear and discuss these issues in an effort to move this matter forward and to remove the specter of counsel fees and costs being assessed against NJIT.

POTTERS & DELLA PIETRA LLP
COUNSELORS AT LAW

Honorable Leda Dunne Wettre, U.S.M.J.
December 17, 2015
Page 3

    Thank you.

Respectfully submitted,

POTTERS & DELL APIETRA LLP

*[signature]*

Gary Potters

GP:af
Enclosures
c:    Scott D. Levin, Esq. (by email w/encl.)
      Karen D. Stringer, Esq. (by eFile and email w/encl.)
      Bruce S. Rosen, Esq. (by eFile and email w/encl.)
      KatieLynn B. Townsend, Esq. (by email w/encl.)
      Adam A. Marshall, Esq. (by email w/encl.)

# Exhibit A



U.S. Department of Justice

Federal Bureau of Investigation

*Office of the Chief Division Counsel*                 11 Centre Place, Newark, New Jersey 07102

May 27, 2015

New Jersey Institute of Technology
University Heights
Newark, N.J. 07102-1982
Attn: Clara Williams,
     Custodian of Records

Re:   United States Government communications

Dear Ms. Williams,

We understand the New Jersey Institute of Technology (NJIT) received a request for e-mail communications between certain individuals at NJIT and certain United States Government (USG) entities. To the extent that the requestor seeks USG e-mail communications, and more particularly those of Federal Bureau of Investigation (FBI) personnel, those communications and attachments, if any, are not to be released. Those communications are the property of the USG and are not to be further distributed without the FBI's prior written approval, in conformance with federal laws and/or regulations including the Freedom of Information Act (FOIA), 5 U.S.C. § 552, the Privacy Act of 1974, 5 U.S.C. § 552a, and, 28 U.S.C. § 534. Among other things, FOIA and the Privacy Act exempt from disclosure information that is law enforcement sensitive and may implicate criminal and/or national security interests as well as information that is confidential, privileged and/or not authorized for public dissemination/distribution.

Please notify the requestor that he/she may submit a FOIA request for such information either in writing to the FBI or online using www.fbi.gov/foia/ .

Thank you for your assistance.

Sincerely yours,



By: _____

# Exhibit B

# POTTERS & DELLA PIETRA LLP
## COUNSELORS AT LAW

GARY POTTERS *
CHRISTOPHER V. DELLA PIETRA ▲
LAUREN H. BLAIR ▲
JODI S. BRODSKY ▲
MICHELE L. DELUCA ♦
DREW D. KRAUSE ■

\* MEMBER OF NJ BAR
▲ MEMBER OF NY AND NJ BARS
♦ MEMBER OF NJ AND TN BARS
■ MEMBER OF NJ AND PA BARS

100 PASSAIC AVENUE • FAIRFIELD, NJ 07004

TEL (973) 575-5240 • FAX (973) 575-4468

www.pdplawfirm.com

MAILING ADDRESS:
P.O. BOX 657
WEST CALDWELL, NJ 07007-0657

NEW YORK OFFICE:
546 FIFTH AVENUE
NEW YORK, NY 10036
(212) 355-8555

December 2, 2015

By Email and Regular Mail

Karen D. Stringer, Esq.
Assistant U.S. Attorney
U.S. Attorney's Office
District of New Jersey
970 Broad Street, Suite 700
Newark, New Jersey 07102

Scott D. Levin, Esq.
Trial Attorney
Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W., Suite 5100
Washington D.C., 20530

Re: Golden, et al. v. New Jersey Institute of Technology, et al. v. FBI
Docket No. ESX-L-6392-15
PDP File No. 80321.50606

Dear Ms. Stringer and Mr. Levin:

Enclosed please find an original and one (1) copy of Requests for Admissions directed to third-party defendant FBI.

Thank you.

Very truly yours,

POTTERS & DELLA PIETRA LLP

Gary Potters

GP:af
Enclosures
c: Bruce S. Rosen, Esq. (by email and regular mail w/encl.)
   KatieLynn B. Townsend, Esq. (by email and regular mail w/encl.)

GARY POTTERS, ESQ. (Attorney ID No. 027271988)
POTTERS & DELLA PIETRA LLP
100 PASSAIC AVENUE
FAIRFIELD, NEW JERSEY 07004
(973) 575-5240
Attorneys for Defendants/Third-Party Plaintiffs,
New Jersey Institute of Technology and
Clara Williams

| | |
|---|---|
| DANIEL GOLDEN<br><br>and<br><br>TRACY LOCKE,<br><br>       Plaintiffs,<br><br>v.<br><br>NEW JERSEY INSTITUTE OF TECHNOLOGY<br><br>and<br><br>CLARA WILLIAMS, in her capacity as Custodian of Records for the New Jersey Institute of Technology,<br><br>       Defendants/Third-Party Plaintiffs,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION,<br><br>       Third-Party Defendant. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: ESSEX COUNTY<br>DOCKET NO. ESX-L-6392-15<br><br>Civil Action<br><br>DEFENDANTS/THIRD-PARTY PLAINTIFFS NEW JERSEY INSTITUTE OF TECHNOLOGY AND CLARA WILLIAMS REQUESTS FOR ADMISSIONS TO THIRD-PARTY DEFENDANT FEDERAL BUREAU OF INVESTIGATION |

TO: Karen D. Stringer, Esq.
Assistant U.S. Attorney
U.S. Attorney's Office
District of New Jersey
970 Broad Street, Suite 700
Newark, New Jersey 07102

Scott D. Levin, Esq.
Trial Attorney
Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W., Suite 5100
Washington D.C., 20530

Attorneys for Third-Party Defendant,
Federal Bureau of Investigation

MADAM/SIR:

PLEASE TAKE NOTICE that Defendants/Third-Party Plaintiffs New Jersey Institute of Technology and Clara Williams hereby request Third-Party Defendant Federal Bureau of Investigation respond to the following requests for admissions in the attached Rider in accordance with R. 4:22-1.

            POTTERS & DELLA PIETRA LLP
            Attorneys for Defendant/Third-Party Plaintiffs,
            New Jersey Institute of Technology and
            Clara Williams

            By: _____
                 GARY POTTERS, ESQ.

DATED: December 2, 2015

## DEFINITIONS

A.  The terms "document" and "writing" mean all tangible or visual communications of any kind, including the originals and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise, including without limitation, correspondence, memoranda, notes, diaries, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, interoffice and intra-office communications, notations of any sort of conversations, telephone calls, meetings or other communications, bulletins, printed matter, computer print-outs, e-mails, teletypes, telefax, invoices, worksheets, all drafts, alterations, modifications, changes, and amendments of any of the foregoing, graphic or oral records or representations of any kind (including, without limitation, photographs, charts, graphs, microfiche, microfilm, videotapes, recordings, and computer memories).

B.  As hereinafter used, "documents" shall include all materials in the possession of the parties named in this demand which relate in any way to the subject matter of the within litigation.

C.  As hereinafter used, "You" or "Your" shall refer to the party to whom this request for admissions is addressed.

D.  As hereinafter used, "FBI" shall refer to Third-Party Defendant Federal Bureau of Investigation.

E.  As hereinafter used, "NJIT" shall refer to Defendant/Third-Party Plaintiff New Jersey Institute of Technology.

## INSTRUCTIONS

A.    Please respond to each separate Request to Admit. Pursuant to R. 4:22-1, each request shall be deemed admitted unless, within 30 days after service of the request, you serve upon defendants/third-party plaintiffs' counsel a written answer or proper objection addressed to the matter.

B.    If any objection is interposed as a response to a separate Request to Admit, then the specific basis of the objection shall be stated. Otherwise, each Request to Admit shall be responded to by an answer to the request specifically admitting or denying the matter, or, where applicable, setting forth in detail the reason why the answering party cannot truthfully admit or deny the answer.

C.    A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify his/her/its answer or deny only a part of the matter of which an admission is requested, he/she/it shall specify so much of it as is true and qualify or deny the remainder.

D.    You may not give lack of information or knowledge as a reason for failure to admit or deny unless you so qualify such a response by stating under oath that you have made reasonable inquiry and the information known or readily available is insufficient to enable an admission or denial.

## RIDER

1. Do you admit that the FBI representatives over the two-day period at NJIT's offices in Newark, New Jersey on May 22 and May 26, 2015:

    (a) made redactions to a number of documents retrieved, assembled and made available by NJIT for review and inspection to the FBI;

    (b) directed NJIT to withhold from its response to plaintiffs' initial OPRA request approximately 4,089 pages of documents?