BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General
JACQUELINE COLEMAN SNEAD
Assistant Branch Director, Federal Programs Branch
ANDREW E. CARMICHAEL (VA 76578)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW, Rm. 7218
Washington, D.C. 20530
Phone: (202) 514-3346
E-mail: Andrew.e.carmichael@usdoj.gov

PAUL J. FISHMAN
United States Attorney
CHRISTOPHER D. AMORE
Assistant U.S. Attorney
U.S. Attorney's Office
District of New Jersey
970 Broad Street, Suite 700
Newark, New Jersey 07102
Phone: (973) 645-2757
Email: Christopher.amore@usdoj.gov

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DANIEL GOLDEN and TRACY LOCKE, <br><br> *Plaintiffs*, <br><br> v. <br><br> NEW JERSEY INSTITUTE OF TECHNOLOGY and CLARA WILLIAMS, in her capacity as Custodian of Records for the New Jersey Institute of Technology, <br><br> *Defendants/Third-Party Plaintiffs*, <br><br> v. <br><br> FEDERAL BUREAU OF INVESTIGATION, <br><br> *Third-Party Defendant*. | HON. MADELINE C. ARLEO <br><br> Civ Action No. <br> 2:15-cv-08559-MCA-LDW <br><br> **COUNTERCLAIM FOR DECLARATORY AND INJUNCTIVE RELIEF** |

1

## INTRODUCTION

1.  The third-party defendant Federal Bureau of Investigation ("FBI") brings these counterclaims for declaratory and injunctive relief against the defendant/third-party plaintiff New Jersey Institute of Technology ("NJIT") and Clara Williams, in her capacity as Custodian of Records for NJIT.  The FBI seeks (1) an order declaring that documents created by the FBI and sent to NJIT under the condition that they would not be publically disclosed, and communications exchanged between the FBI and NJIT during the course of a federal law enforcement investigation, led by the FBI, are federal records, controlled by the FBI, and not subject to public disclosure under the New Jersey Open Public Records Act, N.J.S.A. 47:A-1 *et seq*., ("OPRA"); and (2) an order enjoining NJIT from publically releasing these records.  As to the remaining communications between the FBI and NJIT which are responsive to Plaintiffs' OPRA request, the FBI seeks (1) a declaration that portions of the records in question are exempt from disclosure under OPRA, the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and the Privacy Act of 1974, 5 U.S.C. § 552a ("Privacy Act"); and (2) an order enjoining NJIT from publically releasing the exempt portions of these records.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1345.

3.  Venue is proper in the District of New Jersey under 28 U.S.C. § 1391(b)(1) and (b)(2) because NJIT resides and transacts business within the District of New Jersey, and the events complained of occurred in the District of New Jersey.  Finally, the records that the FBI seeks to protect are located in the District of New Jersey in NJIT's possession.

## PARTIES

4.     The FBI is the domestic intelligence and security service of the United States and it simultaneously serves as the nation's primary federal law enforcement organization. Operating under the jurisdiction of the U.S. Department of Justice, the FBI is concurrently a member of the U.S. Intelligence Community and reports to both the Attorney General and the Director of National Intelligence.

5.     Plaintiff Daniel Golden is an individual who resides in Belmont, Massachusetts.

6.     Plaintiff Tracy Locke is an individual who resides in Union City, New Jersey.

7.     Defendant and Third-Party Plaintiff New Jersey Institute of Technology is a public research institution located at University Heights in Newark, New Jersey 07102-1982.

8.     Defendant and Third-Party Plaintiff Clara Williams is the NJIT Custodian of Records.  Her principal place of business is Fenster Hall, Room 480, NJ Institute of Technology, 323 Dr. Martin L. King Blvd, Newark, NJ 07102.  She is named as defendant in Plaintiffs' lawsuit in her official capacity.

## FACTUAL BACKGROUND

9.     Daniel Golden's and Tracy Locke's ("Plaintiffs'") complaint arises from three separate, yet essentially identical OPRA requests submitted to NJIT on April 8, 2015, July 28, 2015, and August 13, 2015.

10.     The April 8, 2015 request submitted by Plaintiff Daniel Golden seeks "all e-mail communications since January 1, 2010, between the Federal Bureau of Investigation or its representatives using the email domains @ic.fbi.gov, @fbi.gov, or any other email address, and" certain individuals at NJIT.

11. The July 28 and August 13, 2015 requests submitted by Plaintiffs to NJIT seek the same information.

12. Upon receipt of each of the OPRA requests, NJIT identified several thousand pages of communications and documents responsive to Plaintiffs' requests.

13. As Plaintiffs' OPRA requests sought federal records and implicated federal equities, NJIT requested the FBI's input regarding any redactions and withholdings that would be applied to these responsive records.

14. The FBI informed NJIT, through letter dated May 27, 2015, that to the extent that Plaintiffs sought FBI communications, the FBI considered those communications property of the United States Government and they were not to be distributed without the FBI's written approval.

15. In the same letter, the FBI asked NJIT to notify the Plaintiffs that they may submit a FOIA request for this information either in writing or online at www.fbi.gov/foia/.

16. NJIT responded to Plaintiff Golden's initial OPRA request on May 29, 2015, releasing approximately 533 pages in redacted format, withholding approximately 3,949 pages in their entirety, and attaching the FBI's May 27, 2015 letter to NJIT.

17. Certain records withheld in their entirety are marked with the following or similar warning: "This document, or any segment thereof, may not be re-written, posted on the internet, or given to any other public or private entity without prior written or verbal approval from the Federal Bureau of Investigation."

18. Certain records at issue are emails that either originated from the FBI or were sent to the FBI as part of a federal law enforcement investigation.

19. Certain records withheld by NJIT contain highly sensitive law enforcement information, disclosure of which would not only reveal the identities of confidential informants, FBI personnel, subjects and witnesses in federal law enforcement investigations, and investigative techniques, but also is reasonably expected to interfere with ongoing investigations and potential prosecutions.

20. NJIT responded to Plaintiff Locke's OPRA request of July 28, 2015 and Plaintiff Golden's second OPRA request of August 13, 2015 on July 29, 2015 and August 17, 2015, respectively, with essentially the same response as the May 29, 2015, letter, and again inviting Plaintiffs to submit a FOIA request.

21. To date, Plaintiffs have not submitted a FOIA request to the FBI for the information requested in their OPRA requests to NJIT.

22. On or about September 11, 2015, Plaintiffs filed a complaint in the Superior Court of New Jersey, Essex County, Law Division against NJIT.

23. The complaint was brought under OPRA and New Jersey common law only and sought to compel NJIT to "immediately provide access" to the "nonexempt portions of government records requested by Plaintiffs" (hereinafter "withheld records"). Pl. Compl. Prayer For Relief (ECF No. 1, Exh. A. at 16).

24. In their complaint, Plaintiffs allege, *inter alia*, that NJIT unlawfully refused to provide access to government records requested by Plaintiffs under OPRA. Plaintiffs allege that NJIT's failure to provide access to certain records violated both OPRA and the New Jersey common law right of access. Plaintiffs sought relief by way of summary action pursuant to New Jersey Rule 4:67-1(a) based on the facts set forth in their complaint.

25. On November 13, 2015, NJIT filed a timely answer and counterclaim to Plaintiffs' complaint, opposed Plaintiffs' order to show cause, and filed a third-party complaint against the FBI.

26. In the third-party complaint, NJIT claims that all redactions made to and withholdings of documents responsive to Plaintiffs' OPRA requests were made pursuant to the FBI's direction and absent that direction NJIT would have released all records at issue. (ECF No. 2 at 15).

27. NJIT's third-party complaint seeks indemnification from the FBI for any costs and fees associated with its defense of Plaintiffs' OPRA action.

28. On December 11, 2015, in accordance with 28 U.S.C. § 1442(a)(1), the FBI removed Plaintiffs' action here to the United States District Court for the District of New Jersey.

## FIRST CAUSE OF ACTION

*Federal Records Under the Control of the FBI Are Not Subject to OPRA*

29. Paragraphs 1 through 28 are hereby incorporated by reference.

30. The records at issue were made or received by the FBI, a federal agency, in connection with its transaction of its official business, and thus are federal records under 44 U.S.C. § 3301.

31. Certain withheld records were sent to NJIT by the FBI with the explicit direction that the records not be further disclosed "without prior written or verbal approval from the Federal Bureau of Investigation" or similar direction.

32. Certain withheld records are emails either created by the FBI or sent to the FBI as part of a federal law enforcement investigation.

6

33. Thus, a significant number of the withheld records have always been and remain under the control of the FBI.

34. The FBI as a federal agency is not subject to OPRA.

35. Federal records created and controlled by the FBI or sent to the FBI as part of a federal law enforcement investigation are not subject to OPRA.

36. The FBI is entitled to a judicial declaration that certain withheld records are federal records under the continued control of the FBI and thus are not subject to release under OPRA.

37. OPRA exempts information from public access when it is protected from disclosure by federal order.  N.J.S.A. § 47: JA-l ("[A]ll government records shall be subject to public access unless exempt from such access by . . . any federal law, federal regulation, or federal order.").

38. NJIT should be enjoined from publically releasing federal records under the continued control of the FBI in response to Plaintiffs' OPRA request.

## SECOND CAUSE OF ACTION

*Portions of the FBI Records at Issue Are Exempt from Disclosure Under OPRA*

39. Paragraphs 1 through 38 are hereby incorporated by reference.

40. OPRA exempts "criminal investigatory records . . . which pertain to any criminal investigation or related civil enforcement proceeding" that "are not required by law to be made[.]" N.J.S.A. § 47: 1A-l.1.

41. Certain withheld records pertain to federal criminal law enforcement investigations and thus are exempt from disclosure under OPRA.

42. The FBI is entitled to a declaration that portions of the withheld records are exempt from disclosure under OPRA.

7

43. NJIT should be enjoined from publically releasing the exempt portions of these records.

### THIRD CAUSE OF ACTION

*Portions of the FBI Records at Issue Are Exempt from Disclosure Under the Privacy Act*

44. Paragraphs 1 through 43 are hereby incorporated by reference.

45. OPRA exempts information from public access when it is protected from disclosure by federal law. N.J.S.A. § 47: 1A-l ("[A]ll government records shall be subject to public access unless exempt from such access by . . . any federal law, federal regulation, or federal order.").

46. Certain withheld records are from a system of records and contain personal information about the subjects of and witnesses to FBI investigations, as well as the identities of confidential informants and FBI personnel. As such, these portions of the records are exempt from public disclosure under the Privacy Act.

47. The FBI is entitled to a declaration that portions of the withheld records are exempt from disclosure under the Privacy Act.

48. NJIT should be enjoined from publically releasing the exempt portions of these records.

### FOURTH CAUSE OF ACTION

*Portions of the FBI Records at Issue Are Exempt from Disclosure Under the FOIA*

49. Paragraphs 1 through 48 are hereby incorporated by reference.

50. New Jersey courts have interpreted the federal law exemption under OPRA to incorporate the federal exemptions under the FOIA. *See, e.g.*, *Gannett New Jersey Partners, LP v. Cty. Of Middlesex,* 379 N.J. Super. 205 (N.J. Super. Ct. App. Div. 2005).

51. Certain withheld records relate to ongoing criminal investigations and the release of these records could be expected to interfere with ongoing and future enforcement proceedings.

52. Such records are exempt from public disclosure under FOIA exemption (b)(7)(A) which authorizes the withholding of records or information compiled for law enforcement purposes to the extent that production of such law enforcement records or information "could reasonably be expected to interfere with enforcement proceedings." 5 U.S.C. § 552(b)(7)(A).

53. The mention of an individual's name in a law enforcement file can engender comment and speculation and carries a stigmatizing connotation. As such, third parties have a strong privacy interest in not having their information and identities associated with law enforcement investigations.

54. FBI agents conduct official inquiries and carry out official duties in various criminal and national security cases and engage in sensitive activities.

55. Release of the identity and personal information of an FBI agent in connection with a law enforcement investigation could negatively impact that agent's ability to conduct future investigations and endanger the agent's safety.

56. Certain withheld records contain the personal information of suspects, witnesses, agents and investigators involved in federal law enforcement activities and investigations.

57. Such records are exempt from public disclosure under FOIA exemption (b)(6) which authorizes the withholding of "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy," and FOIA exemption (b)(7)(C), the law enforcement counterpart, which authorizes the withholding of "records or information compiled for law enforcement purposes . . [that] could reasonably be

expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. §§ 552 (b)(6) and (b)(7)(C).

58. Certain withheld records contain the identities of people and entities who furnished information about actual or potential criminal activity to the FBI under an expressed or implied condition of confidentiality.

59. Such records are exempt from public disclosure under FOIA exemption (b)(7)(D) which authorizes the withholding of information compiled for law enforcement purposes if the release could reasonably be expected to disclose the identity of, or information furnished by, a confidential source. 5 U.S.C. § 552(b)(7)(D).

60. Certain withheld records contain critical intelligence to detect and prevent violent crime and terrorism in the United States before such acts occur.

61. Release of that information would potentially provide violent criminals, terrorists, and other targets of enforcement efforts with detailed information regarding internal system operational procedures, the conduct of threat evaluation, and internal law enforcement guidance and analysis in actual cases.

62. Such records are exempt from public disclosure under FOIA exemption (b)(7)(E) which authorizes the withholding of "records or information compiled for law enforcement purposes ... [that] would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E).

63. The FBI is entitled to a declaration that portions of the withheld records are exempt from disclosure under the FOIA.

64. NJIT should be enjoined from publically releasing the exempt portions of these records.

## PRAYER FOR RELIEF

WHEREFORE, the FBI prays that judgment be entered in its favor against NJIT as follows:

A. Declare that the documents created by the FBI and sent to NJIT under condition that they would not be publically disclosed and communications exchanged between the FBI and NJIT during the course of a federal law enforcement investigation, led by the FBI, are federal records, controlled by the FBI and are not subject to public disclosure under OPRA.

B. Enjoin NJIT and any person or entity acting on its behalf from disclosing such records to the public or any other entity without the consent of the FBI.

C. Declare that portions of the withheld records are exempt from disclosure under OPRA, the FOIA and the Privacy Act.

D. Enjoin NJIT and any person or entity acting on its behalf from disclosing the exempt portions of such records to the public or any other entity without the consent of the FBI.

E. Grant any other relief the Court deems appropriate.

Dated: Newark, New Jersey  
February 18, 2016

Respectfully submitted,

BENJAMIN C. MIZER  
Principal Deputy Assistant Attorney General

PAUL J. FISHMAN  
United States Attorney

JACQUELINE COLEMAN SNEAD  
Assistant Branch Director

/s/ *Andrew E. Carmichael*  
ANDREW E. CARMICHAEL  
Trial Attorney  
VA Bar No. 76578  
United States Department of Justice  
Civil Division, Federal Programs Branch  
20 Massachusetts Avenue, N.W., Rm.7218  
Washington, D.C. 20530  
Tel: (202) 514-3346  
Email: andrew.e.carmichael@usdoj.gov

11

/s/ *Christopher D. Amore*
CHRISTOPHER D. AMORE
Assistant U.S. Attorney
U.S. Attorney's Office
District of New Jersey
970 Broad Street, Suite 700
Newark, New Jersey 07102
Tel: (973) 645-2757
Email: christopher.amore@usdoj.gov

*Attorneys for Defendant*