# POTTERS & DELLA PIETRA LLP
## COUNSELORS AT LAW

GARY POTTERS *
CHRISTOPHER V. DELLA PIETRA ▲

JODI S. BRODSKY ▲
MICHELE L. DELUCA ♦
DREW D. KRAUSE ■
RICHARD J. SIMEONE, JR. ●

\* MEMBER OF NJ BAR
▲ MEMBER OF NJ AND NY BARS
♦ MEMBER OF NJ AND TN BARS
■ MEMBER OF NJ AND PA BARS
● MEMBER OF NJ, NY, DC, AND MD BARS

100 PASSAIC AVENUE • FAIRFIELD, NJ 07004

TEL (973) 575-5240 • FAX (973) 575-4468

www.pdplawfirm.com

MAILING ADDRESS:
P.O. BOX 657
WEST CALDWELL, NJ 07007-0657

NEW YORK OFFICE:
546 FIFTH AVENUE
NEW YORK, NY 10036
(212) 355-8555

May 16, 2017

By eFile

Honorable Leda Dunne Wettre, U.S.M.J.
United States District Court for the District of New Jersey
Martin Luther King Jr. Federal Building and
U.S. Courthouse
50 Walnut Street, Room 4015
Newark, New Jersey 07102

> Re: Golden, et al. v. New Jersey Institute of Technology, et al. v. FBI
> Civil Action No. 2:15-cv-8559
> PDP File No. 80321.50606

Dear Judge Wettre:

Pursuant to the Court's April 18, 2017, Order (ECF No. 36) Defendants/Third-Party Plaintiffs New Jersey Institute of Technology and Clara Williams (collectively "NJIT") respectfully submit this letter in response to plaintiffs' counsel's May 9, 2017, letter submission.

Our understanding of the submissions to be made by all parties was a simple statement of what application is going to be filed, against whom and whether, in the event of a dismissal of NJIT's third-party complaint, this Court may retain jurisdiction over this matter. Instead, we received a lengthy submission without identifying against whom the fee application will be filed and, respectfully, with too many footnotes. See, Justice Clifford's concurrence in In Re Opinion 662 of the Advisory Committee on Professional Ethics, 133 N.J. 22, 32 (1993).

The ambiguity in plaintiffs' submission against whom the application will be made stands in stark contrast to the discussion with your Honor preceding entry of the April 18, 2017, Order and the prior submission of plaintiffs' counsel informing their fee application would be made against all parties. NJIT has no alternative but to await the formal notice of motion identifying the parties against whom the application is made. At that time, NJIT will state very clearly both its position on acceding to the FBI's request for a voluntary dismissal without prejudice of its third-party complaint and, to the extent the matter remains in Federal Court, substantive opposition to any fee application. If plaintiffs' amend their Complaint to name the FBI as a direct defendant, then NJIT will not accede to the request for a voluntary dismissal of the FBI.

POTTERS & DELLA PIETRA LLP
COUNSELORS AT LAW

Honorable Leda Dunne Wettre, U.S.M.J.
May 16, 2017
Page 2

Plaintiffs' counsel's numerous statements and characterizations that NJIT "withheld in full or in part" any documents continues to be incorrect. The undisputed facts remain:

- NJIT did not redact a single document;
- NJIT did not withhold a single document from the initial production;
- NJIT did not have any role, did not participate in, nor was it consulted for any of the subsequent document reviews which were conducted solely and exclusively by the FBI;
- All of the supplemental productions of documents which occurred after the filing of this lawsuit were made solely and exclusively by the FBI;
- All withdrawing of previously interposed redactions and declared exemptions were made solely and exclusively by the FBI.

Plaintiffs' counsel asserts they are a prevailing party based solely on additional documents having been produced following the commencement of litigation. All due respect to plaintiffs' learned counsel, simply stating they are a prevailing party does not make them a prevailing party; to the contrary, a formal adjudication needs to be made on this penultimate issue. Then, the ultimate issue, assuming, if and only then plaintiffs are determined to be a prevailing party, is against whom such fee award will be rendered. While we will defer our comprehensive substantive analysis on these legal issues to our opposition to any application filed, we note all cases cited by plaintiffs are readily distinguishable or not applicable.

Plaintiffs' argument that NJIT "produced" any records remains flawed precisely because they ignore the undisputed factual record. Plaintiffs' counsel knows full well after NJIT assembled the documents, its substantive role ended. The FBI assumed and retained throughout the entirety of these proceedings not only custody of the entire assembled documents but also <u>all</u> decisions regarding review, redactions, exemptions, re-review, withdrawal of redactions and withdrawal of exemptions culminating in eight subsequent productions of documents made solely by the FBI under the auspices of the Department of Justice.

Try as they may to characterize NJIT as the "custodian" of the subject records sought pursuant to the OPRA requests, the undisputed fact remains many of these documents contained a stamped instruction threatening criminal prosecution to NJIT in the event of their disclosure or production. Indeed, it is for this very reason after the documents were assembled, NJIT turned over the <u>entire</u> review process and production solely and exclusively to the FBI. Included with NJIT's initial response to the OPRA requests is a May 27, 2015, letter from the FBI directed to NJIT advising "those communications and attachments, if any, are not to be released." This letter continues the "communications are the property of the USG and are not to be further distributed without the FBI's prior written approval ..." The record establishes no approval was ever provided by the FBI. In fact, to the contrary, the FBI filed a counterclaim against NJIT seeking an injunction expressly prohibiting NJIT from releasing <u>any</u> documents. Perhaps most importantly, the letter continues "FOIA and the Privacy Act exempt from disclosure information

POTTERS & DELLA PIETRA LLP
COUNSELORS AT LAW

Honorable Leda Dunne Wettre, U.S.M.J.
May 16, 2017
Page 3

that is law enforcement sensitive and may implicate criminal and/or national security interests as well as information that is confidential, privileged and/or not authorized for public dissemination/distribution."

As plaintiffs' counsel's submission makes clear, this matter was filed in the State Court of New Jersey by way of Order to Show Cause. In the argument on the Order to Show Cause before State Court Judge Stephanie Ann Mitterhoff, J.S.C., her Honor asked plaintiffs' counsel a prescient question: Why didn't you file a FOIA request? Based on the manner in which this action has been conducted, it appears plaintiffs have used OPRA as an end-run around FOIA, which continues to not make any sense, as FOIA has a fee shifting provision. It defies credulity for plaintiffs' counsel to assert NJIT, as the so-called custodian of records, was under an obligation to ignore the lawful direction of the premier investigative and law enforcement body in the world, namely the FBI, and produce the documents expressly under the exclusive control of the FBI.

Only on receipt of plaintiffs' formal notice of motion, which will presumably identify the party or parties against whom such application is made, will NJIT be in a position to evaluate and make its determination on whether it will accede to the FBI's request for a voluntary dismissal and address whether this Court may retain supplemental jurisdiction to adjudicate the fee application issue.

Thank you.

Respectfully submitted,

POTTERS & DELL APIETRA LLP

Gary Potters

GP:af
c:   Bruce S. Rosen, Esq. (by eFile and email)
     KatieLynn B. Townsend, Esq. (by email)
     Adam A. Marshall, Esq. (by email)
     Andrew Carmichael, Esq. (by email)
     Christopher D. Amore, Esq. (by email)