

**U.S. Department of Justice**

Civil Division, Federal Programs Branch

| | |
|---|---|
| *Via U.S. Mail:* | *Via Courier:* |
| P.O. Box 883 | 20 Massachusetts Ave. NW |
| Washington, DC 20044 | Washington, DC 20530 |

| | | |
|---|---|---|
| Andrew E. Carmichael | Tel: (202) 514-3346 | andrew.e.carmichael@usdoj.gov |
| Trial Attorney | Fax: (202) 616-8470 | |

May 16, 2017

**VIA ECF**

The Honorable Leda Dunn Wettre
United States Magistrate Judge
Martin Luther King Building & U.S. Courthouse
50 Walnut Street Room 4015
Newark, New Jersey 07101

   Re: *Golden, et al. v. New Jersey Institute of Technology, et al. v. Federal Bureau of Investigation* (Docket No. 2:15-cv-08559-MCA-LDW) (D.N.J.)

Dear Judge Wettre,

  Pursuant to the Court's April 18, 2017 Order, ECF No. 36, third-party defendant/third-party plaintiff the Federal Bureau of Investigation ("FBI") submits the following response to Plaintiffs Daniel Golden and Tracy Locke's (collectively, "Plaintiffs") pre-motion letter of May 9, 2017, ECF No. 37 ("Plaintiffs' Letter" or "Pls.' Ltr."). The majority of Plaintiffs' Letter is devoted to their argument that they are entitled to an award of attorney's fees from the New Jersey Institute of Technology ("NJIT") under the New Jersey Open Public Records Act, N.J.S.A. 47:1A-1, *et seq.* ("OPRA"). *See, e.g.,* Pls.' Ltr. at 5-10. The FBI takes no position as to Plaintiffs' claim for attorney's fees against NJIT.

  However, Plaintiffs also argue that if they prevail on their claim for attorney's fees against NJIT, the Court may hold the FBI liable for some or all of these fees under OPRA. Pls.' Ltr. at 10-12. That argument is meritless because both the plain text of OPRA and long-standing principles of sovereign immunity prohibit the application of OPRA to the federal government. Further, Plaintiffs argue that neither the FBI nor NJIT should be permitted to voluntarily dismiss their claims until Plaintiffs' fee petition is adjudicated. This argument has no basis in law, because the Federal Rules do not require the consent of Plaintiffs or leave of Court for a voluntary dismissal at this stage in the litigation, and Plaintiffs will not be prejudiced by a dismissal of those claims.

  **I.** **The Attorney's Fees Provision of OPRA Does Not Apply to the Federal Government.**

  Plaintiffs claim that OPRA's fee-shifting provision allows for the award of attorney's fees against the FBI paid directly to Plaintiffs. In support of their argument, Plaintiffs rely on OPRA itself which provides for fees against a "public agency" as well as New Jersey state court cases involving fee claims against a state government component. *See* Pls.' Ltr. at 10-11 (citing *In re N.J. Firemen's Ass'n Obligation to Provide Relief Applications under Open Pub. Records Act*, 443 N.J. Super. 238, 128 A.3d 716 (Super. Ct. App. Div. 2015) and *Collingswood Bd. of Educ. v. McLoughlin*, No. A-2475-14T1, 2016 N.J. Super. Unpub. LEXIS 2307 (Super. Ct. App. Div. Oct. 21, 2016)). Such reliance is misplaced.

As an initial matter, Plaintiffs' argument that fees can be awarded against the FBI under OPRA as a "public agency" is belied by the text of OPRA itself. OPRA defines a public agency as "any of the principal departments in the Executive Branch of State Government, . . . the Legislature of the State . . . , any independent State authority . . . [and] any political subdivision of the State[.]" *See* N.J.S.A. 47:A-1 *et seq*. Thus, a "public agency," as defined by OPRA, includes only components of the New Jersey state government and does not extend to components of the federal government.

Moreover, under long-standing Supreme Court precedent, a state law cannot assess fees against the federal government. The United States, as sovereign, is immune from suit save as it consents to be sued. *United States* v. *Sherwood*, 312 U.S. 584, 586 (1941). A waiver of sovereign immunity "cannot be implied but must be unequivocally expressed." *United States* v. *King*, 395 U.S. 1, 4 (1969). It is well settled that a state government cannot waive the sovereign immunity of the United States. *See McCulloch* v. *Maryland*, 17 U.S. 316 (1819); *Gillespie* v. *Oklahoma*, 257 U.S. 501 (1922); *New York ex rel. Rogers* v. *Graves*, 299 U.S. 401 (1937). Thus, the Court cannot award attorney's fees against the United States pursuant to OPRA.[1]

## II. NJIT and the FBI Should Be Permitted to Voluntarily Dismiss Their Claims Because Doing So Will Not Prejudice the Plaintiffs.

Next, Plaintiffs argue that neither the FBI nor NJIT should be permitted to voluntarily dismiss their claims until their fee petition is adjudicated. This argument is inconsistent with the plain text of Rules 41(a)(1) and 41(c) of the Federal Rules of Civil Procedure. Rule 41(a)(1) states that a "plaintiff may dismiss an action without a court order…before the opposing party serves either an answer or motion for summary judgment[.]" Fed. R. Civ. P. 41(a)(1). Similarly, Rule 41(c) states that a counterclaim can be voluntarily dismissed "before any responsive pleading has been served" or "before evidence is introduced at a hearing or trial." Fed. R. Civ. P. 41(c). It is undisputed that none of the parties has submitted an answer, summary judgment motion or any other responsive pleading as to the FBI's and NJIT's claims nor has any evidence been submitted at a hearing or trial. Thus, Plaintiffs' argument that the FBI and NJIT must obtain their permission or leave of Court to dismiss those claims is unfounded.

Apparently recognizing the insubstantiality of their argument, Plaintiffs alternatively contend that, as a matter of equity, leave of Court should be required before NJIT and the FBI can voluntarily dismiss their claims, because the parties previously agreed to stay the deadlines for responsive pleadings. But, Plaintiffs fail to show that they will be prejudiced by the dismissal of these claims.

---

[1] The Freedom of Information Act, however, does provide a waiver of sovereign immunity against the federal government. And, under the FOIA, when a Plaintiff has substantially prevailed in litigation against the federal government the court "may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i). In this case, shortly after their initial OPRA request, Plaintiffs were expressly invited to submit a FOIA request against the FBI. *See* ECF No. 1-1 at 29. Plaintiffs, however, declined to submit such a request and instead pursued only their request to NJIT under OPRA. As a result, Plaintiffs now have no avenue to pursue fees against the federal government in this litigation and can only seek fees against a component of the New Jersey state government under OPRA.

As a general rule, motions for voluntary dismissal should be freely granted unless the adverse party will suffer clear legal prejudice other than the mere prospect of a second lawsuit. *Elbaor v. Tripath Imaging, Inc.,* 279 F.3d 314, 317 (5th Cir. 2000); *Alamance Indus., Inc. v. Filene's*, 291 F.2d 142, 146 (1st Cir. 1961); *see also Chess v. Nieport*, 386 F. Supp. 312, 314 (E.D. Cal. 1974) ("The purpose of Rule 41(a)(2) is primarily to prevent voluntary dismissals which unfairly affect the other side…and dismissal should be allowed unless the defendant will suffer some plain legal prejudice other than the prospect of a second lawsuit.") (quoting WRIGHT & MILLER, 9 FEDERAL PRACTICE & PROCEDURE § 2364) (internal quotations omitted). Here, Plaintiffs claim they will be prejudiced because the sole remaining issue in the case—the attorney's fees claim—will be returned to state court and if that occurs it will significantly delay the award of such fees and "in the event the state court on remand finds the FBI responsible—either in whole or in part—for the award of attorney's fees due Plaintiffs, the FBI will likely resist any effort by the state court to acquire jurisdiction over it." Pls.' Ltr. at 12-13.

However, the premise of that argument is inaccurate because dismissal of the federal government from this action does not necessarily divest this Court of jurisdiction. A district court that has jurisdiction over a federal claim has the discretion to exercise supplemental jurisdiction over the related state law claims. *City of Chicago v. International College of Surgeons,* 522 U.S. 156, 164-65 (1997). Once subject matter jurisdiction exists, the district court retains the authority to hear related state law claims even if the federal claims are later dismissed. *Carnegie-Mellon University v. Cohill,* 484 U.S. 343, 357 (1988) ("The discretion to remand enables district courts to deal with cases involving pendent claims in the manner that best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine"). This principle holds true in cases removed to federal court as well. *See id.* at 352*; Hinson v. Norwest Fin. S.C., Inc.,* 239 F.3d 611, 616 (4th Cir. 2001) ("Supplemental jurisdiction authorized the district court to adjudicate the State pendent claims … even after the federal claim dropped out of the case."); *Mizuna, Ltd. v. Crossland Fed. Sav. Bank,* 90 F.3d 650, 657 (2d Cir. 1996). ("[T]he district court still had the *power* under 28 U.S.C. § 1367 to exercise supplemental jurisdiction over the other claims.") (emphasis in original).[2]

### III. Conclusion

For the foregoing reasons any fee petition made directly against the FBI would be meritless. Further, both NJIT and the FBI should be permitted to voluntarily dismiss their claims without prejudice if they so choose. The FBI takes no position on the validity of Plaintiffs' claim for attorney's fees against NJIT and whether this Court, in its discretion, should retain jurisdiction over that claim following the dismissal of all claims brought by and against the federal defendant.

Respectfully submitted,

---

[2] Further, denying NJIT's and the FBI's ability to voluntarily dismiss their claims is not in the interests of judicial economy. Plaintiffs no longer seek information the FBI wishes to protect from disclosure, and NJIT has agreed not to disclose such information. Thus, the FBI's counterclaim is moot. Additionally, NJIT's counterclaim—which seeks indemnification from the FBI under a theory of implied contract—is fatally flawed. If NJIT's counterclaim seeks more than $10,000, it must be dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) because the Court of Federal Claims has exclusive jurisdiction over contract claims exceeding that amount. *See* 28 U.S.C. §§ 1346(a)(2), 1491(a). In any event NJIT's counterclaim fails to allege all the elements of an implied contract with the United States and should also be dismissed under Fed. R. Civ. P. 12(b)(6).

CHAD A. READLER
Acting Assistant Attorney General

WILLIAM E. FITZPATRICK
Acting United States Attorney

JACQUELINE COLEMAN SNEAD
Assistant Branch Director

*/s/ Andrew E. Carmichael*
ANDREW E. CARMICHAEL
Trial Attorney
VA Bar No. 76578
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W., Rm.7218
Washington, D.C. 20530
Tel: (202) 514-3346
Fax: (202) 305 2685
Email: andrew.e.carmichael@usdoj.gov

*/s/ Christopher D. Amore*
CHRISTOPHER D. AMORE
Assistant U.S. Attorney
U.S. Attorney's Office
District of New Jersey
970 Broad Street, Suite 700
Newark, New Jersey 07102
Tel: (973) 645-2757
Fax: (973) 297-2010
Email: Christopher.amore@usdoj.gov

*Attorneys for the Federal
Bureau of Investigation*

cc:   Bruce S. Rose, Esq. (By ECF)
      Katie Townsend, Esq. (By email)
      Adam A. Marshall, Esq. (By email)
      Gary Potters, Esq. (By ECF)