# Exhibit 2

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

DANIEL GOLDEN and TRACY
LOCKE,

      *Plaintiffs*,

      v.

NEW JERSEY INSTITUTE OF
TECHNOLOGY and CLARA
WILLIAMS, in her capacity as Custodian
of Records for the New Jersey Institute of
Technology,

      *Defendants/Third-Party
      Plaintiffs/Third-Party
Defendants*,

      v.

FEDERAL BUREAU OF
INVESTIGATION,

      *Third-Party Defendant/
      Third-Party Plaintiff.*

HON. MADELINE C. ARLEO

Civ Action No.
2:15-cv-08559-MCA-LDW

---

## **DECLARATION OF KATIE TOWNSEND IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES**

I, Katie Townsend, declare as follows:

      1.    I am the Litigation Director at the Reporters Committee for Freedom

of the Press (the "Reporters Committee" or "RCFP"), a position I have held since

September 2014.  I have personal knowledge of the matters set forth in this declaration.

2.      I am one of the attorneys responsible for representing Plaintiffs Daniel Golden and Tracy Locke (collectively, "Plaintiffs") in the above-captioned case. This declaration is submitted in support of Plaintiffs' motion for an award of attorneys' fees under the New Jersey Open Public Records Act, N.J.S.A. 47:1A-1, *et seq.* ("OPRA" or the "Act").

### REPORTERS COMMITTEE ATTORNEYS' QUALIFICATIONS AND THEIR REPRESENTATION OF PLAINTIFFS

3.      The Reporters Committee is an unincorporated nonprofit association of reporters and editors based in Washington, D.C. that is dedicated to safeguarding the First Amendment and freedom of information interests of the news media and the public.  In its more than 40-year history, the Reporters Committee has participated as a party and as *amicus curiae* in state and federal litigation raising important issues affecting the newsgathering and publication rights of journalists, including the news media's and public's rights of access to government records under state and federal freedom of information laws.

4.      Consistent with the Reporters Committee's mission, attorneys at the Reporters Committee from time to time represent individual journalists and news organizations in litigation, including in state and federal freedom of information matters, on a no-fee, *pro bono* basis.

5.      While attorneys at the Reporters Committee provide legal services to their clients on a *pro bono* basis, we seek to recover the value of those services, as well as any litigation costs, when statutorily available.  For fee-recovery purposes, attorneys at the Reporters Committee utilize the rates established by the Legal Services Index-updated Laffey Matrix (the "LSI Laffey Matrix").  A true and correct copy of the 1988–2018 LSI Laffey Matrix, retrieved from http://tpmlaw.com/global_pictures/Laffey_Matrix_Updated_Using_Legal_Services _Index.PDF, is attached hereto as **Exhibit A.**

6.      As detailed herein and reflected in the attached Exhibit B, I and two other Reporters Committee attorneys—Caitlin Vogus and Adam A. Marshall— have provided legal services to Plaintiffs in the above-captioned case.  Mr. Marshall and I, along with Bruce S. Rosen of the law firm of McCusker, Anselmi, Rosen & Carvelli, P.C., have represented Plaintiffs for the entirety of this matter, which was initiated in New Jersey Superior Court in September 2015.  Mr. Marshall and I are both admitted *pro hac vice* in this matter.

7.      All of the legal services provided to Plaintiffs by Reporters Committee attorneys in connection with the above-captioned case were provided on a no-fee, *pro bono* basis.

8.      In my role as the Reporters Committee's Litigation Director, I supervise the work of Reporters Committee staff attorneys and legal fellows, and

oversee all litigation matters that the Reporters Committee and/or its attorneys are involved in.  Prior to joining the Reporters Committee as its first Litigation Director in September 2014, I was a litigation associate in the Los Angeles and Century City offices of Gibson Dunn & Crutcher LLP ("Gibson Dunn"), where my practice focused on media and entertainment litigation.  I joined Gibson Dunn upon graduating from the University of Virginia School of Law in 2007, where I served as a member of the Editorial Board of the *Virginia Law Review*.  I am a member in good standing of the bars of California, the District of Columbia, and New York, and am admitted to practice before a number of federal district courts and federal courts of appeals.  I principally practice law in Washington, D.C.

9.     I have been practicing law for more than ten years.  During that time, my practice has focused primarily on media and entertainment litigation.  I have significant experience representing and advising clients in media and First Amendment matters, including federal Freedom of Information Act ("FOIA") and state public records matters.  In May 2014, I was named a Rising Star—one of the nation's top lawyers under the age of 40—in media and entertainment law by Law360.  I was recognized in 2015 as a Washington, D.C. "Rising Star" by The National Law Journal and, in 2015, was named part of the "Next Gen – Hollywood's Up-and-Coming Execs 35 and Under" by the Hollywood Reporter.

10.     Caitlin Vogus is a staff attorney at the Reporters Committee, a position she has held since September 2017.  Before that, Ms. Vogus served as the Stanton Foundation Litigation Fellow for the Reporters Committee from September 2015 through August 2017.  Before joining the Reporters Committee, Ms. Vogus was as an Attorney Advisor in the Consumer and Governmental affairs Bureau of the Federal Communications Commission.  Ms. Vogus is a 2010 graduate of Harvard Law School, where she served as a general board member of the *Civil Rights-Civil Liberties Law Review*.  Following law school, she served as a law clerk to the Honorable Rossie D. Alston, Jr. of the Virginia Court of Appeals. She is a member in good standing of the bars of Virginia and the District of Columbia.  She principally practices law in Washington, D.C.

11.     As a Reporters Committee staff attorney, Ms. Vogus represents news media clients in state and federal public records litigation, among other matters, and drafts *amicus curiae* briefs on a wide array of First Amendment and press freedom issues.  Ms. Vogus has significant experience with state public records litigation though her work at the Reporters Committee.

12.     Adam A. Marshall is the Knight Foundation Litigation Attorney at the Reporters Committee, a position he has held since September 2016.  Before that, Mr. Marshall served as the Jack Nelson – Dow Jones Foundation Legal Fellow for the Reporters Committee from September 2014 through August 2016.  Mr.

Marshall graduated from the George Washington University Law School with High Honors in 2014 and was admitted to the Order of the Coif.  During law school, he served as an associate on the *George Washington International Law Review*.  He was awarded the President's Volunteer Service Award and the GW Law Pro Bono Service Recognition Award.  Mr. Marshall is a member in good standing of the bars of Maryland the District of Columbia.  He principally practices law in Washington, D.C.

13.    As a Reporters Committee staff attorney, Mr. Marshall's work is focused primarily on state and federal public records matters.  He represents news media clients in state and federal public records litigation, drafts *amicus curiae* briefs in federal and state public records cases, and participates in Reporters Committee educational and advocacy efforts relating to open government issues. Mr. Marshall has significant experience with federal and state public records issues though his work at the Reporters Committee and through internships at the Electronic Privacy Information Center ("EPIC") and the National Whistleblowers Center ("NWC").  In 2017, he was named to Forbes "30 Under 30" list in the media category for his work promoting government transparency

## HOURS SPENT BY REPORTERS COMMITTEE ATTORNEYS

14.     Attached hereto as **Exhibit B** is a true and correct copy of an automatically generated report from the Reporters Committee's internal electronic timekeeping system that reflects the time spent by Mr. Marshall, Ms. Vogus, and myself on the above-captioned matter from June 2015 through November 28, 2017.  Exhibit B reflects the tasks performed by each attorney, as well as the time spent on each task, in reverse chronological order.  As Exhibit B indicates, Reporters Committee attorneys spent the following number of hours, in total, on this matter through November 28, 2017:

| Attorney | Hours Spent |
| --- | --- |
| Townsend | 102.2 |
| Marshall | 135.5 |
| Vogus | 59.1 |

15.     The number of hours that Reporters Committee attorneys were required to spend in connection with this matter exceeds, in my experience, what is typical in an ordinary public records case.  However, particularly given the long-running nature of this case, the amount of time spent by Reporters Committee attorneys was reasonable under the circumstances.  Factors that required Reporters Committee attorneys to expend additional hours on this matter include, among other things, the decision of Defendant New Jersey Institute of Technology ("NJIT") to file a separate claim against the Federal Bureau of Investigation

7

("FBI"), which resulted in the removal of this case to this Court, as well as NJIT's position concerning Plaintiffs' entitlement to an attorney's fee award under OPRA.

16.    Exhibit B includes some redactions to tasks performed by Reporters Committee attorneys to shield the substance of attorney-client privileged communications and attorney-work product.  In an effort to provide as much information to the Court and the Defendant NJIT as possible in connection with Plaintiffs' fee petition, such redactions are limited to the content of specific communications between Plaintiffs and their counsel and information that would reveal strategy decisions made by Plaintiffs' counsel.  All of the time entries in Exhibit B, including redacted time entries, reflect tasks performed by Reporters Committee attorneys in connection with the above-captioned matter.

## CORRESPONDENCE AND OTHER EXHIBITS CITED IN PLAINTIFFS' MOTION

17.    Attached hereto collectively as **Exhibit C** are true and correct copies of cover letters (with attachments but without the accompanying disks or documents) from Gary Potters, counsel for NJIT, to Plaintiffs' counsel that accompanied four productions of records between March and the end of June, 2016.

18.    Attached hereto collectively as **Exhibit D** are true and correct copies of cover letters (with attachments but without the accompanying disks or documents) from Gary Potters, counsel for NJIT, to Plaintiffs' counsel that

accompanied four productions of records between August and the beginning of November, 2016.

19.     Attached hereto as **Exhibit E** is a true and correct copy of the Certification of Defendant Clara Williams In Opposition to Plaintiffs' Order to Show Cause (without exhibits) that was filed by NJIT in New Jersey Superior Court in this case on or about November 13, 2015.

20.     Attached hereto as **Exhibit F** is a true and correct copy of the Brief of Defendants, New Jersey Institute of Technology and Clara Williams, In Response to Plaintiffs' Order to Show Cause, that was filed in the New Jersey Superior Court in this case on or about November 13, 2015

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 29th day of November 2017 in Washington, D.C.

Katie Townsend

# EXHIBIT A

**Adjustments to the 1988-1989 *Laffey* Matrix Rates Using the Legal Services Index[1]**

| Years Out of Law School | 06/01/88-05/31/89 [2] | 06/01/89-05/31/90 | 06/01/90-05/31/91 | 06/01/91-05/31/92 | 06/01/92-05/31/93 | 06/01/93-05/31/94 | 06/01/94-05/31/95 | 06/01/95-05/31/96 | 06/01/96-05/31/97 | 06/01/97-05/31/98 |
|---|---|---|---|---|---|---|---|---|---|---|
| 20th+ | $265 | $284 | $306 | $320 | $336 | $355 | $363 | $375 | $389 | $406 |
| 11th - 19th | $220 | $235 | $254 | $265 | $279 | $294 | $301 | $311 | $323 | $337 |
| 8th - 10th | $195 | $209 | $225 | $235 | $247 | $261 | $267 | $276 | $287 | $299 |
| 4th - 7th | $135 | $144 | $156 | $163 | $171 | $181 | $185 | $191 | $198 | $207 |
| 1st - 3rd | $110 | $118 | $127 | $133 | $139 | $147 | $151 | $155 | $162 | $168 |
| Paralegal/Law Clerk | $60 | $64 | $69 | $72 | $76 | $80 | $82 | $85 | $88 | $92 |
| Adjustment Factor[3] | | 1.070028 | 1.079406 | 1.044462 | 1.051083 | 1.055228 | 1.023726 | 1.032038 | 1.039630 | 1.041931 |

[1] *Laffey* refers to *Laffey v. Northwest Airlines*, 572 F. Supp. 354 (D.D.C. 1983), affirmed in part and reversed in part on other grounds, 746 F.2d 4 (D.C. Cir. 1984), overruled in part on other grounds, *Save Our Cumberland Mountains v. Hodel*, 857 F.2d 1516, 1525 (D.C. Cir. 1988)(en banc).

[2] The rates in this column represent the 1989 update to the *Laffey* matrix rates for Washington, D.C.  *See Covington v. District of Columbia*, 839 F. Supp. 894, 904 (D.D.C. 1993).

[3] The Adjustment Factor refers to the legal services component of the Consumer Price Index produced by the Bureau of Labor Statistics of the United States Department of Labor.  Each Adjustment Factor is calculated by dividing the legal services component for June of the current year by the component for June of the previous year.

| Years Out of Law School | 06/01/97-05/31/98 [4] | 06/01/98-05/31/99 | 06/01/99-05/31/00 | 06/01/00-05/31/01 | 06/01/01-05/31/02 | 06/01/02-05/31/03 | 06/01/03-05/31/04 | 06/01/04-05/31/05 | 06/01/05-05/31/06 | 06/01/06-05/31/07 |
|---|---|---|---|---|---|---|---|---|---|---|
| 20th+ | $406 | $424 | $445 | $468 | $487 | $523 | $549 | $574 | $599 | $614 |
| 11th - 19th | $337 | $352 | $369 | $389 | $404 | $434 | $456 | $477 | $497 | $510 |
| 8th - 10th | $299 | $312 | $327 | $345 | $359 | $385 | $404 | $423 | $441 | $452 |
| 4th - 7th | $207 | $216 | $227 | $239 | $248 | $266 | $280 | $293 | $305 | $313 |
| 1st - 3rd | $168 | $175 | $184 | $194 | $202 | $216 | $227 | $238 | $248 | $254 |
| Paralegal/Law Clerk | $92 | $96 | $101 | $106 | $110 | $118 | $124 | $130 | $136 | $139 |
| Adjustment Factor[3] | | 1.043902 | 1.049065 | 1.052895 | 1.040719 | 1.072663 | 1.050687 | 1.045537 | 1.042691 | 1.025641 |

---

[4]Column repeated from previous page.

2

| Years Out of Law School | 06/01/06-05/31/07 [5] | 06/01/07-05/31/08 | 06/01/08-05/31/09 | 06/01/09-05/31/10 | 06/01/10-05/31/11 | 06/01/11-05/31/12 | 06/01/12-05/31/13 | 06/01/13-05/31/14 | 06/01/14-05/31/15 | 06/01/15-05/31/16 |
|---|---|---|---|---|---|---|---|---|---|---|
| 20th+ | $614 | $646 | $672 | $686 | $709 | $734 | $753 | $772 | $790 | $797 |
| 11th - 19th | $510 | $536 | $558 | $570 | $589 | $610 | $626 | $641 | $656 | $662 |
| 8th - 10th | $452 | $475 | $494 | $505 | $522 | $541 | $554 | $568 | $581 | $586 |
| 4th - 7th | $313 | $329 | $342 | $350 | $362 | $374 | $384 | $393 | $403 | $406 |
| 1st - 3rd | $254 | $267 | $278 | $284 | $293 | $304 | $312 | $319 | $327 | $330 |
| Paralegal/Law Clerk | $139 | $146 | $152 | $155 | $161 | $166 | $171 | $175 | $179 | $180 |
| Adjustment Factor[3] | | 1.051500 | 1.040127 | 1.021848 | 1.033724 | 1.035168 | 1.025790 | 1.024383 | 1.023459 | 1.008873 |

---

[5]Column repeated from previous page.

3

| Years Out of Law School | 06/01/15-05/31/16[6] | 06/01/16-05/31/17 | 06/01/17-05/31/18 | 06/01/18-05/31/19 | 06/01/19-05/31/20 | 06/01/20-05/31/21 | 06/01/21-05/31/22 | 06/01/22-05/31/23 | 06/01/23-05/31/24 | 06/01/24-05/31/25 |
|---|---|---|---|---|---|---|---|---|---|---|
| 20th+ | $797 | $826 | $865 | $0 | $0 | $0 | $0 | $0 | $0 | $0 |
| 11th - 19th | $662 | $686 | $718 | $0 | $0 | $0 | $0 | $0 | $0 | $0 |
| 8th - 10th | $586 | $608 | $636 | $0 | $0 | $0 | $0 | $0 | $0 | $0 |
| 4th - 7th | $406 | $421 | $440 | $0 | $0 | $0 | $0 | $0 | $0 | $0 |
| 1st - 3rd | $330 | $342 | $358 | $0 | $0 | $0 | $0 | $0 | $0 | $0 |
| Paralegal/Law Clerk | $180 | $187 | $195 | $0 | $0 | $0 | $0 | $0 | $0 | $0 |
| Adjustment Factor[3] | | 1.036943 | 1.046290 | 0.000000 | 0.000000 | 0.000000 | 0.000000 | 0.000000 | 0.000000 | 0.000000 |

---

[6]Column repeated from previous page.

4

# EXHIBIT B

| Date | Matter | Description | User |
|------|--------|-------------|------|
| 11/28/2017 | Golden v. NJIT | Drafting motion for attorneys' fees | Adam Marshall 0.40 |
| 11/28/2017 | Golden v. NJIT | Citechecking brief in support of motion for attorneys' fees | Adam Marshall 1.20 |
| 11/27/2017 | Golden v. NJIT | Drafting/editing Townsend Declaration in support of Pls' motion for attorneys' fees | Adam Marshall 0.50 |
| 11/27/2017 | Golden v. NJIT | Cite-checking brief in support of Pls' motion for attorneys' fees | Adam Marshall 0.40 |
| 11/27/2017 | Golden v. NJIT | Drafting/editing brief in support of Pls' motion for attorneys' fees | Adam Marshall 1.40 |
| 11/20/2017 | Golden v. NJIT | Review/revise A. Marshall drafts of K. Townsend and D. Golden declarations in support of fees motion | Katie Townsend 0.80 |
| 11/20/2017 | Golden v. NJIT | Drafting/editing Pls' Br ISO Mot for Attorneys' Fees | Adam Marshall 1.80 |
| 11/19/2017 | Golden v. NJIT | Draft affidavit ISO attorney's fees. | Caitlin Vogus 0.30 |
| 11/18/2017 | Golden v. NJIT | Review/revise A. Marshall draft of brief in support of attorneys' fee request | Katie Townsend 2.50 |
| 11/17/2017 | Golden v. NJIT | Drafting Pls' Br ISO Mot for Attorneys' fees | Adam Marshall 0.50 |
| 11/17/2017 | Golden v. NJIT | Drafting Townsend Affidavit ISO Pls' Motion for Attorneys' Fees | Adam Marshall 0.20 |
| 11/16/2017 | Golden v. NJIT | Drafting Plaintiffs' Br ISO Mot for Attorney's Fees | Adam Marshall 0.40 |
| 11/16/2017 | Golden v. NJIT | Drafting affidavit of Dan Golden in support of Plaintiffs' Fee Petition | Adam Marshall 0.80 |
| 11/16/2017 | Golden v. NJIT | Drafting Townsend affidavit for Pls' Fee Petition | Adam Marshall 0.60 |
| 11/15/2017 | Golden v. NJIT | Drafting affidavit of Katie Townsend in support of Plaintiffs' fee petition | Adam Marshall 1.00 |

| Date | Matter | Description | User |
|------|--------|-------------|------|
| 10/19/2017 | Golden v. NJIT | Emails to/from counsel for NJIT and FBI re: joint proposed briefing schedule (0.20); review joint draft letter prepared by NJIT counsel (0.20) | Katie Townsend<br>0.40 |
| 10/11/2017 | Golden v. NJIT | Legal research re fees under OPRA | Adam Marshall<br>0.70 |
| 10/11/2017 | Golden v. NJIT | Drafting Plaintiffs' Fee Petition | Adam Marshall<br>2.70 |
| 10/10/2017 | Golden v. NJIT | Emails to co-counsel | Adam Marshall<br>0.30 |
| 10/10/2017 | Golden v. NJIT | Drafting Plaintiffs' Fee Petition | Adam Marshall<br>0.70 |
| 10/10/2017 | Golden v. NJIT | Legal research re attorneys' fees under OPRA | Adam Marshall<br>0.10 |
| 10/06/2017 | Golden v. NJIT | Legal research re attorneys fees under OPRA | Adam Marshall<br>1.50 |
| 10/06/2017 | Golden v. NJIT | Drafting Plaintiffs' Fee Petition | Adam Marshall<br>2.30 |
| 10/05/2017 | Golden v. NJIT | Legal research re attorneys' fees under OPRA | Adam Marshall<br>0.50 |
| 10/05/2017 | Golden v. NJIT | Drafting Plaintiffs' fee petition | Adam Marshall<br>2.80 |
| 10/04/2017 | Golden v. NJIT | Legal research re attorneys fees under OPRA | Adam Marshall<br>1.80 |
| 10/03/2017 | Golden v. NJIT | Emails to/from counsel for NJIT and FBI re: ongoing discussions b/w those parties and extension of time to file joint proposed briefing schedule | Katie Townsend<br>0.40 |
| 10/03/2017 | Golden v. NJIT | Drafting Plaintiffs' Fee Petition | Adam Marshall<br>0.70 |
| 10/03/2017 | Golden v. NJIT | Legal research re fee petitions under OPRA | Adam Marshall<br>0.60 |
| 09/29/2017 | Golden v. NJIT | Call with client | Adam Marshall<br>0.30 |

| Date | Matter | Description | User |
|------|--------|-------------|------|
| 09/26/2017 | Golden v. NJIT | Review filings on briefing schedule issues to prepare for telephonic conference before Magistrate (0.50); participate in telephonic conference before Magistrate (0.10); meet and confer call w/ counsel for NJIT and FBI re: proposed briefing schedule (0.20) | Katie Townsend 0.80 |
| 09/26/2017 | Golden v. NJIT | Conference call w/ opposing counsels | Adam Marshall 0.20 |
| 09/26/2017 | Golden v. NJIT | Telephonic status conference before MJ Wettre | Adam Marshall 0.10 |
| 08/18/2017 | Golden v. NJIT | Review NJIT pre-motion letter re: scheduling issues/fees | Katie Townsend 0.20 |
| 08/18/2017 | Golden v. NJIT | Imported Time Entry: Editing Plaintiffs' response to FBI's pre-motion letter regarding briefing schedule | Adam Marshall 0.30 |
| 08/18/2017 | Golden v. NJIT | Imported Time Entry: Reviewing NJIT's response letter re briefing | Adam Marshall 0.30 |
| 08/15/2017 | Golden v. NJIT | Imported Time Entry: Drafting/editing Plaintiffs' response to FBI's pre-motion letter regarding briefing schedule | Adam Marshall 1.00 |
| 08/14/2017 | Golden v. NJIT | Review/revise A. Marshall draft of pre-motions letter to Magistrate re: scheduling issues/fees for filing on 8/18 | Katie Townsend 1.00 |
| 08/14/2017 | Golden v. NJIT | Imported Time Entry: Drafting/editing Plaintiffs' response to FBI's pre-motion letter regarding briefing schedule | Adam Marshall 0.20 |
| 07/30/2017 | Golden v. NJIT | Emails to/from NJIT and FBI counsel re: NJIT request for extension of time to file pre-motion letter re: fees/scheduling | Katie Townsend 0.20 |
| 07/30/2017 | Golden v. NJIT | Imported Time Entry: Drafting Plaintiffs' response to FBI's pre-motion letter regarding briefing schedule | Adam Marshall 1.80 |
| 07/29/2017 | Golden v. NJIT | Imported Time Entry: Drafting response to FBI's letter re briefing schedule | Adam Marshall 3.50 |
| 07/29/2017 | Golden v. NJIT | Imported Time Entry: Legal research re federal district court's jurisdiction | Adam Marshall 2.10 |
| 07/25/2017 | Golden v. NJIT | Review FBI pre-motion letter brief re: scheduling issues and fees | Katie Townsend 0.20 |
| 07/25/2017 | Golden v. NJIT | Imported Time Entry: Reviewing FBI letter re briefing schedule | Adam Marshall 0.10 |

| Date | Matter | Description | User |
|---|---|---|---|
| 07/05/2017 | Golden v. NJIT | Participate in telephonic status conference before Magistrate Judge re: scheduling issues re: fees and other remaining matters | Katie Townsend<br><br>0.50 |
| 07/05/2017 | Golden v. NJIT | Imported Time Entry: Telephonic status conference before M.J. Wettre | Adam Marshall<br><br>0.50 |
| 06/30/2017 | Golden v. NJIT | Meet and confer call w/ NJIT and FBI counsel re: fees and deferring ruling on NJIT indemnification claim, scheduling issues (0.2); Conference w/ A. Marshall re: same and fees briefing (0.2) | Katie Townsend<br><br>0.40 |
| 06/30/2017 | Golden v. NJIT | Imported Time Entry: Call with counsel for NJIT & FVI (0.2); Discussion with K. Townsend (0.2); research regarding fee application (1.5) | Adam Marshall<br><br>1.90 |
| 06/20/2017 | Golden v. NJIT | Emails to/from NJIT and FBI counsel re: fees and deferring ruling on NJIT indemnification claim | Katie Townsend<br><br>0.20 |
| 06/20/2017 | Golden v. NJIT | Imported Time Entry: Legal research re attorneys' fees | Adam Marshall<br><br>0.90 |
| 05/24/2017 | Golden v. NJIT | Imported Time Entry: Telephonic hearing before MJ Wettre | Adam Marshall<br><br>0.80 |
| 05/24/2017 | Golden v. NJIT | Imported Time Entry: Emails to/from opposing counsel re: NJIT argument re: discovery (0.3); telephone conference w/ FBI counsel re: NJIT proposal concerning discovery (0.3) | Katie Townsend<br><br>0.60 |
| 05/24/2017 | Golden v. NJIT | Imported Time Entry: Prepare for telephonic hearing w/ magistrate judge (0.5); participate in telephonic hearing w/ magistrate judge (0.8) | Katie Townsend<br><br>1.30 |
| 05/23/2017 | Golden v. NJIT | Imported Time Entry: Discussion with K. Townsend re 5/25/17 hearing | Adam Marshall<br><br>0.80 |
| 05/23/2017 | Golden v. NJIT | Imported Time Entry: Email correspondence to/from NJIT counsel re: NJIT new argument/need for discovery in connection with fee motion (0.8); conference w/ A. Marshall re: same (0.8) | Katie Townsend<br><br>1.60 |
| 05/18/2017 | Golden v. NJIT | Imported Time Entry: Finish initial draft of reply letter to responses filed by NJIT and FBI re fees and other outstanding issues, per Court's April 18, 2017 Order | Adam Marshall<br><br>2.10 |
| 05/18/2017 | Golden v. NJIT | Imported Time Entry: Review/revise draft reply to NJIT and FBI responses to pre-motion leave letter | Katie Townsend<br><br>2.00 |
| 05/17/2017 | Golden v. NJIT | Imported Time Entry: Reviewing response letters from NJIT and FBI re fees and related issues per the Court's April 18, 2017 order (0.3); legal research re sovereign immunity in connection w/ FBI response (3.1); drafting reply to same (0.5) | Adam Marshall<br><br>3.90 |
| 05/16/2017 | Golden v. NJIT | Imported Time Entry: Review NJIT and FBI responses to pre-motion letter | Katie Townsend<br><br>0.50 |

| Date | Matter | Description | User |
|------|--------|-------------|------|
| 05/09/2017 | Golden v. NJIT | Imported Time Entry: Final review of pre-motion leave letter re: fees; email to B. Rosen re: same | Katie Townsend<br><br>0.60 |
| 05/09/2017 | Golden v. NJIT | Imported Time Entry: Revise draft letter re fees, etc. to Judge Wettre per April 18, 2017, order to finalize and incorporate B. Rosen comments | Adam Marshall<br><br>1.40 |
| 05/04/2017 | Golden v. NJIT | Imported Time Entry: Revise letter re fees, etc., to Judge Wettre per April 18, 2017 order to incorporate K. Townsend comments and revisions | Adam Marshall<br><br>1.90 |
| 05/03/2017 | Golden v. NJIT | Imported Time Entry: Review/revise draft of pre-motion letter (3.5) | Katie Townsend<br><br>3.50 |
| 05/02/2017 | Golden v. NJIT | Imported Time Entry: Complete initial draft of letter re fees, etc. to Judge Wettre per April 18, 2017 order. | Adam Marshall<br><br>4.40 |
| 05/01/2017 | Golden v. NJIT | Imported Time Entry: Drafting letter re fees, etc. to Judge Wettre per April 18, 2017 order (3.1); additional legal research re: entitlement to fees and fee-related jurisdictional questions (3.5) | Adam Marshall<br><br>6.60 |
| 04/29/2017 | Golden v. NJIT | Imported Time Entry: Drafting letter to Judge Wettre re fees, etc., per April 18, 2017 order (3.6); legal research in connection with same (1.4) | Adam Marshall<br><br>5.00 |
| 04/27/2017 | Golden v. NJIT | Imported Time Entry: Drafting letter to Judge Wettre per the Court's April 24, 2017 order (3.4); legal research re ▮▮▮▮▮▮▮▮ in connection w/ same (0.6) | Adam Marshall<br><br>4.00 |
| 04/18/2017 | Golden v. NJIT | Imported Time Entry: Telephonic status conference before MJ Wettre | Adam Marshall<br><br>0.60 |
| 04/18/2017 | Golden v. NJIT | Imported Time Entry: Prepare for telephonic hearing before Magistrate Judge Wettre (0.4); appear for telephonic hearing (0.6); conference call w/ A. Marshall re: same and next steps (0.3) | Katie Townsend<br><br>1.30 |
| 04/16/2017 | Golden v. NJIT | Imported Time Entry: Prepare for telephonic status hearing before Magistrate Judge Wettre, including review of A. Marshall prep materials | Katie Townsend<br><br>1.20 |
| 04/13/2017 | Golden v. NJIT | Imported Time Entry: Reviewing case filings to prepare for status hearing (0.4); legal research re reverse-OPRA cases & fees (5.3) | Adam Marshall<br><br>5.70 |
| 03/07/2017 | Golden v. NJIT | Imported Time Entry: Update D. Golden re: status and attorney's fees issues | Katie Townsend<br><br>0.40 |
| 03/06/2017 | Golden v. NJIT | Imported Time Entry: Exchange revisions to draft JSR w/ counsel for FBI and NJIT | Katie Townsend<br><br>0.50 |
| 03/05/2017 | Golden v. NJIT | Imported Time Entry: Emails to/from opposing counsel re: draft JSR and attorney's fees issues (0.4); further emails to/from A. Marshall and B. Rosen re: same and strategy (0.5) | Katie Townsend<br><br>0.90 |

| Date | Matter | Description | User |
|------|--------|-------------|------|
| 03/04/2017 | Golden v. NJIT | Imported Time Entry: Review/revise draft JSR; emails to/from A. Marshall and B. Rosen re: same and strategy | Katie Townsend<br><br>0.60 |
| 03/03/2017 | Golden v. NJIT | Imported Time Entry: Call w/ K. Townsend and B. Rosen re JSR (0.5); Drafting JSR (1.8). | Adam Marshall<br><br>2.30 |
| 03/03/2017 | Golden v. NJIT | Imported Time Entry: Emails to/from opposing counsel re: JSR and attorney's fees issues (1.2); telephone calls/emails to/from A. Marshall and B. Rosen re: same (0.5); | Katie Townsend<br><br>1.70 |
| 03/02/2017 | Golden v. NJIT | Imported Time Entry: Legal research re voluntary dismissals | Adam Marshall<br><br>1.30 |
| 03/02/2017 | Golden v. NJIT | Imported Time Entry: Emails to/from opposing counsel re: attorney's fees issues; emails to/from A. Marshall and B. Rosen re: same | Katie Townsend<br><br>0.60 |
| 03/01/2017 | Golden v. NJIT | Imported Time Entry: Meet and confer call w/ opposing counsel re: next steps and attorney's fees issues | Katie Townsend<br><br>0.50 |
| 03/01/2017 | Golden v. NJIT | Imported Time Entry: Meet and confer call w/ counsel from NJIT, FBI, DOJ | Adam Marshall·<br><br>0.50 |
| 03/01/2017 | Golden v. NJIT | Imported Time Entry: Conference call w/ D. Golden re: outstanding issues | Katie Townsend<br><br>0.50 |
| 02/27/2017 | Golden v. NJIT | Imported Time Entry: Review FBI correspondence re: revisiting withholdings/redactions identified and attachments; conferences w/ and emails to/from A. Marshall, B. Rosen, D. Golden, and opposing counsel re: same | Katie Townsend<br><br>0.80 |
| 02/27/2017 | Golden v. NJIT | Imported Time Entry: Reviewing production of revisited/re-redacted records by FBI (0.2); Conference w/ K. Townsend re: same (0.2) | Adam Marshall<br><br>0.40 |
| 01/18/2017 | Golden v. NJIT | Imported Time Entry: Review/revise draft JSR | Katie Townsend<br><br>0.30 |
| 01/13/2017 | Golden v. NJIT | Imported Time Entry: M&C call w/ counsel for FBI and NJIT re: index of withholdings/redactions | Adam Marshall<br><br>0.50 |
| 01/13/2017 | Golden v. NJIT | Imported Time Entry: Meet and confer call w/ counsel for FBI and NJIT re: issues concerning index of withholdings/redactions and next steps | Katie Townsend<br><br>0.50 |
| 01/11/2017 | Golden v. NJIT | Imported Time Entry: Conference call with D. Golden, B. Rosen, and K. Townsend re: remaining issues in case (0.5); Follow-up meeting w/ K. Townsend re: same (0.5) | Adam Marshall<br><br>1.00 |
| 01/11/2017 | Golden v. NJIT | Imported Time Entry: Conference call with client, B. Rosen and A. Marshall re: next steps in litigation (0.5); Follow-up meeting w/ A. Marshall re: dispositive motions issues (0.5) | Katie Townsend<br><br>1.00 |

| Date | Matter | Description | User |
|---|---|---|---|
| 01/10/2017 | Golden v. NJIT | Imported Time Entry: Conference w/ A. Marshall re: follow up w/ client re: index of withholdings/redactions and review correspondence to/from client re: same | Katie Townsend 0.40 |
| 01/10/2017 | Golden v. NJIT | Imported Time Entry: Conference w/ K. Townsend re index of withholdings and redactions | Adam Marshall 0.40 |
| 12/21/2016 | Golden v. NJIT | Imported Time Entry: Emails to/from opposing counsel re: index of withholdings and next steps | Katie Townsend 0.30 |
| 12/09/2016 | Golden v. NJIT | Imported Time Entry: Review FBI spreadsheet re: identified records withheld in full and in part (0.5); emails to/from D. Golden re: same (0.2) | Katie Townsend 0.70 |
| 11/17/2016 | Golden v. NJIT | Imported Time Entry: Preparing list of redacted records to be included in Vaughn index | Adam Marshall 0.80 |
| 11/15/2016 | Golden v. NJIT | Imported Time Entry: Review/revise draft JSR; emails to/from opposing counsel re: same | Katie Townsend 0.40 |
| 11/14/2016 | Golden v. NJIT | Imported Time Entry: Meet and confer call w/ counsel for FBI and NJIT re: additional processing/production of records and schedule for same; follow-up emails to/from opposing counsel re: same | Katie Townsend 0.70 |
| 11/04/2016 | Golden v. NJIT | Imported Time Entry: Review NJIT cover letter and responsive email from FBI counsel re: missing pages from latest production | Katie Townsend 0.30 |
| 10/31/2016 | Golden v. NJIT | Imported Time Entry: Emails to/from opposing counsel re: final production and next steps | Katie Townsend 0.30 |
| 10/26/2016 | Golden v. NJIT | Imported Time Entry: Call w/ D. Golden re recent productions | Adam Marshall 0.20 |
| 10/04/2016 | Golden v. NJIT | Imported Time Entry: Review portions of latest production (0.4); emails to/from client re: same (0.2) | Katie Townsend 0.60 |
| 09/06/2016 | Golden v. NJIT | Imported Time Entry: Emails to/from opposing counsel and client re: late production | Katie Townsend 0.20 |
| 08/12/2016 | Golden v. NJIT | Imported Time Entry: Emails to/from D. Golden and A. Marshall re: D. Golden litigation questions | Katie Townsend 0.30 |
| 08/03/2016 | Golden v. NJIT | Imported Time Entry: Reviewing fifth set of records produced by NJIT | Adam Marshall 0.20 |
| 08/03/2016 | Golden v. NJIT | Imported Time Entry: Review portions of latest NJIT production (0.5); emails to/from D. Golden re: same (0.2) | Katie Townsend 0.70 |

| Date | Matter | Description | User |
|------|--------|-------------|------|
| 08/01/2016 | Golden v. NJIT | Imported Time Entry: Emails to/from opposing counsel and client re: late production of records | Katie Townsend 0.30 |
| 07/01/2016 | Golden v. NJIT | Imported Time Entry: Emails to/from D. Golden re: latest production of responsive records | Katie Townsend 0.20 |
| 06/14/2016 | Golden v. NJIT | Imported Time Entry: Emails to/from opposing counsel re: revisions to JSR and NJIT request to dismiss custodian of records from lawsuit | Katie Townsend 0.40 |
| 06/13/2016 | Golden v. NJIT | Imported Time Entry: Review/revise draft JSR; emails to/from opposing counsel and B. Rosen re: same | Katie Townsend 0.70 |
| 06/07/2016 | Golden v. NJIT | Imported Time Entry: Meet and confer call w/ counsel for NJIT and FBI (0.2); follow-up conference w/ A. Marshall re. same (0.2) | Katie Townsend 0.40 |
| 06/07/2016 | Golden v. NJIT | Imported Time Entry: Conference call w/ counsel for FBI, NJIT re JSR (0.2); conference w/ K. Townsend, C. Vogus (0.2); Call w/ D. Golden (0.2) | Adam Marshall 0.60 |
| 06/06/2016 | Golden v. NJIT | Imported Time Entry: Review portions of third productions of responsive records | Katie Townsend 0.60 |
| 05/31/2016 | Golden v. NJIT | Imported Time Entry: Emails to/from opposing counsel re: third production of responsive records and upcoming JSR deadline | Katie Townsend 0.20 |
| 05/16/2016 | Golden v. NJIT | Imported Time Entry: Review and respond to email from D. Golden re: second production of responsive records; conference w/ A. Marshall re: same | Katie Townsend 0.40 |
| 05/03/2016 | Golden v. NJIT | Imported Time Entry: Review email from G. Potters re: second production of records; email to D. Golden re: same | Katie Townsend 0.20 |
| 04/27/2016 | Golden v. NJIT | Imported Time Entry: Meeting w/ Dan Golden | Adam Marshall 1.00 |
| 04/27/2016 | Golden v. NJIT | Imported Time Entry: Meeting w/ D. Golden re: initial production of records and litigation strategy/issues | Katie Townsend 1.00 |
| 04/27/2016 | Golden v. NJIT | Imported Time Entry: Emails to/from counsel for FBI and NJIT outlining issues/concerns with initial production of records | Katie Townsend 0.60 |
| 04/10/2016 | Golden v. NJIT | Imported Time Entry: Review portions of initial production of responsive records | Katie Townsend 0.50 |
| 03/31/2016 | Golden v. NJIT | Imported Time Entry: Emails to/from D. Golden re: receipt of first production of records | Katie Townsend 0.20 |

| Date | Matter | Description | User |
|------|--------|-------------|------|
| 03/31/2016 | Golden v. NJIT | Imported Time Entry: Reviewing responsive records and associated correspondence produced by Defendants | Adam Marshall 0.20 |
| 03/30/2016 | Golden v. NJIT | Imported Time Entry: Review correspondence from NJIT re: production; emails to/from D. Golden re: same | Katie Townsend 0.30 |
| 03/23/2016 | Golden v. NJIT | Imported Time Entry: Emails to/from D. Golden and counsel for FBI/ NJIT re: anticipated timing of first production of responsive records | Katie Townsend 0.40 |
| 02/29/2016 | Golden v. NJIT | Imported Time Entry: Review FBI additional revisions to draft JSR; emails to/from opposing counsel re: same | Katie Townsend 0.40 |
| 02/29/2016 | Golden v. NJIT | Imported Time Entry: Reviewing FBI's proposed changes to JSR | Adam Marshall 0.10 |
| 02/26/2016 | Golden v. NJIT | Imported Time Entry: Exchange revisions w/ and work to finalize draft JSR w/ counsel for FBI and NJIT | Katie Townsend 0.50 |
| 02/25/2016 | Golden v. NJIT | Imported Time Entry: Conference call w/ FBI and NJIT counsel re: scheduling and issues re: production/processing of responsive records (0.2); review/revise draft JSR (0.6); emails to/from B. Rosen and opposing counsel re: same (0.2) | Katie Townsend 1.00 |
| 02/25/2016 | Golden v. NJIT | Imported Time Entry: Conference call with K.Townsend, A.Marshall and counsel to FBI re:joint status report | Caitlin Vogus 0.20 |
| 02/25/2016 | Golden v. NJIT | Imported Time Entry: Draft JSR to court re stay/production schedule (0.9); conference call with K.Townsend and counsel to FBI re: JSR (0.2) | Adam Marshall 1.10 |
| 02/24/2016 | Golden v. NJIT | Imported Time Entry: Conference call with K.Townsend, A.Marshall, and D.Golden re: FBI's counterclaim and proposal for joint status letter | Caitlin Vogus 0.40 |
| 02/24/2016 | Golden v. NJIT | Imported Time Entry: Conference call w/ D. Golden re: proposed processing/production schedule for records and related issues (0.4); follow-up email to counsel for FBI re: same and scheduling meet and confer call (0.2) | Katie Townsend 0.60 |
| 02/24/2016 | Golden v. NJIT | Imported Time Entry: Call w/ D. Golden, K. Townsend, C. Vogus | Adam Marshall 0.40 |
| 02/23/2016 | Golden v. NJIT | Imported Time Entry: Drafting status letter to MJ Wettre | Adam Marshall 1.10 |
| 02/23/2016 | Golden v. NJIT | Imported Time Entry: Legal research re: ████████████ ███████ | Caitlin Vogus 3.70 |
| 02/22/2016 | Golden v. NJIT | Imported Time Entry: Meeting with A.Marshall and K.Townsend re:strategy for response to FBI's counterclaim (0.7); Conference call | Caitlin Vogus |

| Date | Matter | Description | User |
|------|--------|-------------|------|
| | | with A.Marshall, K.Townsend, counsel to FBI, and counsel to NJIT (0.3). | 1.00 |
| 02/22/2016 | Golden v. NJIT | Imported Time Entry: Legal research re: ▓▓▓▓▓▓▓▓ counterclaim. | Caitlin Vogus<br>3.10 |
| 02/22/2016 | Golden v. NJIT | Imported Time Entry: Meeting w/ C. Vogus and A. Marshall re: strategy re: FBI counterclaim (0.7); meet and confer call w/ counsel for FBI and NJIT (0.3) | Katie Townsend<br>1.00 |
| 02/22/2016 | Golden v. NJIT | Imported Time Entry: Meeting with K. Townsend and C. Vogus re strategy ▓▓▓▓▓▓▓▓▓▓▓▓ | Adam Marshall<br>0.70 |
| 02/19/2016 | Golden v. NJIT | Imported Time Entry: Review FBI counterclaim against NJIT (0.4); continue legal research related to same at K. Townsend direction (1.5) | Adam Marshall<br>1.90 |
| 02/19/2016 | Golden v. NJIT | Imported Time Entry: Review FBI counterclaim filed on 2/18; conference w/ A. Marshall re: same | Katie Townsend<br>0.60 |
| 02/19/2016 | Golden v. NJIT | Imported Time Entry: Review FBI's Counterclaim for Declaratory and Injunctive Relief. | Caitlin Vogus<br>0.40 |
| 02/17/2016 | Golden v. NJIT | Imported Time Entry: Telephone calls and emails to clients with case status update | Adam Marshall<br>0.20 |
| 02/11/2016 | Golden v. NJIT | Imported Time Entry: Legal research re ▓▓▓▓▓▓▓▓▓▓ | Adam Marshall<br>2.20 |
| 02/09/2016 | Golden v. NJIT | Imported Time Entry: Review draft letter to Court from FBI counsel; emails to/from opposing counsel re: same | Katie Townsend<br>0.40 |
| 02/08/2016 | Golden v. NJIT | Imported Time Entry: Meet with K.Townsend and A.Marshall re:strategy for response to government's planned counterclaim. | Caitlin Vogus<br>0.30 |
| 02/08/2016 | Golden v. NJIT | Imported Time Entry: Conference call with K.Townsend, A.Marshall, B.Rosen, government's counsel, and NJIT counsel re: scheduling (0.5); conference call with K.Townsend, A.Marshall, and B.Rosen re: scheduling and strategy for response to government's planned counterclaim (0.1) | Caitlin Vogus<br>0.60 |
| 02/08/2016 | Golden v. NJIT | Imported Time Entry: M&C call with DOJ, NJIT re proposed scheduling submission to Court (0.5); call with Katie Townsend, Bruce Rosen, Caitlin Vogus (0.1); discussion with Katie Townsend, Caitlin Vogus re case (0.3) | Adam Marshall<br>0.90 |
| 02/08/2016 | Golden v. NJIT | Imported Time Entry: Telephonic meet and confer w/ counsel for NJIT and FBI re scheduling and related issues (0.5); follow-up call w/ B. Rosen and RCFP team (0.1); conference w/ A. Marshall and C. Vogus re: strategy (0.3) | Katie Townsend<br>0.90 |
| 01/29/2016 | Golden v. NJIT | Imported Time Entry: Status conference with court | Caitlin Vogus |

| Date | Matter | Description | User |
|------|--------|-------------|------|
| | | | 0.50 |
| 01/29/2016 | Golden v. NJIT | Imported Time Entry: Telephonic status conference before MJ Wettre w/ FBI, DOJ, NJIT | Adam Marshall |
| | | | 0.50 |
| 01/29/2016 | Golden v. NJIT | Imported Time Entry: Appear in telephonic hearing before Magistrate Judge Wettre | Katie Townsend |
| | | | 0.50 |
| 01/28/2016 | Golden v. NJIT | Imported Time Entry: Legal research re FBI proposal to file separate, second lawsuit ████████████████ | Adam Marshall |
| | | | 3.10 |
| 01/28/2016 | Golden v. NJIT | Imported Time Entry: Meet and confer phone call with DOJ, FBI, NJIT | Adam Marshall |
| | | | 0.40 |
| 01/28/2016 | Golden v. NJIT | Imported Time Entry: Meet and confer call w/ counsel for FBI and NJIT | Katie Townsend |
| | | | 0.40 |
| 01/27/2016 | Golden v. NJIT | Imported Time Entry: Review/revise letter to magistrate re: FBI proposal to file separate lawsuit against NJIT; emails to/from B. Rosen re: same | Katie Townsend |
| | | | 1.20 |
| 01/26/2016 | Golden v. NJIT | Imported Time Entry: Drafting letter to Judge Wettre re concerns over DOJ/FBI's proposed course of action | Adam Marshall |
| | | | 0.90 |
| 01/25/2016 | Golden v. NJIT | Imported Time Entry: Telephone conference with DOJ attorneys | Adam Marshall |
| | | | 0.80 |
| 01/25/2016 | Golden v. NJIT | Imported Time Entry: Meet and confer call w/ FBI counsel | Katie Townsend |
| | | | 0.80 |
| 01/22/2016 | Golden v. NJIT | Imported Time Entry: Meet and confer call w/ opposing counsel; follow-up conference/emails w/ B. Rosen | Katie Townsend |
| | | | 0.80 |
| 01/19/2016 | Golden v. NJIT | Imported Time Entry: Emails to/from opposing counsel and correspondence to court re: rescheduling time of 1/22 hearing | Katie Townsend |
| | | | 0.30 |
| 01/04/2016 | Golden v. NJIT | Imported Time Entry: Participate in portion of conference w/ district court telephonically; emails to/from B. Rosen re: same and scheduling deadline for FBI to make determination as to whether to intervene | Katie Townsend |
| | | | 1.00 |
| 12/21/2015 | Golden v. NJIT | Imported Time Entry: Revising pro hac vice motions and supporting materials for Townsend and Marshall | Adam Marshall |
| | | | 0.40 |
| 12/21/2015 | Golden v. NJIT | Imported Time Entry: Review/revise draft district court pro hac vice papers | Katie Townsend |
| | | | 0.30 |

| Date | Matter | Description | User |
|------|--------|-------------|------|
| 12/18/2015 | Golden v. NJIT | Imported Time Entry: Telephonic status conference with district court judge | Katie Townsend 0.80 |
| 12/18/2015 | Golden v. NJIT | Imported Time Entry: Telephonic status conference with district court judge | Caitlin Vogus 0.80 |
| 12/18/2015 | Golden v. NJIT | Imported Time Entry: Telephonic status conference with district court judge | Adam Marshall 0.80 |
| 12/17/2015 | Golden v. NJIT | Imported Time Entry: Call D. Golden to update him on status of case | Caitlin Vogus 0.50 |
| 12/17/2015 | Golden v. NJIT | Imported Time Entry: Conference w/ A. Marshall re: pro hac vice application and email opposing counsel re: consent for same | Katie Townsend 0.30 |
| 12/17/2015 | Golden v. NJIT | Imported Time Entry: Review NJIT correspondence to court responding to FBI letter, FBI response letter to court, and additional correspondence from NJIT to court | Katie Townsend 0.60 |
| 12/17/2015 | Golden v. NJIT | Imported Time Entry: Conference call w/ clients re:█████████ and other strategy issues | Katie Townsend 0.50 |
| 12/17/2015 | Golden v. NJIT | Imported Time Entry: Emails to/from opposing counsel and B. Rosen re: telephonic hearing before Magistrate Judge Wettre | Katie Townsend 0.20 |
| 12/16/2015 | Golden v. NJIT | Imported Time Entry: Reviewing FBI submission to Judge Wettre (0.2); legal research re:██████ (0.3) | Adam Marshall 0.50 |
| 12/16/2015 | Golden v. NJIT | Imported Time Entry: Review counsel FBI correspondence to district court | Katie Townsend 0.20 |
| 12/15/2015 | Golden v. NJIT | Imported Time Entry: Emails to/from counsel for FBI and NJIT and B. Rosen re: 1/4 hearing date in district court | Katie Townsend 0.40 |
| 12/14/2015 | Golden v. NJIT | Imported Time Entry: Preparing pro hac vice papers for DNJ | Adam Marshall 1.80 |
| 12/14/2015 | Golden v. NJIT | Imported Time Entry: Emails to/from K. Stringer and G. Potters re: FBI request for extension of time and related scheduling matters; emails to/from B. Rosen re: same | Katie Townsend 0.40 |
| 12/14/2015 | Golden v. NJIT | Imported Time Entry: Review transcript from OSC hearing | Katie Townsend 0.40 |
| 12/11/2015 | Golden v. NJIT | Imported Time Entry: Researching time for FBI answer after removal to federal court; conference w/ K. Townsend re: same | Caitlin Vogus 0.50 |

| Date | Matter | Description | User |
|------|--------|-------------|------|
| 12/11/2015 | Golden v. NJIT | Imported Time Entry: Reviewing FBI's removal filings (0.2); legal and factual research re ▮▮▮▮▮▮ (0.9) | Adam Marshall 1.10 |
| 12/11/2015 | Golden v. NJIT | Imported Time Entry: Review K. Stringer correspondence re: extension of time for FBI to file answer and related matters; draft response to same w/ B. Rosen and RCFP attorney team input | Katie Townsend 0.50 |
| 12/11/2015 | Golden v. NJIT | Imported Time Entry: Emails to/from B. Rosen and RCFP legal team re: research re: ▮▮▮▮▮▮▮▮▮ | Katie Townsend 0.20 |
| 12/11/2015 | Golden v. NJIT | Imported Time Entry: Emails/conferences w/ C. Vogus and A. Marshall re: time for FBI to answer third-party complaint and possible ▮▮▮▮▮▮▮ | Katie Townsend 0.60 |
| 12/11/2015 | Golden v. NJIT | Imported Time Entry: Review FBI removal papers; emails to/from B. Rosen, RCFP attorney team and clients re: same | Katie Townsend 0.80 |
| 12/07/2015 | Golden v. NJIT | Imported Time Entry: Review order entered by court re: OSC hearing | Katie Townsend 0.20 |
| 12/02/2015 | Golden v. NJIT | Imported Time Entry: Review requests for admission propounded by NJIT to FBI | Katie Townsend 0.30 |
| 12/02/2015 | Golden v. NJIT | Imported Time Entry: Review correspondence from NJIT counsel to court re: proposed counter order submitted by plaintiffs and the FBI and stipulated dismissal of NJIT's counterclaim against plaintiffs | Katie Townsend 0.30 |
| 12/01/2015 | Golden v. NJIT | Imported Time Entry: Review draft stipulation dismissing NJIT counterclaim against plaintiffs; email to B. Rosen re: same | Katie Townsend 0.30 |
| 12/01/2015 | Golden v. NJIT | Imported Time Entry: Review/revise draft counter order re: OSC hearing and cover letter re: same for submission on behalf of plaintiffs and the FBI; emails to FBI counsel re: same | Katie Townsend 0.40 |
| 11/30/2015 | Golden v. NJIT | Imported Time Entry: Drafting Plaintiffs' counter order re hearing on OSC | Adam Marshall 0.50 |
| 11/30/2015 | Golden v. NJIT | Imported Time Entry: Review proposed form of order drafted by NJIT re: OSC hearing; emails to/from B. Rosen and RCFP team, counsel for NJIT and counsel for FBI re: plaintiffs' objections to same and submission of proposed counter order by Plaintiffs, FBI | Katie Townsend 1.40 |
| 11/30/2015 | Golden v. NJIT | Imported Time Entry: Attend and argue hearing on order to show cause; meetings w/ B. Rosen and A. Marshall in advance of and following same; travel from NY to NJ and NJ to DC in connection w/ same (draft email summary of hearing to client en route) | Katie Townsend 6.00 |
| 11/29/2015 | Golden v. NJIT | Imported Time Entry: Prepare for 11/30 hearing on order to show cause | Katie Townsend 4.50 |
| 11/24/2015 | Golden v. NJIT | Imported Time Entry: Prepare K. Townsend for OSC hearing | Adam Marshall |

| Date | Matter | Description | User |
|------|--------|-------------|------|
| | | | 0.70 |
| 11/23/2015 | Golden v. NJIT | Imported Time Entry: Emails to/from B. Rosen re: NJIT agreement to stipulate to dismissal of counterclaim against Plaintiffs | Katie Townsend |
| | | | 0.30 |
| 11/23/2015 | Golden v. NJIT | Imported Time Entry: Finalize reply brief for filing; emails to/from B. Rosen and RCFP legal team re: revisions to and filing of same | Katie Townsend |
| | | | 0.90 |
| 11/20/2015 | Golden v. NJIT | Imported Time Entry: Revising ██████████████ ████████ | Adam Marshall |
| | | | 1.10 |
| 11/20/2015 | Golden v. NJIT | Imported Time Entry: Revising reply brief to incorporate K. Townsend comments | Caitlin Vogus |
| | | | 3.00 |
| 11/20/2015 | Golden v. NJIT | Imported Time Entry: Follow-up emails to/from C. Vogus and A. Marshall re: response to NJIT argument re: standing in connection w/ draft reply | Katie Townsend |
| | | | 0.50 |
| 11/20/2015 | Golden v. NJIT | Imported Time Entry: Review B. Rosen correspondence to G. Potters re: $26 counterclaim against plaintiffs | Katie Townsend |
| | | | 0.20 |
| 11/20/2015 | Golden v. NJIT | Imported Time Entry: Review/revise draft ████████ ████████ emails to A. Marshall re: same | Katie Townsend |
| | | | 0.50 |
| 11/19/2015 | Golden v. NJIT | Imported Time Entry: Revising draft of ████████ ██████████████ | Adam Marshall |
| | | | 1.60 |
| 11/19/2015 | Golden v. NJIT | Imported Time Entry: Review/revise draft reply re: OSC | Katie Townsend |
| | | | 1.80 |
| 11/18/2015 | Golden v. NJIT | Imported Time Entry: Drafting ██████████████████████ | Caitlin Vogus |
| | | | 2.10 |
| 11/18/2015 | Golden v. NJIT | Imported Time Entry: Draft portions of Plaintiffs' reply to NJIT opposition to OSC addressing FOIA (0.8); revise portions of draft reply addressing impleader and redaction issues, NJIT counterclaims, affirmative defenses, and attorneys' fees (1.8) | Adam Marshall |
| | | | 2.60 |
| 11/18/2015 | Golden v. NJIT | Imported Time Entry: Drafting/revising reply to NJIT opposition to OSC | Caitlin Vogus |
| | | | 3.00 |
| 11/18/2015 | Golden v. NJIT | Imported Time Entry: Emails to/from D. Golden and B. Rosen re: payment of $26 to NJIT re: counterclaim | Katie Townsend |
| | | | 0.20 |
| 11/17/2015 | Golden v. NJIT | Imported Time Entry: Draft reply to NJIT opposition to OSC (3.7); legal research in connection w/ same (1.5) | Caitlin Vogus |
| | | | 5.20 |

| Date | Matter | Description | User |
|---|---|---|---|
| 11/17/2015 | Golden v. NJIT | Imported Time Entry: Draft portions of reply to NJIT opposition to OSC addressing withholdings and impleader issues | Adam Marshall<br><br>5.70 |
| 11/16/2015 | Golden v. NJIT | Imported Time Entry: Drafting response to Defendants' opposition to OSC (2.2); Legal research re interaction between OPRA and FOIA in connection with same (0.5) | Adam Marshall<br><br>2.70 |
| 11/16/2015 | Golden v. NJIT | Imported Time Entry: Researching for reply to NJIT opposition | Caitlin Vogus<br><br>1.30 |
| 11/16/2015 | Golden v. NJIT | Imported Time Entry: Reviewing NJIT's opposition filings and answer/counterclaim (1.2); meeting with Katie and Adam to discuss response to NJIT filing and phone call with D. Golden (1.0) | Caitlin Vogus<br><br>2.20 |
| 11/16/2015 | Golden v. NJIT | Imported Time Entry: Review NJIT filings (0.8); Telephone and in-person conferences w/ D. Golden, C. Vogus and A. Marshall re: response to NJIT filings (1.0) | Katie Townsend<br><br>1.80 |
| 11/16/2015 | Golden v. NJIT | Imported Time Entry: Reviewing NJIT's answer/counterclaim, opposition to order to show cause and supporting filings (0.7); Telephone call and meeting w/ D. Golden, C. Vogus and K. Townsend re: response to NJIT filings (1.0) | Adam Marshall<br><br>1.70 |
| 11/13/2015 | Golden v. NJIT | Imported Time Entry: Review NJIT pleadings; emails to/from clients re: same, including NJIT counterclaim against plaintiffs for $26 | Katie Townsend<br><br>0.90 |
| 11/13/2015 | Golden v. NJIT | Imported Time Entry: Emails to/from B. Rosen re: telephone calls w/ NJIT counsel, G. Potters, and DOJ attorneys re: intervention and related strategy | Katie Townsend<br><br>0.40 |
| 11/10/2015 | Golden v. NJIT | Imported Time Entry: Emails to/from B. Rosen re: telephone call w/ NJIT counsel, G. Potters, re: FBI decision not to file a motion to intervene and next steps | Katie Townsend<br><br>0.40 |
| 10/29/2015 | Golden v. NJIT | Imported Time Entry: Emails to/from B. Rosen's office re: service of order granting PHV application and related records from New Jersey Lawyer's Fund | Katie Townsend<br><br>0.20 |
| 10/27/2015 | Golden v. NJIT | Imported Time Entry: Emails to/from B. Rosen's office re: order granting PHV application and follow-up/payment of fees related to same | Katie Townsend<br><br>0.30 |
| 10/09/2015 | Golden v. NJIT | Imported Time Entry: Review G. Potters letter re: new briefing schedule and hearing on OSC | Katie Townsend<br><br>0.20 |
| 10/08/2015 | Golden v. NJIT | Imported Time Entry: Follow-up legal research on intervention (2.7); draft memo to K. Townsend and A. Marshall summarizing same (0.7) | Caitlin Vogus<br><br>3.40 |
| 10/08/2015 | Golden v. NJIT | Imported Time Entry: Review G. Potter fax to Court re: extension of time for FBI to intervene; emails to/from B. Rosen and RCFP legal team re: same | Katie Townsend<br><br>0.40 |
| 10/08/2015 | Golden v. NJIT | Imported Time Entry: Review C. Vogus followup research on intervention issues | Katie Townsend<br><br>0.50 |

| Date | Matter | Description | User |
|------|--------|-------------|------|
| 10/07/2015 | Golden v. NJIT | Imported Time Entry: Preliminary research on intervention issues (1.4); conference w/ K. Townsend re: same (0.2) | Caitlin Vogus<br><br>1.60 |
| 10/07/2015 | Golden v. NJIT | Imported Time Entry: Call w/ D. Golden re: status | Adam Marshall<br><br>0.20 |
| 10/07/2015 | Golden v. NJIT | Imported Time Entry: Emails to/from and conferences w/ B. Rosen and RCFP legal team re: B. Rosen telephone call w/ NJIT counsel and related strategy issues, including legal issues re: G. Potters statement re: FBI intervention | Katie Townsend<br><br>1.20 |
| 10/07/2015 | Golden v. NJIT | Imported Time Entry: Review initial C. Vogus research re: intervention (0.3); conference w/ C. Vogus re: followup in connection w/ same (0.2). | Katie Townsend<br><br>0.50 |
| 09/30/2015 | Golden v. NJIT | Imported Time Entry: Emails to/from and conferences w/ B. Rosen and clients re: telephone call w/ NJIT counsel, G. Potters, and related strategy | Katie Townsend<br><br>0.70 |
| 09/29/2015 | Golden v. NJIT | Imported Time Entry: Emails to/from B. Rosen re: NJIT retaining G. Potters as counsel, issues concerning OSC hearing date | Katie Townsend<br><br>0.30 |
| 09/25/2015 | Golden v. NJIT | Imported Time Entry: Emails to/from B. Rosen re: service of verified complaint, OSC and PHV papers on NJIT | Katie Townsend<br><br>0.20 |
| 09/22/2015 | Golden v. NJIT | Imported Time Entry: Emails to/from B. Rosen, RCFP legal team and clients re: scheduling of hearing on OSC and pro hac vice issues | Katie Townsend<br><br>0.40 |
| 09/21/2015 | Golden v. NJIT | Imported Time Entry: Emails to/from B. Rosen and RCFP legal team re: scheduling for OSC | Katie Townsend<br><br>0.30 |
| 09/16/2015 | Golden v. NJIT | Imported Time Entry: Finalizing opening brief. | Caitlin Vogus<br><br>0.80 |
| 09/16/2015 | Golden v. NJIT | Imported Time Entry: Reviewing Bruce Rosen's comments on opening brief and researching ████████████████ opening brief. | Caitlin Vogus<br><br>1.60 |
| 09/16/2015 | Golden v. NJIT | Imported Time Entry: Review relevant GRC opinions and additional cited case law in connection with revising draft opening brief | Katie Townsend<br><br>0.80 |
| 09/16/2015 | Golden v. NJIT | Imported Time Entry: Review D. Golden and B. Rosen comments to draft brief in support of verified complaint; emails to/from B. Rosen re: same and suggested additions to brief; conferences with C. Vogus and A. Marshall re: same | Katie Townsend<br><br>1.40 |
| 09/16/2015 | Golden v. NJIT | Imported Time Entry: Review final brief in support of verified complaint in preparation for filing; emails to/from B. Rosen in connection with filing same | Katie Townsend<br><br>0.60 |

| Date | Matter | Description | User |
|------|--------|-------------|------|
| 09/15/2015 | Golden v. NJIT | Imported Time Entry: Review/revise draft brief in support of verified complaint; emails/conferences with C. Vogus, A. Marshall, B. Rosen and clients re: same | Katie Townsend<br><br>2.80 |
| 09/15/2015 | Golden v. NJIT | Imported Time Entry: Revise draft opening brief to incorporate comments from A. Marshall and K. Townsend | Caitlin Vogus<br><br>2.10 |
| 09/15/2015 | Golden v. NJIT | Imported Time Entry: Review initial draft of opening brief and suggest revisions to same | Adam Marshall<br><br>2.30 |
| 09/14/2015 | Golden v. NJIT | Imported Time Entry: Complete initial draft of opening brief, including additional legal research re: same | Caitlin Vogus<br><br>7.60 |
| 09/14/2015 | Golden v. NJIT | Imported Time Entry: Review ███████████ case law identified by C. Vogus in connection with draft brief in support of verified complaint | Katie Townsend<br><br>1.00 |
| 09/11/2015 | Golden v. NJIT | Imported Time Entry: Further legal research for opening brief (2.5); draft opening brief (4.7) | Caitlin Vogus<br><br>7.20 |
| 09/11/2015 | Golden v. NJIT | Imported Time Entry: Final review of verified complaint and supporting documents and pro hac vice papers for filing; emails to/ from clients and legal team re: same | Katie Townsend<br><br>0.70 |
| 09/10/2015 | Golden v. NJIT | Imported Time Entry: Draft order show cause (0.7); legal and factual research for opening brief in support of writ of mandate petition (2.0) | Caitlin Vogus<br><br>2.70 |
| 09/10/2015 | Golden v. NJIT | Imported Time Entry: Revise draft of verified complaint per K. Townsend (0.5); drafting proposed order (0.2) | Adam Marshall<br><br>0.70 |
| 09/10/2015 | Golden v. NJIT | Imported Time Entry: Review client edits to verified complaint; emails to/from D. Golden and A. Marshall re: same (0.4); Emails to/from B. Rosen and RCFP legal team re: deadline for supporting brief and remaining issues for filing of complaint (0.6) | Katie Townsend<br><br>1.00 |
| 09/10/2015 | Golden v. NJIT | Imported Time Entry: drafting proposed order | Adam Marshall<br><br>0.20 |
| 09/10/2015 | Golden v. NJIT | Imported Time Entry: drafting complaint | Adam Marshall<br><br>0.50 |
| 09/09/2015 | Golden v. NJIT | Imported Time Entry: Draft K. Townsend pro hac vice admission papers | Caitlin Vogus<br><br>3.00 |
| 09/09/2015 | Golden v. NJIT | Imported Time Entry: Review/revise draft verified complaint against NJIT; emails to clients and legal team re: same (1.6); Review/revise New Jersey state court pro hac vice papers; conferences w/ C. Vogus re: same (0.5) | Katie Townsend<br><br>2.10 |
| 09/09/2015 | Golden v. NJIT | Imported Time Entry: Finish initial draft of verified complaint | Adam Marshall |

| Date | Matter | Description | User |
|------|--------|-------------|------|
| | | | 1.00 |
| 09/09/2015 | Golden v. NJIT | Imported Time Entry: drafting complaint | Adam Marshall |
| | | | 1.00 |
| 09/08/2015 | Golden v. NJIT | Imported Time Entry: Drafting verified complaint | Adam Marshall |
| | | | 1.00 |
| 09/08/2015 | Golden v. NJIT | Imported Time Entry: Follow-up emails to/from B. Rosen re: serving as local counsel in D. Golden/NJIT matter and retainers | Katie Townsend |
| | | | 0.20 |
| 09/08/2015 | Golden v. NJIT | Imported Time Entry: drafting complaint | Adam Marshall |
| | | | 1.00 |
| 09/07/2015 | Golden v. NJIT | Imported Time Entry: Drafting verified complaint | Adam Marshall |
| | | | 1.10 |
| 09/07/2015 | Golden v. NJIT | Imported Time Entry: drafting complaint | Adam Marshall |
| | | | 0.40 |
| 09/07/2015 | Golden v. NJIT | Imported Time Entry: drafting complaint | Adam Marshall |
| | | | 0.40 |
| 09/07/2015 | Golden v. NJIT | Imported Time Entry: drafting complaint | Adam Marshall |
| | | | 0.30 |
| 09/03/2015 | Golden v. NJIT | Imported Time Entry: Telephone call w/ B. Rosen re: serving as local counsel in D. Golden/NJIT matter; emails to/from D. Golden and A. Marshall re: same | Katie Townsend |
| | | | 0.40 |
| 09/03/2015 | Golden v. NJIT | Imported Time Entry: Drafting verified complaint | Adam Marshall |
| | | | 1.10 |
| 09/03/2015 | Golden v. NJIT | Imported Time Entry: drafting complaint | Adam Marshall |
| | | | 1.10 |
| 09/02/2015 | Golden v. NJIT | Imported Time Entry: Review correspondence from C. Williams (NJIT) to D. Golden re: OPRA request (0.2); Emails to/from potential local counsel for D. Golden/NJIT matter; follow-up emails w/ A. Marshall and D. Golden re: same (0.3) | Katie Townsend |
| | | | 0.50 |
| 09/02/2015 | Golden v. NJIT | Imported Time Entry: Drafting verified complaint | Adam Marshall |
| | | | 1.00 |
| 09/02/2015 | Golden v. NJIT | Imported Time Entry: drafting complaint | Adam Marshall |
| | | | 0.40 |

| Date | Matter | Description | User |
|------|--------|-------------|------|
| 09/02/2015 | Golden v. NJIT | Imported Time Entry: drafting complaint | Adam Marshall<br><br>0.40 |
| 08/26/2015 | Golden v. NJIT | Imported Time Entry: Emails to/from D. Golden and T. Locke re: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ | Katie Townsend<br><br>0.20 |
| 08/25/2015 | Golden v. NJIT | Imported Time Entry: Email and telephone call w/ potential local counsel for D. Golden/NJIT matter | Katie Townsend<br><br>0.40 |
| 08/24/2015 | Golden v. NJIT | Imported Time Entry: Legal research re ORPA & common law in connection w/ drafting verified complaint (0.4); draft verified complaint (0.3); conferences/emails w/ K. Townsend re: same (0.5) | Adam Marshall<br><br>1.20 |
| 08/24/2015 | Golden v. NJIT | Imported Time Entry: Conferences and emails to/from A. Marshall re: applicable deadlines to file complaint against NJIT under OPRA and pro hac vice issues | Katie Townsend<br><br>0.50 |
| 08/24/2015 | Golden v. NJIT | Imported Time Entry: drafting complaint | Adam Marshall<br><br>0.30 |
| 08/24/2015 | Golden v. NJIT | Imported Time Entry: legal research and drafting complaint | Adam Marshall<br><br>0.30 |
| 08/24/2015 | Golden v. NJIT | Imported Time Entry: legal research | Adam Marshall<br><br>0.40 |
| 08/24/2015 | Golden v. NJIT | Imported Time Entry: legal research | Adam Marshall<br><br>0.10 |
| 08/21/2015 | Golden v. NJIT | Imported Time Entry: Review additional correspondence b/w D. Golden and C. Williams re: OPRA requests | Katie Townsend<br><br>0.20 |
| 08/17/2015 | Golden v. NJIT | Imported Time Entry: Review NJIT denial of second D. Golden OPRA request; emails to/from D. Golden and A. Marshall re: same | Katie Townsend<br><br>0.30 |
| 08/13/2015 | Golden v. NJIT | Imported Time Entry: Review/revise draft D. Golden correspondence w/ C. Williams (NJIT) submitting second, updated OPRA request (0.6); Review correspondence b/w C. Williams (NJIT) and D. Golden in connection with same (0.2) | Katie Townsend<br><br>0.80 |
| 08/03/2015 | Golden v. NJIT | Imported Time Entry: Emails to/from D. Golden and A. Marshall re: NJIT response to T. Locke request | Katie Townsend<br><br>0.20 |
| 07/29/2015 | Golden v. NJIT | Imported Time Entry: Review NJIT response to T. Locke request | Katie Townsend<br><br>0.30 |
| 07/22/2015 | Golden v. NJIT | Imported Time Entry: Review/revise draft T. Locke OPRA request to NJIT; emails to/from A. Marshall and D. Golden re: same | Katie Townsend<br><br>0.50 |

| Date | Matter | Description | User |
|------|--------|-------------|------|
| 07/20/2015 | Golden v. NJIT | Imported Time Entry: Conference call w/ D. Golden and T. Locke re: second OPRA request to NJIT | Katie Townsend<br><br>1.00 |
| 07/13/2015 | Golden v. NJIT | Imported Time Entry: Emails to/from A. Marshall and D. Golden re: second OPRA request ████████████████████████ | Katie Townsend<br><br>0.20 |
| 07/10/2015 | Golden v. NJIT | Imported Time Entry: Follow-up conferences w/ A. Marshall re: D. Golden OPRA request to NJIT and strategy ████████ | Katie Townsend<br><br>0.40 |
| 07/08/2015 | Golden v. NJIT | Imported Time Entry: Conferences w/ A. Marshall re: D. Golden OPRA request to NJIT ████████████████ | Katie Townsend<br><br>0.50 |
| 06/24/2015 | Golden v. NJIT | Imported Time Entry: Emails to/from A. Marshall and D. Golden re: ████████████████████████ | Katie Townsend<br><br>0.20 |
| 06/12/2015 | Golden v. NJIT | Imported Time Entry: Meeting w/ D. Golden re: ████████████ ████████████ (1.0); Review portions of NJIT records produced to D. Golden and correspondence re: same (0.7) | Katie Townsend<br><br>1.70 |
| 06/10/2015 | Golden v. NJIT | Imported Time Entry: Review A. Marshall chart of D. Golden state public records requests and summary research re: ████████ ████████ | Katie Townsend<br><br>0.40<br><br>296.90 |

# EXHIBIT C

# POTTERS & DELLA PIETRA LLP

## COUNSELORS AT LAW

GARY POTTERS *
CHRISTOPHER V. DELLA PIETRA ▲

JODI S. BRODSKY ▲
MICHELE L. DELUCA ◆
DREW D. KRAUSE ■
RICHARD J. SIMEONE, JR. ●
* MEMBER OF NJ BAR
▲ MEMBER OF NJ AND NY BARS
◆ MEMBER OF NJ AND TN BARS
■ MEMBER OF NJ AND PA BARS
● MEMBER OF NJ, NY, DC, AND MD BARS

100 PASSAIC AVENUE • FAIRFIELD, NJ 07004
TEL (973) 575-5240 • FAX (973) 575-4468
www.pdplawfirm.com

MAILING ADDRESS:
P.O. BOX 657
WEST CALDWELL, NJ 07007-0657

NEW YORK OFFICE:
546 FIFTH AVENUE
NEW YORK, NY 10036
(212) 355-8555

March 30, 2016

<u>By Federal Express</u>

KatieLynn B. Townsend, Esq.
Litigation Director
Reporters Committee for Freedom of the Press
1156 15th Street NW, Suite 1250
Washington, DC 20005

      Re:    Golden, <u>et al</u>. v. New Jersey Institute of Technology, <u>et al</u>.
              Civil Action No. 2:15-cv-8559-MCA-LDW
              <u>PDP File No. 80321.50606</u>

Dear Ms. Townsend:

Further to the discussions among counsel and the recently entered Order, please find enclosed documents bates stamped Golden-1 through Golden-597.

By way of explanation, you will discern two Bates stamped prefixes on these documents. The first is an NJIT prefix and the second is a Golden prefix. Neither Bates stamp prefix was affixed to these documents by NJIT; rather, all Bates stamping on these documents and presumably documents to be produced going forward, were affixed by or on behalf of the FBI after NJIT provided copies of all responsive documents to the FBI in or about October, 2015.

I additionally attach correspondence dated February 18, 2016, from the FBI to NJIT. The February 18, 2016, correspondence accompanied the Golden-1 – Golden-597 production by the FBI back to NJIT. The return of these documents to NJIT by the FBI was done in accordance with FBI protocol where a request is made for the FBI to review records, as occurred here. By way of explanation for why the letter is dated February 18 and the production bears the date set forth above, it was believed there was a discrepancy in what was produced by NJIT to the FBI and on further review, no such discrepancy exists.

Going forward, NJIT will forward to you and Mr. Golden productions as they are received from the FBI consistent with the February 18, 2016, hereinbefore referenced correspondence. The copying of Mr. Golden directly is done per your March 24, 2016, written request to Andrew Carmichael, Esq. requesting a copy be sent directly to Mr. Golden.

**POTTERS & DELLA PIETRA LLP**

COUNSELORS AT LAW

KatieLynn B. Townsend, Esq.
March 30, 2016
Page 2

Thank you.

Very truly yours,

POTTERS & DELLA PIETRA LLP

Gary Potters

GP:af
Enclosure
c:      Mr. Dan Golden (by Federal Express)
        Bruce S. Rosen, Esq. (by email w/o encl.)
        Adam A. Marshall, Esq. (by email w/o encl.)
        Andrew Carmichael, Esq. (by email w/o encl.)
        Christopher D. Amore, Esq. (by email w/o encl.)



U.S. Department of Justice

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

Date:          February 18, 2016

To:            Clara Williams
               NJIT Custodian of Records
               Fenster Hall, Room 480
               NJ Institute of Technology
               323 Dr. Martin L. King Blvd.
               Newark, New Jersey 07102

From:          David M. Hardy
               Section Chief
               Record/Information Dissemination Section
               Records Management Division
               Federal Bureau of Investigation
               170 Marcel Drive
               Winchester, Virginia 22602

Subject:       Requesters:  Daniel Golden and Tracy Locke
               Civil Action No.:  15-cv-08559
               Re: "all e-mail communications since January 1, 2010, between the Federal Bureau of
               Investigation or its representatives using the email domains @ic.fbi.gov, @fbi.gov, or any
               other email address, and" certain individuals at NJIT.

        This letter and attached CD is in response to your request for the FBI's review of records responsive
to the above-identified litigation.

        After reviewing the information, we recommend that:

        ☐          all information be disclosed.

        ☐          all information be withheld pursuant to subsection(s)

                   (_____) (_____) (_____) of Title 5, United States Code, Section(s) 552/552a.

        ☑          portions have been withheld pursuant to subsection(s) (b)(6)/(b)(7)(C) of Title
                   5, United States Code, Section 552.  The documents were inadvertently marked
                   (b)(6) only; however, the FBI is also asserting (b)(7)(C) to protect information that,
                   if released, could reasonably be expected to constitute an unwarranted invasion of
                   personal privacy.   The remainder of the documents may be disclosed as indicated
                   on the attached CD.

        Additionally, the FBI located a document which contains equities belonging to the Department of
Security Services ("DSS").   This document has been forwarded to DSS for their review.   The FBI will provide
their response as soon as it is received.

        If you have any questions regarding this response, please contact Drew Carmichael of the Federal
Programs Branch of the U.S. Department of Justice at (202) 514-3346.

# POTTERS & DELLA PIETRA LLP

### COUNSELORS AT LAW

GARY POTTERS *
CHRISTOPHER V. DELLA PIETRA ▲

JODI S. BRODSKY ▲
MICHELE L. DELUCA ♦
DREW D. KRAUSE ■
RICHARD J. SIMEONE, JR. ●
* MEMBER OF NJ BAR
▲ MEMBER OF NJ AND NY BARS
♦ MEMBER OF NJ AND TN BARS
■ MEMBER OF NJ AND PA BARS
● MEMBER OF NJ, NY, DC, AND MD BARS

100 PASSAIC AVENUE • FAIRFIELD, NJ 07004
TEL (973) 575-5240 • FAX (973) 575-4468
www.pdplawfirm.com

MAILING ADDRESS:
P.O. BOX 657
WEST CALDWELL, NJ 07007-0657

NEW YORK OFFICE:
546 FIFTH AVENUE
NEW YORK, NY 10036
(212) 355-8555

May 2, 2016

<u>By Federal Express</u>

KatieLynn B. Townsend, Esq.
Litigation Director
Reporters Committee for Freedom of the Press
1156 15th Street NW, Suite 1250
Washington, DC 20005

Re:     Golden, <u>et al</u>. v. New Jersey Institute of Technology, <u>et al</u>.
        Civil Action No. 2:15-cv-8559-MCA-LDW
        <u>PDP File No. 80321.50606</u>

Dear Ms. Townsend:

Further to the discussions among counsel and the entered Order, please find enclosed a CD containing documents bates stamped Golden-598 through Golden-1685.

As with the production under correspondence dated March 30, 2016, you will discern two Bates stamped prefixes on these documents. The first is an NJIT prefix and the second is a Golden prefix. Neither Bates stamp prefix was affixed to these documents by NJIT; rather, all Bates stamping on these documents and presumably documents to be produced going forward, were affixed by or on behalf of the FBI after NJIT provided copies of all responsive documents to the FBI.

I additionally attach correspondence dated April 28, 2016, from the FBI to NJIT. This correspondence accompanied the Golden-598 – Golden-1685 production by the FBI back to NJIT. The return of these documents to NJIT by the FBI was done in accordance with FBI protocol where a request is made for the FBI to review records, as occurred here.

NJIT will continue to forward to you and Mr. Golden productions as they are received from the FBI consistent with the February 18, 2016, correspondence. The copying of Mr. Golden directly is done per your March 24, 2016, written request to Andrew Carmichael, Esq. requesting a copy be sent directly to Mr. Golden.

POTTERS & DELLA PIETRA LLP
COUNSELORS AT LAW

KatieLynn B. Townsend, Esq.
May 2, 2016
Page 2

       Thank you.

                                 Very truly yours,

                                 POTTERS & DELLA PIETRA LLP

                                 Gary Potters

GP:af
Enclosure
c:     Mr. Dan Golden (by Federal Express)
       Bruce S. Rosen, Esq. (by email w/o encl.)
       Adam A. Marshall, Esq. (by email w/o encl.)
       Andrew Carmichael, Esq. (by email w/o encl.)
       Christopher D. Amore, Esq. (by email w/o encl.)



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

Date:     April 28, 2016

To:       Clara Williams
          NJIT Custodian of Records
          Fenster Hall, Room 480
          NJ Institute of Technology
          323 Dr. Martin L. King Blvd.
          Newark, New Jersey 07102

From:     David M. Hardy
          Section Chief
          Record/Information Dissemination Section
          Records Management Division
          Federal Bureau of Investigation
          170 Marcel Drive
          Winchester, Virginia 22602

Subject:  Requesters:  Daniel Golden and Tracy Locke
          Civil Action No.:   15-cv-08559
          Re: "all e-mail communications since January 1, 2010, between the Federal Bureau of
          Investigation or its representatives using the email domains @ic.fbi.gov, @fbi.gov, or any
          other email address, and" certain individuals at NJIT.

          This letter and attached CD is in response to your request for the FBI's review of records responsive
to the above-identified litigation.

          After reviewing the information, we recommend that:

          ☐     all information be disclosed.

          ☐     all information be withheld pursuant to subsection(s)

                (_____) (_____) (_____) of Title 5, United States Code, Section(s) 552/552a.

          ☑     portions have been withheld pursuant to subsections (b)(6), (b)(7)(C), and
                (b)(7)(E) of Title 5, United States Code, Section 552.   The remainder of the
                documents may be disclosed as indicated on the attached CD.   Enclosed is a
                copy of the Explanation of Exemptions for your reference.

          Please be advised, the attached material (Golden 598-1685) represents the 2nd and 3rd interim
releases of responsive material to the request.

          Duplicate copies of the same document were not processed.

          If you have any questions regarding this response, please contact Drew Carmichael of the Federal
Programs Branch of the U.S. Department of Justice at (202) 514-3346.

RECEIVED
APR 28 2016
POTTERS & DELLA PIETRA LLP

Enclosure(s)

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)    (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)    related solely to the internal personnel rules and practices of an agency;

(b)(3)    specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)    trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)    inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)    personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)    records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)    contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)    geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)    information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)    material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)    information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)    investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)    material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)    required by statute to be maintained and used solely as statistical records;

(k)(5)    investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)    testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service he release of which would compromise the testing or examination process;

(k)(7)    material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

# POTTERS & DELLA PIETRA LLP

### COUNSELORS AT LAW

GARY POTTERS *
CHRISTOPHER V. DELLA PIETRA ▲

JODI S. BRODSKY ▲
MICHELE L. DELUCA ♦
DREW D. KRAUSE ■
RICHARD J. SIMEONE, JR. ●
* MEMBER OF NJ BAR
▲ MEMBER OF NJ AND NY BARS
♦ MEMBER OF NJ AND TN BARS
■ MEMBER OF NJ AND PA BARS
● MEMBER OF NJ, NY, DC, AND MD BARS

100 PASSAIC AVENUE • FAIRFIELD, NJ 07004
TEL (973) 575-5240 • FAX (973) 575-4468
www.pdplawfirm.com

MAILING ADDRESS:
P.O. BOX 657
WEST CALDWELL, NJ 07007-0657

NEW YORK OFFICE:
546 FIFTH AVENUE
NEW YORK, NY 10036
(212) 355-8555

June 2, 2016

<u>By Federal Express</u>

KatieLynn B. Townsend, Esq.
Litigation Director
Reporters Committee for Freedom of the Press
1156 15th Street NW, Suite 1250
Washington, DC 20005

      Re:    Golden, <u>et al</u>. v. New Jersey Institute of Technology, <u>et al</u>.
               Civil Action No. 2:15-cv-8559-MCA-LDW
               <u>PDP File No. 80321.50606</u>

Dear Ms. Townsend:

      Further to the discussions among counsel and the entered Order, please find enclosed a CD containing documents bates stamped Golden-52 through Golden-59; Golden 628 through Golden-630 and Golden-1686 through Golden-2190.

      As with the productions under correspondence dated March 30, 2016 and May 2, 2016, you will discern two Bates stamped prefixes on these documents.  The first is an NJIT prefix and the second is a Golden prefix.  Neither Bates stamp prefix was affixed to these documents by NJIT; rather, all Bates stamping on these documents and presumably documents to be produced going forward, were affixed by or on behalf of the FBI after NJIT provided copies of all responsive documents to the FBI.

      I additionally attach correspondence dated May 27, 2016, from the FBI to NJIT.  This correspondence accompanied the production referenced above by the FBI back to NJIT.  The return of these documents to NJIT by the FBI was done in accordance with FBI protocol where a request is made for the FBI to review records, as occurred here.

      NJIT will continue to forward to you and Mr. Golden productions as they are received from the FBI consistent with the February 18, 2016, correspondence.  The copying of Mr. Golden directly is done per your March 24, 2016, written request to Andrew Carmichael, Esq. requesting a copy be sent directly to Mr. Golden.

POTTERS & DELLA PIETRA LLP
COUNSELORS AT LAW

KatieLynn B. Townsend, Esq.
June 2, 2016
Page 2

Thank you.

Very truly yours,

POTTERS & DELLA PIETRA LLP

Gary Potters

GP:af
Enclosure
c:      Mr. Dan Golden (by Federal Express w/encl.)
        Bruce S. Rosen, Esq. (by email w/o encl.)
        Adam A. Marshall, Esq. (by email w/o encl.)
        Andrew Carmichael, Esq. (by email w/o encl.)
        Christopher D. Amore, Esq. (by email w/o encl.)

U.S. Department of Justice

Federal Bureau of Investigation
Washington, D.C. 20535

Date:       May 27, 2016

To:         Clara Williams
            NJIT Custodian of Records
            Fenster Hall, Room 480
            NJ Institute of Technology
            323 Dr. Martin Luther King Blvd.
            Newark, New Jersey 07102

From:       David M. Hardy
            Section Chief
            Record/Information Dissemination Section
            Records Management Division
            Federal Bureau of Investigation
            170 Marcel Drive
            Winchester, Virginia 22602

---

**RECEIVED**

MAY 3 1 2016

POTTERS & DELLA PIETRA LLP

---

Subject:    Requesters:  Daniel Golden and Tracy Locke
            Civil Action No.:  15-cv-08559
            Re: "all e-mail communications since January 1, 2010, between the Federal Bureau of
            Investigation or its representatives using the email domains @ic.fbi.gov, @fbi.gov, or any
            other email address, and" certain individuals at NJIT.

        This letter and attached CD is in response to your request for the FBI's review of records responsive
to the above-identified litigation.

        After reviewing the information, we recommend that:

        ☐       all information be disclosed.

        ☐       all information be withheld pursuant to subsection(s)

                (_____) (_____) (_____) of Title 5, United States Code, Section(s) 552/552a.

        ☑       portions have been withheld pursuant to subsections (b)(6), (b)(7)(C), and
                (b)(7)(E) of Title 5, United States Code, Section(s) 552/552a.  The remainder of
                the documents may be disclosed as indicated on the attached CD.  Enclosed is a
                copy of the Explanation of Exemptions for your reference.

        Please be advised, the attached material (Golden 1686-2190) represents the 4th interim release of
responsive material to the request.

        Duplicate copies of the same document were not processed.

        You were previously advised that the FBI was consulting with the Department of Security Services
(DSS).  This consultation has been completed and you will find those documents (Golden 52-59 and Golden
628-630) located on the enclosed CD as well.

        Additionally, the FBI located documents which contain equities belonging to another government
agency (OGA).   This material has been forwarded for their review.   The FBI will provide their response as
soon as it is received.

        If you have any questions regarding this response, please contact Drew Carmichael of the Federal
Programs Branch of the U.S. Department of Justice at (202) 514-3346.

# POTTERS & DELLA PIETRA LLP

### COUNSELORS AT LAW

GARY POTTERS *
CHRISTOPHER V. DELLA PIETRA ▲

JODI S. BRODSKY ▲
MICHELE L. DELUCA ◆
DREW D. KRAUSE ■
RICHARD J. SIMEONE, JR. ●

* MEMBER OF NJ BAR
▲ MEMBER OF NJ AND NY BARS
◆ MEMBER OF NJ AND TN BARS
■ MEMBER OF NJ AND PA BARS
● MEMBER OF NJ, NY, DC, AND MD BARS

100 PASSAIC AVENUE • FAIRFIELD, NJ 07004
TEL (973) 575-5240 • FAX (973) 575-4468
www.pdplawfirm.com

MAILING ADDRESS:
P.O. BOX 657
WEST CALDWELL, NJ 07007-0657

NEW YORK OFFICE:
546 FIFTH AVENUE
NEW YORK, NY 10036
(212) 355-8555

June 30, 2016

<u>By Federal Express</u>

KatieLynn B. Townsend, Esq.
Litigation Director
Reporters Committee for Freedom of the Press
1156 15th Street NW, Suite 1250
Washington, DC 20005

Re:     Golden, <u>et al</u>. v. New Jersey Institute of Technology, <u>et al</u>.
          Civil Action No. 2:15-cv-8559-MCA-LDW
          <u>PDP File No. 80321.50606</u>

Dear Ms. Townsend:

Further to the discussions among counsel and the entered Order, please find enclosed a CD containing documents bates stamped Golden-2191 through Golden-2724.

As with the productions under correspondence dated March 30, 2016, May 2, 2016 and June 2, 2016, you will discern two Bates stamped prefixes on these documents. The first is an NJIT prefix and the second is a Golden prefix. Neither Bates stamp prefix was affixed to these documents by NJIT; rather, all Bates stamping on these documents and presumably documents to be produced going forward, were affixed by or on behalf of the FBI after NJIT provided copies of all responsive documents to the FBI.

I additionally attach correspondence dated June 30, 2016, from the FBI to NJIT. This correspondence accompanied the production referenced above by the FBI back to NJIT. The return of these documents to NJIT by the FBI was done in accordance with FBI protocol where a request is made for the FBI to review records, as occurred here.

NJIT will continue to forward to you and Mr. Golden productions as they are received from the FBI consistent with the February 18, 2016, correspondence. The copying of Mr. Golden directly is done per your March 24, 2016, written request to Andrew Carmichael, Esq. requesting a copy be sent directly to Mr. Golden.

POTTERS & DELLA PIETRA LLP

COUNSELORS AT LAW

KatieLynn B. Townsend, Esq.
June 30, 2016
Page 2

Thank you.

Very truly yours,

POTTERS & DELLA PIETRA LLP

Gary Potters

GP:af
Enclosure
c: Mr. Dan Golden (by Federal Express w/encl.)
  Bruce S. Rosen, Esq. (by email w/o encl.)
  Adam A. Marshall, Esq. (by email w/o encl.)
  Andrew Carmichael, Esq. (by email w/o encl.)
  Christopher D. Amore, Esq. (by email w/o encl.)



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

Date:    June 30, 2016

To:     Clara Williams
NJIT Custodian of Records
Fenster Hall, Room 480
NJ Institute of Technology
323 Dr. Martin Luther King Blvd.
Newark, New Jersey 07102

From:    David M. Hardy
Section Chief
Record/Information Dissemination Section
Records Management Division
Federal Bureau of Investigation
170 Marcel Drive
Winchester, Virginia 22602

Subject:    Requesters: Daniel Golden and Tracy Locke
Civil Action No.: 15-cv-08559
Re: "all e-mail communications since January 1, 2010, between the Federal Bureau of
Investigation or its representatives using the email domains @ic.fbi.gov, @fbi.gov, or any
other email address, and" certain individuals at NJIT.

RECEIVED
JUN 2 8 2016
POTTERS & DELLA PIETRA LLP

This letter and attached CD is in response to your request for the FBI's review of records responsive to the above-identified litigation.

After reviewing the information, we recommend that:

☐     all information be disclosed.

☐     all information be withheld pursuant to subsection(s)

    (_____) (_____) (_____) of Title 5, United States Code, Section(s) 552/552a.

☑     portions have been withheld pursuant to subsections (b)(6), (b)(7)(C), and (b)(7)(E) of Title 5, United States Code, Section(s) 552/552a. The remainder of the documents may be disclosed as indicated on the attached CD. Enclosed is a copy of the Explanation of Exemptions for your reference.

Please be advised, the attached material (Golden 2191-2722) represents the 5th interim release of responsive material to the request.

Duplicate copies of the same document were not processed.

Additionally, the FBI located documents which contain equities belonging to another government agency (OGA). This material has been forwarded for their review. The FBI will provide their response as soon as it is received.

If you have any questions regarding this response, please contact Drew Carmichael of the Federal Programs Branch of the U.S. Department of Justice at (202) 514-3346.

# EXHIBIT D

# POTTERS & DELLA PIETRA LLP

### COUNSELORS AT LAW

GARY POTTERS *
CHRISTOPHER V. DELLA PIETRA ▲

JODI S. BRODSKY ▲
MICHELE L. DELUCA ♦
DREW D. KRAUSE ■
RICHARD J. SIMEONE, JR. ●
* MEMBER OF NJ BAR
▲ MEMBER OF NJ AND NY BARS
♦ MEMBER OF NJ AND TN BARS
■ MEMBER OF NJ AND PA BARS
● MEMBER OF NJ, NY, DC, AND MD BARS

100 PASSAIC AVENUE • FAIRFIELD, NJ 07004
TEL (973) 575-5240 • FAX (973) 575-4468
www.pdplawfirm.com

MAILING ADDRESS:
P.O. BOX 657
WEST CALDWELL, NJ 07007-0657

NEW YORK OFFICE:
546 FIFTH AVENUE
NEW YORK, NY 10036
(212) 355-8555

August 2, 2016

<u>By Federal Express</u>

KatieLynn B. Townsend, Esq.
Litigation Director
Reporters Committee for Freedom of the Press
1156 15th Street NW, Suite 1250
Washington, DC 20005

Re:     Golden, <u>et al</u>. v. New Jersey Institute of Technology, <u>et al</u>.
         Civil Action No. 2:15-cv-8559-MCA-LDW
         <u>PDP File No. 80321.50606</u>

Dear Ms. Townsend:

Further to the discussions among counsel and the entered Order, please find enclosed a CD containing documents bates stamped Golden-2739 through Golden-3310.

As with the productions under correspondence dated March 30, 2016, May 2, 2016, June 2, 2016 and June 30, 2016, you will discern two Bates stamped prefixes on these documents. The first is an NJIT prefix and the second is a Golden prefix. Neither Bates stamp prefix was affixed to these documents by NJIT; rather, all Bates stamping on these documents and presumably documents to be produced going forward, were affixed by or on behalf of the FBI after NJIT provided copies of all responsive documents to the FBI.

I additionally attach correspondence dated July 28, 2016, from the FBI to NJIT. This correspondence accompanied the production referenced above by the FBI back to NJIT. The return of these documents to NJIT by the FBI was done in accordance with FBI protocol where a request is made for the FBI to review records, as occurred here.

NJIT will continue to forward to you and Mr. Golden productions as they are received from the FBI consistent with the February 18, 2016, correspondence. The copying of Mr. Golden directly is done per your March 24, 2016, written request to Andrew Carmichael, Esq. requesting a copy be sent directly to Mr. Golden.

POTTERS & DELLA PIETRA LLP

COUNSELORS AT LAW

KatieLynn B. Townsend, Esq.
August 2, 2016
Page 2

Thank you.

Very truly yours,

POTTERS & DELLA PIETRA LLP

Gary Potters

GP:af
Enclosure
c:       Mr. Dan Golden (by Federal Express w/encl.)
         Bruce S. Rosen, Esq. (by email w/o encl.)
         Adam A. Marshall, Esq. (by email w/o encl.)
         Andrew Carmichael, Esq. (by email w/o encl.)
         Christopher D. Amore, Esq. (by email w/o encl.)



U.S. Department of Justice

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

Date:     July 28, 2016

To:       Clara Williams
          NJIT Custodian of Records
          Fenster Hall, Room 480
          NJ Institute of Technology
          323 Dr. Martin Luther King Blvd.
          Newark, New Jersey 07102

From:     David M. Hardy
          Section Chief
          Record/Information Dissemination Section
          Records Management Division
          Federal Bureau of Investigation
          170 Marcel Drive
          Winchester, Virginia 22602

Subject:  Requesters:  Daniel Golden and Tracy Locke
          Civil Action No.:  15-cv-08559
          Re: "all e-mail communications since January 1, 2010, between the Federal Bureau of
          Investigation or its representatives using the email domains @ic.fbi.gov, @fbi.gov, or any
          other email address, and" certain individuals at NJIT.

This letter and attached CD is in response to your request for the FBI's review of records responsive
to the above-identified litigation.

After reviewing the information, we recommend that:

☐   all information be disclosed.

☐   all information be withheld pursuant to subsection(s)

     (_____) (_____) (_____) of Title 5, United States Code, Section(s) 552/552a.

☑   portions have been withheld pursuant to subsections (b)(6), (b)(7)(C), and
     (b)(7)(D) of Title 5, United States Code, Section(s) 552/552a.   The remainder of
     the documents may be disclosed as indicated on the attached CD.   Enclosed is a
     copy of the Explanation of Exemptions for your reference.

Please be advised, the attached material (Golden 2725-3310) represents the 6th interim release of
responsive material to the request.

Duplicate copies of the same document were not processed.

Additionally, the FBI located documents which contain equities belonging to another government
agency (OGA).   This material has been forwarded for their review.   The FBI will provide their response as
soon as it is received.

If you have any questions regarding this response, please contact Drew Carmichael of the Federal
Programs Branch of the U.S. Department of Justice at (202) 514-3346.

# POTTERS & DELLA PIETRA LLP

### COUNSELORS AT LAW

GARY POTTERS *
CHRISTOPHER V. DELLA PIETRA ▲

JODI S. BRODSKY ▲
MICHELE L. DELUCA ♦
DREW D. KRAUSE ■
RICHARD J. SIMEONE, JR. ●
* MEMBER OF NJ BAR
▲ MEMBER OF NJ AND NY BARS
♦ MEMBER OF NJ AND TN BARS
■ MEMBER OF NJ AND PA BARS
● MEMBER OF NJ, NY, DC, AND MD BARS

100 PASSAIC AVENUE • FAIRFIELD, NJ 07004
TEL (973) 575-5240 • FAX (973) 575-4468
www.pdplawfirm.com

MAILING ADDRESS:
P.O. BOX 657
WEST CALDWELL, NJ 07007-0657

NEW YORK OFFICE:
546 FIFTH AVENUE
NEW YORK, NY 10036
(212) 355-8555

September 6, 2016

<u>By Federal Express</u>

KatieLynn B. Townsend, Esq.
Litigation Director
Reporters Committee for Freedom of the Press
1156 15th Street NW, Suite 1250
Washington, DC 20005

Re:     Golden, <u>et al</u>. v. New Jersey Institute of Technology, <u>et al</u>.
        Civil Action No. 2:15-cv-8559-MCA-LDW
        <u>PDP File No. 80321.50606</u>

Dear Ms. Townsend:

Further to the discussions among counsel and the entered Order, please find enclosed a CD containing documents bates stamped Golden-3311 through Golden-3809.

As with the productions under correspondence dated March 30, 2016, May 2, 2016, June 2, 2016, June 30, 2016 and August 2, 2016, you will discern two Bates stamped prefixes on these documents. The first is an NJIT prefix and the second is a Golden prefix. Neither Bates stamp prefix was affixed to these documents by NJIT; rather, all Bates stamping on these documents and presumably documents to be produced going forward, were affixed by or on behalf of the FBI after NJIT provided copies of all responsive documents to the FBI.

I additionally attach correspondence dated August 29, 2016, from the FBI to NJIT. This correspondence accompanied the production referenced above by the FBI back to NJIT. The return of these documents to NJIT by the FBI was done in accordance with FBI protocol where a request is made for the FBI to review records, as occurred here.

NJIT will continue to forward to you and Mr. Golden productions as they are received from the FBI consistent with the February 18, 2016, correspondence. The copying of Mr. Golden directly is done per your March 24, 2016, written request to Andrew Carmichael, Esq. requesting a copy be sent directly to Mr. Golden.

POTTERS & DELLA PIETRA LLP

COUNSELORS AT LAW

KatieLynn B. Townsend, Esq.
September 6, 2016
Page 2

Thank you.

Very truly yours,

POTTERS & DELLA PIETRA LLP

Gary Potters

GP:af
Enclosure
c:      Mr. Dan Golden (by Federal Express w/encl.)
        Bruce S. Rosen, Esq. (by email w/o encl.)
        Adam A. Marshall, Esq. (by email w/o encl.)
        Andrew Carmichael, Esq. (by email w/o encl.)
        Christopher D. Amore, Esq. (by email w/o encl.)



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

Date:        August 29, 2016

To:          Clara Williams
             NJIT Custodian of Records
             Fenster Hall, Room 480
             NJ Institute of Technology
             323 Dr. Martin Luther King Blvd.
             Newark, New Jersey 07102

From:        David M. Hardy
             Section Chief
             Record/Information Dissemination Section
             Records Management Division
             Federal Bureau of Investigation
             170 Marcel Drive
             Winchester, Virginia 22602

Subject:     Requesters:  Daniel Golden and Tracy Locke
             Civil Action No.:   15-cv-08559
             Re: "all e-mail communications since January 1, 2010, between the Federal Bureau of
             Investigation or its representatives using the email domains @ic.fbi.gov, @fbi.gov, or any
             other email address, and" certain individuals at NJIT.

          This letter and attached CD is in response to your request for the FBI's review of records responsive
to the above-identified litigation.

          After reviewing the information, we recommend that:

          ☐        all information be disclosed.

          ☐        all information be withheld pursuant to subsection(s)

                   (_____) (_____) (_____) of Title 5, United States Code, Section(s) 552/552a.

          ☑        portions have been withheld pursuant to subsections (b)(6) and (b)(7)(C) of Title 5,
                   United States Code, Section(s) 552/552a.   The remainder of the documents may
                   be disclosed as indicated on the attached CD.

          Please be advised, the attached material (Golden 3311-3809) represents the 7th interim release of
responsive material to the request.

          Additionally, the FBI located documents which contain equities belonging to another government
agency (OGA).   This material has been forwarded for their review.   The FBI will provide their response as
soon as it is received.

          If you have any questions regarding this response, please contact Drew Carmichael of the Federal
Programs Branch of the U.S. Department of Justice at (202) 514-3346.

# POTTERS & DELLA PIETRA LLP

### COUNSELORS AT LAW

GARY POTTERS *
CHRISTOPHER V. DELLA PIETRA ▲

JODI S. BRODSKY ♦
MICHELE L. DELUCA ♦
DREW D. KRAUSE ■
RICHARD J. SIMEONE, JR. ●
* MEMBER OF NJ BAR
▲ MEMBER OF NJ AND NY BARS
♦ MEMBER OF NJ AND TN BARS
■ MEMBER OF NJ AND PA BARS
● MEMBER OF NJ, NY, DC, AND MD BARS

100 PASSAIC AVENUE • FAIRFIELD, NJ 07004
TEL (973) 575-5240 • FAX (973) 575-4468
www.pdplawfirm.com

MAILING ADDRESS:
P.O. BOX 657
WEST CALDWELL, NJ 07007-0657

NEW YORK OFFICE:
546 FIFTH AVENUE
NEW YORK, NY 10036
(212) 355-8555

October 4, 2016

By Federal Express

KatieLynn B. Townsend, Esq.
Litigation Director
Reporters Committee for Freedom of the Press
1156 15th Street NW, Suite 1250
Washington, DC 20005

     Re:    Golden, et al. v. New Jersey Institute of Technology, et al.
            Civil Action No. 2:15-cv-8559-MCA-LDW
            PDP File No. 80321.50606

Dear Ms. Townsend:

     Further to the discussions among counsel and the entered Order, please find enclosed a CD containing documents bates stamped Golden-3810 through Golden-4310.

     As with the productions under correspondence dated March 30, 2016, May 2, 2016, June 2, 2016, June 30, 2016, August 2, 2016 and September 6, 2016, you will discern two Bates stamped prefixes on these documents. The first is an NJIT prefix and the second is a Golden prefix. Neither Bates stamp prefix was affixed to these documents by NJIT; rather, all Bates stamping on these documents and presumably documents to be produced going forward, were affixed by or on behalf of the FBI after NJIT provided copies of all responsive documents to the FBI.

     I additionally attach correspondence dated September 29, 2016, from the FBI to NJIT. This correspondence accompanied the production referenced above by the FBI back to NJIT. The return of these documents to NJIT by the FBI was done in accordance with FBI protocol where a request is made for the FBI to review records, as occurred here.

     NJIT will continue to forward to you and Mr. Golden productions as they are received from the FBI consistent with the February 18, 2016, correspondence. The copying of Mr. Golden directly is done per your March 24, 2016, written request to Andrew Carmichael, Esq. requesting a copy be sent directly to Mr. Golden.

POTTERS & DELLA PIETRA LLP

COUNSELORS AT LAW

KatieLynn B. Townsend, Esq.
October 4, 2016
Page 2

Thank you.

Very truly yours,

POTTERS & DELLA PIETRA LLP

*Gary Potters/neo*

Gary Potters

GP:af
Enclosure
c:     Mr. Dan Golden (by Federal Express w/encl.)
       Bruce S. Rosen, Esq. (by email w/o encl.)
       Adam A. Marshall, Esq. (by email w/o encl.)
       Andrew Carmichael, Esq. (by email w/o encl.)
       Christopher D. Amore, Esq. (by email w/o encl.)



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

Date:        September 29, 2016

To:          Clara Williams
             NJIT Custodian of Records
             Fenster Hall, Room 480
             NJ Institute of Technology
             323 Dr. Martin Luther King Blvd.
             Newark, New Jersey 07102

From:        David M. Hardy
             Section Chief
             Record/Information Dissemination Section
             Records Management Division
             Federal Bureau of Investigation
             170 Marcel Drive
             Winchester, Virginia 22602

Subject:     Requesters:  Daniel Golden and Tracy Locke
             Civil Action No.:  15-cv-08559
             Re: "all e-mail communications since January 1, 2010, between the Federal Bureau of
             Investigation or its representatives using the email domains @ic.fbi.gov, @fbi.gov, or any
             other email address, and" certain individuals at NJIT.

       This letter and attached CD is in response to your request for the FBI's review of records responsive
to the above-identified litigation.

            After reviewing the information, we recommend that:

                 ⌐   all information be disclosed.

                 ⌐   all information be withheld pursuant to subsection(s)

                     (_____) (_____) (_____) of Title 5, United States Code, Section(s) 552/552a.

                 ☑   portions have been withheld pursuant to subsections (b)(6), (b)(7)(C), and
                     (b)(7)(D) of Title 5, United States Code, Section(s) 552/552a.   The remainder of
                     the documents may be disclosed as indicated on the attached CD.

       Please be advised, the attached material (Golden 3810-4310) represents the 8th interim release of
responsive material to the request.

       Additionally, the FBI located documents which contain equities belonging to another government
agency (OGA).   This material has been forwarded for their review.   The FBI will provide their response as
soon as it is received.

       If you have any questions regarding this response, please contact Drew Carmichael of the Federal
Programs Branch of the U.S. Department of Justice at (202) 514-3346.

RECEIVED
SEP 2 9 2016
POTTERS & DELLA PIETRA LLP

# POTTERS & DELLA PIETRA LLP

### COUNSELORS AT LAW

GARY POTTERS *
CHRISTOPHER V. DELLA PIETRA ▲

JODI S. BRODSKY ▲
MICHELE L. DELUCA ♦
DREW D. KRAUSE ■
RICHARD J. SIMEONE, JR. ●
* MEMBER OF NJ BAR
▲ MEMBER OF NJ AND NY BARS
♦ MEMBER OF NJ AND TN BARS
■ MEMBER OF NJ AND PA BARS
● MEMBER OF NJ, NY, DC, AND MD BARS

100 PASSAIC AVENUE • FAIRFIELD, NJ 07004
TEL (973) 575-5240 • FAX (973) 575-4468
www.pdplawfirm.com

MAILING ADDRESS:
P.O. BOX 657
WEST CALDWELL, NJ 07007-0657

NEW YORK OFFICE:
546 FIFTH AVENUE
NEW YORK, NY 10036
(212) 355-8555

November 2, 2016

<u>By Federal Express</u>

KatieLynn B. Townsend, Esq.
Litigation Director
Reporters Committee for Freedom of the Press
1156 15th Street NW, Suite 1250
Washington, DC 20005

      Re:     Golden, <u>et al</u>. v. New Jersey Institute of Technology, <u>et al</u>.
              Civil Action No. 2:15-cv-8559-MCA-LDW
              <u>PDP File No. 80321.50606</u>

Dear Ms. Townsend:

Further to the discussions among counsel and the entered Order, please find enclosed a CD containing the following bates stamped documents:

1.      Golden-1938 through Golden-1948;
2.      Golden-1957 through Golden-1961;
3.      Golden-2237 through Golden-2273;
4.      Golden-3183 through Golden-3212;
5.      Golden-3656 through Golden-3661;
6.      Golden-4120 through Golden-4166; and
7.      Golden-4311 through Golden-4424.

The cover letter from the FBI refers to the last set of documents as Golden-4311 to 4440. While we wait for the FBI to advise regarding the 16 page shortfall (4425 – 4440), in response to our request for this clarification, the FBI requested we produce as is.

As with the productions under correspondence dated March 30, 2016, May 2, 2016, June 2, 2016, June 30, 2016, August 2, 2016 and September 6, 2016 and October 2, 2016, you will discern two Bates stamped prefixes on these documents. The first is an NJIT prefix and the second is a Golden prefix. Neither Bates stamp prefix was affixed to these documents by NJIT; rather, all Bates stamping on these documents and presumably documents to be produced going forward, were affixed by or on behalf of the FBI after NJIT provided copies of all responsive documents to the FBI.

POTTERS & DELLA PIETRA LLP

COUNSELORS AT LAW

KatieLynn B. Townsend, Esq.
November 2, 2016
Page 2

I additionally attach correspondence dated October 31, 2016, from the FBI to NJIT. This correspondence accompanied the production referenced above by the FBI back to NJIT. The return of these documents to NJIT by the FBI was done in accordance with FBI protocol where a request is made for the FBI to review records, as occurred here.

NJIT will continue to forward to you and Mr. Golden productions as they are received from the FBI consistent with the February 18, 2016, correspondence. The copying of Mr. Golden directly is done per your March 24, 2016, written request to Andrew Carmichael, Esq. requesting a copy be sent directly to Mr. Golden.

Thank you.

Very truly yours,

POTTERS & DELLA PIETRA LLP

Gary Potters

GP:af
Enclosure
c:      Mr. Dan Golden (by Federal Express w/encl.)
        Bruce S. Rosen, Esq. (by email w/o encl.)
        Adam A. Marshall, Esq. (by email w/o encl.)
        Andrew Carmichael, Esq. (by email w/o encl.)
        Christopher D. Amore, Esq. (by email w/o encl.)



U.S. Department of Justice

---

Federal Bureau of Investigation
*Washington, D.C. 20535*

Date:          October 31, 2016

To:            Clara Williams
               NJIT Custodian of Records
               Fenster Hall, Room 480
               NJ Institute of Technology
               323 Dr. Martin Luther King Blvd.
               Newark, New Jersey 07102

From:          David M. Hardy
               Section Chief
               Record/Information Dissemination Section
               Records Management Division
               Federal Bureau of Investigation
               170 Marcel Drive
               Winchester, Virginia 22602

Subject:       Requesters:  Daniel Golden and Tracy Locke
               Civil Action No.:  15-cv-08559
               Re: "all e-mail communications since January 1, 2010, between the Federal Bureau of
               Investigation or its representatives using the email domains @ic.fbi.gov, @fbi.gov, or any
               other email address, and" certain individuals at NJIT

        This letter and attached CD is in response to your request for the FBI's review of records responsive
to the above-identified litigation.

        After reviewing the information, we recommend that:

        ☐       all information be disclosed.

        ☐       all information be withheld pursuant to subsection(s)

                (_____) (_____) (_____) of Title 5, United States Code, Section(s) 552/552a.

        ☑       portions have been withheld pursuant to subsections (b)(6), (b)(7)(C), and
                (b)(7)(E) of Title 5, United States Code, Section(s) 552/552a.   The remainder of
                the documents may be disclosed as indicated on the attached CD.

        Please be advised, the attached material (Golden 4311-4440) represents the final release of
responsive material to the request.

        Duplicate copies of the same document were not processed.

        You were previously advised that the FBI was consulting with other government agencies (OGA).
These consultations have been completed and you will find those documents (Golden 1938-1948,
Golden 1957-1961, Golden 2237-2273, Golden 3183-3212, Golden 3656-3661, and Golden 4120-4166)
located on the CD as well.

        If you have any questions regarding this response, please contact Drew Carmichael of the Federal
Programs Branch of the U.S. Department of Justice at (202) 514-3346.

RECEIVED
NOV 0 1 2016
POTTERS & DELLA PIETRA LLP

# EXHIBIT E

GARY POTTERS, ESQ.  (Attorney ID No. 027271988)
POTTERS & DELLA PIETRA LLP
100 PASSAIC AVENUE
FAIRFIELD, NEW JERSEY 07004
(973) 575-5240
Attorneys for Defendants,
New Jersey Institute of Technology and
Clara Williams

| | |
|---|---|
| DANIEL GOLDEN<br><br>and<br><br>TRACY LOCKE,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>NEW JERSEY INSTITUTE OF<br>TECHNOLOGY<br><br>and<br><br>CLARA WILLIAMS, in her capacity of<br>custodian of records for the New Jersey Institute<br>of Technology,<br><br>　　　　　Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: ESSEX COUNTY<br>DOCKET NO. ESX-L-6392-15<br><br><br>CIVIL ACTION<br><br><br><br>CERTIFICATION OF DEFENDANT<br>CLARA WILLIAMS IN OPPOSITION<br>TO PLAINTIFFS' ORDER TO SHOW<br>CAUSE |

CLARA WILLIAMS, of full age, hereby certifies in lieu of oath in accordance with R. 1:4-4(b), as follows:

1.　　I am the Office Administrator for the Office of General Counsel and OPRA Custodian of Records for New Jersey Institute of Technology ("NJIT"), and have served in such capacity since the year 2002.  I have personal knowledge of the facts stated herein.

2.      My duties as OPRA Custodian of Records are defined by the OPRA statute and outlined in The New Jersey Open Public Records Act Handbook for Records Custodians and Custodian's Toolkit, both of which are published by the Government Records Council (GRC). True and accurate copies of The New Jersey Open Public Records Act Handbook for Records Custodians (Fifth Edition – January 2011), and Custodian's Toolkit (First Edition – March 2011) are attached hereto as Exhibits A and B, respectively.

3.      Since becoming the OPRA Custodian of Records for NJIT, I have responded to hundreds of OPRA requests and individually researched the applicable statutes and exemptions.

A.  STANDARD PROCEDURE AND PROTOCOL

4.      In responding to OPRA requests, I follow the policy and protocol of the GRC, set forth in The New Jersey Open Public Records Act Handbook for Records Custodians and the Custodian's Toolkit, while also consulting the list of OPRA Exemptions published by the GRC, as well as GRC decisions published online.  A true and accurate copy of the GRC list of OPRA Exemptions (Updated September 1, 2015), is attached hereto as Exhibit C.

5.      Upon receipt of an OPRA request, I first perform an analysis of the request to confirm the request is valid and in compliance with OPRA's requirement that the request reasonably identify the record or category of records sought.

6.      In instances where I determine a request is not valid, I prepare a letter to the requestor seeking additional information or advising of the deficiencies in the request.  In doing so, I use the form letter templates provided in the GRC Custodian's Toolkit. See Exhibit B.

7.      When I conclude a request is valid, I determine the individual or department at NJIT that would most likely have the records requested.

8.      I then typically call the responsible person/department to advise an OPRA request has been received and then send a copy of the request to the responsible person/department by email.

9.      The appropriate individual/department conducts a search for responsive records.

10.     The records are then delivered to me by email or hand delivery.

11.     Upon receipt of the records, I review the records and refer to the GRC list of Exemptions (Exhibit C) to determine whether any exemptions apply.  I then redact the records manually with a black marker as necessary.

12.     I then prepares a cover letter response to the requestor (using the templates provided in the Custodian's Toolkit).  In the letter, I do the following:

      a.  cut and paste the language in the original request regarding the records requested;

      b.  identify each record or group of records being produced;

      c.  note the number of pages of records being produced;

      d.  identify records redacted and cite the OPRA exemption(s) that applies to the redaction;

      e.  identify records exempt from disclosure and cite the OPRA exemption(s) that denies the request; and

      f.  advise the amount of any fee due for the records.

13.     I deliver the letter response and records to the requestor in the manner set forth in the original request.

14.     The entire receipt, review and response process is completed within the statutory period of seven business days.  I rarely seek an extensions of time to respond to an OPRA request.

15.     I maintain a separate file for each OPRA request/response, which contains the following:

       a.   original request;

       b.   letter response;

       c.   any communication regarding the request;

       d.   clean copy of all responsive records;

       e.   copy of responsive records with all redactions;

       f.   duplicate copy of records as produced to the requestor;

       g.   copies of all records deemed exempt from disclosure; and

       h.   copies of any non-responsive records compiled during NJIT's search for records, if applicable.

16.     I followed my standard procedure and protocol, as outline above, in responding to plaintiffs' three OPRA requests at issue in this matter.

B.  FIRST REQUEST

17.     On April 8, 2015 at 5:12 p.m., plaintiff Daniel Golden ("Golden") submitted the first of the three subject OPRA requests (the "First Request") directly to me by email. A true and accurate copy of the First Request is attached hereto as Exhibit D.  As the first request was submitted outside NJIT's regular business hours (8:30 a.m. – 4:30 p.m.), I did not receive or review the request until the next business day, April 9, 2015.

4

18.     The First Request sought the following records: "all e-mail communications since January 1, 2010, between the Central Intelligence Agency or its representatives using the email domains @ucia.gov, @cia.gov, or any other address, and the following people at the New Jersey Institute of Technology: the president, chancellor(s), provost(s), vice provost(s), vice presidents, deans, general counsel, assistant general counsel, outside counsel, and campus police chief. Similarly, I am requesting all e-mail communications since January 1, 2010, between the Federal Bureau of Investigation or its representatives using the email domains @ic.fbi.gov, @fbi.gov, or any other email address, and the same people at NJIT." See Exhibit D.

19.     On April 9, 2015 at 9:30 a.m., I forwarded the request by email to David Ullman, Associate Provost for Information Services & Technology and Chief Information Officer for NJIT, as Mr. Ullman is the individual with the authority to authorize access to the emails sought in the First Request. See Exhibit E.

20.     On April 9, 2015, I also contacted Annie Crawford, Assistant Vice President of the Department of Human Resources for NJIT, and requested the identities of all individuals who held the official titles of Police Chief, Provost, Vice Provost, Vice President, and Dean, during the period January 1, 2010 – April 9, 2015, whose emails were sought as part of the First Request.

21.     Ms. Crawford provided me with a list of the individuals holding such titles by email on April 9, 2015 at 10:19 a.m. See Exhibit F.  I then forwarded the list of individuals to David Ullman by email on April 9, 2015 at 10:22 a.m., in furtherance of Mr. Ullman's search for emails responsive to the First Request. See Exhibit F.

22.     Mr. Ullman solicited the help of Devin Batra, Database Administrator for the Information Services and Technology Department at NJIT, to search for and retrieve responsive emails.

23.     Mr. Batra accessed NJIT's mainframe and performed a search of the email extensions set forth in the First Request [@ucia.gov, @cia.gov, @ic.fbi.gov, @fbi.gov] and the list of individuals provided by Ms. Crawford.  Mr. Batra compiled all emails that were returned on his search and placed them on a DVD. See Exhibit G.

24.     On April 13, 2015, Mr. Batra hand-delivered the DVD to me.  In doing so, Mr. Batra downloaded the contents of the DVD to my computer, together with a program called "Oracle" which allowed me to view the emails on my computer.  The contents of the DVD consisted of 1,426 emails which were saved in eighteen (18) electronic file folders.

25.     On receipt of the emails, I began reviewing and printing them.

26.     Due to the massive number of emails, on April 14, 2015, I emailed plaintiff Golden and requested an extension until May 29, 2015, to respond to the First Request. See Exhibit H.  By email on that same date, April 14, 2015, plaintiff Golden agreed to my extension request. See Exhibit H.

27.     During the course of my review of the printed emails, I came across several notices that contained FBI warnings and prohibitions to the effect that the emails were not to be disclosed to anyone, including "do not disclose"; "proprietary and confidential information"; and several emails containing information pertaining to terrorism and national security issues.

28.     I ascertained that some of the emails and attachments that contained the FBI warning/prohibition against dissemination, together with the OPRA exemption for third-party confidential information, and sought guidance as to whether NJIT should notify the FBI of the

6

First Request and the emails generated by NJIT's search for responsive records. I called Special Agent McHugh, who is NJIT's FBI contact, and informed her of the First Request, the massive number of emails generated by the search for responsive records, the nature of the emails and the FBI written prohibition against dissemination included therein. Agent McHugh advised me that the FBI would need to review all of the emails before any disclosure occurred.

29.     On April 28, 2015, I emailed plaintiff Golden to advise the estimated reproduction costs associated with the First Request would be between $75.00 and $100.00. See Exhibit H. By email response that same day, April 28, 2015, plaintiff Golden stated the fee was reasonable and agreed to pay same. See Exhibit H.

30.     In May 2015, several agents of the FBI visited NJIT on two separate occasions to review all of the emails compiled in response to the First Request. On each occasion, I brought all of the emails in their original form to a conference room where the FBI review was conducted. Following the FBI agents' review, I retrieved the boxes of printed emails from the conference room. No one from NJIT was continuously present during the FBI review on either occasion.

31.     The FBI agents advised me, in the presence of Deputy General Counsel Brian Tierney, that any emails directed to and received from the FBI are deemed FBI records and, as such, are the property of the United States Government. As a result, the agents further advised that the FBI is cloaked with full and exclusive authority to determine whether or not any such email is subject to disclosure.

32.     During their review, the FBI agents manually redacted many of the records with black marker. The FBI agents also identified other records as entirely "classified" and exempt from disclosure in their entirety.

33.     In doing so, the FBI agents directed me as to which records I was authorized to disclose (with and without redactions), and which records I was not permitted to disclose.

34.     Neither I, nor anyone else at NJIT, redacted any of the records compiled in response to the First Request.  Rather, all redactions and determinations as to which documents were and were not subject to disclosure were made and dictated solely by the FBI.

35.     At the conclusion of their review, the FBI agents provided me with a letter memorializing the FBI's directive that NJIT not disclose records which were classified as confidential information.  A true and accurate copy of the FBI's letter dated May 27, 2015, is attached hereto as Exhibit I.

36.     On May 28, 2015, I sent an email to plaintiff Golden advising the project was complete and to inform I would be mailing NJIT's response by UPS.  See Exhibit J.

37.     I prepared a letter response to the First Request, dated May 29, 2015, in which I identified the records being produced by NJIT, as well as the applicable OPRA exemptions pursuant to which certain records had been redacted and/or withheld from production.  I further advised plaintiff Golden that the final cost for the records was $26.65.  See Exhibit K.

38.     On May 29, 2015, I forwarded the letter response, together with copies of 543 records and a copy of the FBI's May 27, 2015, letter to plaintiff Golden by UPS overnight delivery.  See Exhibit K.

39.     By email dated June 5, 2015, plaintiff Golden acknowledged receipt of NJIT's response and requested an electronic version of same. See Exhibit L.  I advised plaintiff Golden that an electronic version of the response does not exist as it was not scanned due to the large volume of emails and overall print quality of the redactions. See Exhibit L.

40.     Plaintiff Golden never remitted payment for the $26.65 fee associated with the First Request.

C. SECOND REQUEST

41.     On July 28, 2015 at 1:26 p.m., plaintiff Tracy Locke ("Locke") submitted an OPRA request to me by email (the "Second Request"). A true and accurate copy of the Second Request is attached hereto as Exhibit M.

42.     The Second Request sought the following records: "all email communications since January 1, 2010, between the Central Intelligence Agency or its representatives using the email domains @ucia.gov, @cia.gov, or any other address, and the following people at the New Jersey Institute of Technology: the president, chancellor(s), provost(s), vice provost(s), vice presidents, deans, general counsel, assistant general counsel, outside counsel, and campus police chief. I also request all email communications since January 1, 2010, between the Federal Bureau of Investigation or its representatives using the email domains @ic.fbi.gov, @fbi.gov, or any other email address, and the same people at NJIT." See Exhibit M.

43.     Upon reviewing plaintiff Locke's request, I realized it sounded familiar. I referred back to plaintiff Golden's request of April 8, 2015, and realized the two requests were identical.

44.     Based on the position taken by the FBI in response to the First Request, together with the prohibition on disclosure set forth in the FBI's letter of May 27, 2015, it was clear NJIT was not authorized to disseminate the records sought by the Second Request.

45.     On July 29, 2015, I contacted Special Agent McHugh by telephone to advise the nature of the Second Request and my understanding NJIT was prohibited from disclosing the records requested therein, which were identical to those previously sought by plaintiff Golden,

9

and which had been heavily redacted and/or entirely withheld per the direction of the FBI. Following my telephone call with Special Agent McHugh, I provided a copy of the Second Request to Special Agent McHugh by email on July 29, 2015 at 12:01 p.m. See Exhibit N.

46.     I prepared a letter response to plaintiff Locke, dated July 29, 2015, wherein I advised no records were being produced in response to the Second Request, cited the OPRA exemptions applicable thereto, and provided a copy of the FBI letter of May 27, 2015, prohibiting disclosure. See Exhibit O.  I forwarded the letter response to plaintiff Locke by email on July 29, 2015 at 12:38 p.m. See Exhibit O.

D.  THIRD REQUEST

47.     On August 13, 2015 at 4:10 p.m., plaintiff Golden submitted the third OPRA request to me by email (the "Third Request").  A true and accurate copy of the Third Request is attached hereto as Exhibit P.

48.     The Third Request mirrored the First Request and sought the following records: "all email communications from January 1, 2010, to the date of this request, between the Central Intelligence Agency or its representatives using the email domains @ucia.gov, @cia.gov, or any other address, and the following people at the New Jersey Institute of Technology: the president, chancellor(s), provost(s), vice provost(s), vice presidents, deans, general counsel, assistant general counsel, outside counsel, and campus police chief.  Similarly, I am seeking all e-mail communications from January 1, 2010, to the date of this request between the Federal Bureau of Investigation or its representatives using the email domains @ic.fbi.gov, @fbi.gov, or any other email address, and the same people at NJIT." See Exhibit P.

49.     On August 13, 2015 at 4:31 p.m., I sent an email to plaintiff Golden asking if the Third Request was sent in error because it was duplicative of the First Request, which NJIT responded to on May 29, 2015.  See Exhibit P.

50.     In response by email dated August 13, 2015 at 4:32 p.m., plaintiff Golden advised the Third Request was broader than the First Request in that the Third Request sought records through the current date of August 13, 2015.  See Exhibit P.

51.     I contacted Special Agent McHugh by telephone to advise the nature of plaintiffs' Third Request.

52.     Given the nature of the Third Request, the similarities to the First and Second Requests, and the position previously asserted by the FBI, it appeared that NJIT was prohibited from disclosing any records in response to the Third Request.

53.     I prepared a letter response to plaintiff Golden, dated August 17, 2015, wherein I advised no records were being produced in response to the Third Request, cited the OPRA exemptions applicable thereto, and provided a copy of the FBI letter of May 27, 2015, prohibiting disclosure.  See Exhibit P.  I forwarded the letter response to plaintiff Golden by email on August 17, 2015 at 9:45 a.m.  See Exhibit P.

54.     Throughout the process, I sought legal guidance from NJIT's internal legal counsel.

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

By: _____
CLARA WILLIAMS

DATED: *11-11-15*

12

# EXHIBIT F

|  |  |
|---|---|
| DANIEL GOLDEN | : SUPERIOR COURT OF NEW JERSEY |
| | : LAW DIVISION: ESSEX COUNTY |
| and | : DOCKET NO. ESX-L-6392-15 |
| | : |
| TRACY LOCKE, | : |
| | : CIVIL ACTION |
| Plaintiffs, | : |
| | : |
| v. | : |
| | : |
| NEW JERSEY INSTITUTE OF | : |
| TECHNOLOGY | : |
| | : |
| and | : |
| | : |
| CLARA WILLIAMS, in her capacity of | : |
| custodian of records for the New Jersey Institute | : |
| of Technology, | : |
| | : |
| Defendants. | : |
| | : |

---

BRIEF OF DEFENDANTS, NEW JERSEY INSTITUTE OF TECHNOLOGY AND CLARA
WILLIAMS, IN RESPONSE TO PLAINTIFFS' ORDER TO SHOW CAUSE

---

POTTERS & DELLA PIETRA LLP
100 Passaic Avenue
Fairfield, New Jersey 07004
(973) 575-5240
Attorneys for Defendants,
New Jersey Institute of Technology and
Clara Williams

On the Brief:

    Gary Potters, Esq. (Attorney ID No. 027271988)
    Michele L. DeLuca, Esq. (Attorney ID No. 001972007)

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT................................................................................1

PROCEDURAL HISTORY/STATEMENT OF FACTS...........................................2

     A.  The First Request....................................................................................3

     B.  The Second Request................................................................................8

     C.  The Third Request...................................................................................9

LEGAL ARGUMENT...........................................................................................10

    POINT I

    NJIT PROPERLY WITHHELD THE FEDERAL BUREAU OF
    INVESTIGATION'S CONFIDENTIAL AND PROPRIETARY
    INFORMATION.............................................................................................10

    POINT II

    NJIT'S RESPONSES TO ALL THREE OF PLAINTIFFS' OPRA
    REQUESTS ARE LAWFUL AND COMPLIANT..........................................14

    POINT III

    DEFENDANTS MUST NOT BE HELD LIABLE FOR PLAINTIFFS'
    ATTORNEYS' FEES AND/OR COSTS.........................................................17

    POINT IV

    THE FBI IS AN INDISPENSABLE PARTY..................................................17

CONCLUSION......................................................................................................19

i

TABLE OF AUTHORITIES

Cases                               Page

Asbury Park Press v. Ocean County Prosecutor's Office,
    374 N.J. Super. 312 (Law Div. 2004)..........................................................13

Bree v. Jalbert,
    87 N.J. Super. 452 (Law Div. 1965), aff'd, 91 N.J. Super. 38 (App. Div. 1966)...........18

Courier News v. Hunterdon County Prosecutor's Office,
    358 N.J. Super. 373 (App. Div. 2003)..........................................................18

FBI v. Abramson,
    456 U.S. 615 (1982)..........................................................................11-12

Gannett New Jersey Partners v. County of Middlesex,
    379 N.J. Super. 205 (App. Div. 2005..........................................................12-13

MAG Entertainment v. Div. of Alcoholic Beverage Control,
    375 N.J. Super. 534 (App. Div. 2005)..........................................................13

Mason v. City of Hoboken,
    196 N.J. 51 (2008)..........................................................................13

O'Boyle v. Borough of Longport,
    218 N.J. 168 (2014)..........................................................................13

Public Service Elec. and Gas Co. v. Waldroup,
    38 N.J. Super. 419 (App. Div. 1955)..........................................................18

Rosenberg v. Otis Elevator Co.,
    366 N.J. Super. 292 (App. Div. 2004)..........................................................18

Spectraserv, Inc. v. Middlesex County Utilities Auth.,
    416 N.J. Super. 565 (App. Div. 2010)..........................................................16

United States v. Story County, Iowa,
    28 F.Supp.3d 861 (S.D.Iowa 2014)..........................................................12, 14

| Statutes and Rules | Page |
|---|---|
| 5 U.S.C. § 552 | 6, 11, 12 |
| 5 U.S.C. § 552a | 6 |
| 28 U.S.C. § 534 | 6 |
| N.J.S.A. 47:1A-1 | 2, 15 |
| N.J.S.A. 47:1A-1.1(11) | 15 |
| N.J.S.A. 47:1A-5 | 13, 16 |
| N.J.S.A. 47:1A-6 | 17 |
| N.J.S.A. 47:1A-9(a) | 13, 15 |

<u>PRELIMINARY STATEMENT</u>

Plaintiffs Daniel Golden and Tracey Locke's claim seeks relief for an alleged denial of access to records under the New Jersey Open Public Records Act ("OPRA").  Defendants, New Jersey Institute of Technology ("NJIT"), and NJIT's Custodian of Records, Clara Williams ("Williams")(collectively, "Defendants" and/or "NJIT"), submit that plaintiffs' claim is misplaced and improperly directed against defendants who have duly and timely complied with their obligations under OPRA, rather than the Federal Bureau of Investigation ("FBI"), which is the entity that redacted certain documents and directed NJIT to withhold from production certain other documents.

In responding to three separate, yet essentially identical, OPRA requests submitted by plaintiffs seeking access to email communications between certain NJIT officers and members of the FBI and Central Intelligence Agency ("CIA")[1], defendants produced certain records, some with and some without redactions, and provided references to several valid exemptions applicable to other records which were withheld from disclosure at the direction of the FBI. Such exemptions included, <u>inter alia</u>, directives from the FBI expressly prohibiting dissemination based on the FBI's position that such records constituted property of the United States of America, the confidential and privileged nature of which prohibited disclosure by NJIT.

A review of the steps completed by NJIT in responding to plaintiffs' three OPRA requests establish beyond any doubt that NJIT complied with the requisite legal mandates by amassing responsive records, involving the appropriate authorities who maintained ownership

---

[1] NJIT's search for responsive records ultimately returned no records pertaining to the CIA and, as such, this claim pertains to the propriety of denial of public access to the records redacted by the FBI and those documents directed by the FBI to be withheld from production.

1

interests in the records amassed despite NJIT's physical possession of same, and properly and timely responded to plaintiffs' requests in writing within the strict time parameters afforded by OPRA. The unique nature of plaintiffs' requests in this case which required the involvement of the FBI left NJIT faced with a Hobson's choice. On the one hand, NJIT has a duty under OPRA to produce any and all responsive records not otherwise subject to potentially applicable exemptions. On the other hand, however, NJIT not only lacked authority, but was expressly prohibited by another federal agency in writing from disclosing such records which had the potential to implicate serious criminal and/or national security interests. Plaintiffs' claim in this case misses the mark in that NJIT did not unilaterally and without reason delimit its production. Rather, any denial of access in terms of the redactions and withheld documents was not unlawful but, rather, made exclusively pursuant to the express direction of the FBI.

Given the FBI's unique involvement in the review, redaction and production process, defendants most certainly acted reasonably and in good faith under the special circumstances in this case. Thus, Plaintiffs' claim against defendants NJIT and Williams must be dismissed and, instead, redirected against the real party in interest, the FBI.

<u>PROCEDURAL HISTORY/STATEMENT OF FACTS</u>

Plaintiffs' verified complaint and order to show cause, filed on September 11, 2015, seeks to have defendants NJIT and Williams provide access to public records purportedly supporting the writing of a book by plaintiff Golden about the relationship between federal intelligence agencies, including the FBI and CIA, and colleges and universities. <u>See</u> Verified Complaint at ¶¶ 1-3. Plaintiffs' verified complaint is brought pursuant to OPRA, N.J.S.A. 47:1A-1, <u>et seq.</u>, and the common law right of access. <u>See</u> Verified Complaint at ¶ 1. More specifically, plaintiffs allege that between April and August of 2015, they made three requests to NJIT under

2

both OPRA and common law right of access to email correspondence between NJIT employees and the FBI and/or CIA and that defendants have improperly and unlawfully withheld, in whole or in part, all or a vast majority of the records requested. See Verified Complaint at ¶¶ 4-5. Plaintiffs further claim that they seek this information to inform the public as to the nature and extent of the relationship between NJIT and federal law enforcement and intelligence agencies. Id. at ¶ 6.

All three of plaintiffs' OPRA requests which form the basis for the complaint in this matter were directed to Williams, who serves as the Office Administrator for the Office of General Counsel and OPRA Custodian of Records for NJIT since 2002. See ¶1 of the Certification of Clara Williams, dated November 11, 2015, submitted contemporaneously herewith ("Williams' Cert."). In responding to all three of plaintiffs' OPRA requests, Williams strictly complied with the policy, procedure and protocol set forth by the Government Records Counsel ("GRC"), as outlined in The New Jersey Open Public Records Act Handbook for Records Custodians and Custodian's Toolkit. See Williams' Cert. at ¶2.

A. The First Request

Plaintiff Golden, a managing editor for Bloomberg News, submitted the first of the three subject OPRA requests (the "First Request") directly to Williams by email on April 8, 2015 at 5:12 p.m. See Williams' Cert. at ¶17. The First Request sought the following records:

> "[A]ll e-mail communications since January 1, 2010, between the Central Intelligence Agency or its representatives using the email domains @ucia.gov, @cia.gov, or any other address, and the following people at the New Jersey Institute of Technology: the president, chancellor(s), provost(s), vice provost(s), vice presidents, deans, general counsel, assistant general counsel, outside counsel, and campus police chief. Similarly, I am requesting all e-mail communications since January 1, 2010, between the Federal Bureau of Investigation or its representatives using the email domains @ic.fbi.gov, @fbi.gov, or any other email address, and the same people at NJIT."

3

See Williams' Cert. at ¶18.

In furtherance of her duties as the OPRA Custodian of Records, on receipt, Williams forwarded the First Request by email to David Ullman, Associate Provost for Information Services & Technology and Chief Information Officer for NJIT, as Mr. Ullman is the individual with the authority to authorize access to the emails sought in the First Request. See Williams' Cert. at ¶19. Williams simultaneously contacted Annie Crawford, Assistant Vice President of the Department of Human Resources for NJIT, and requested the identities of all individuals who held the official titles of Police Chief, Provost, Vice Provost, Vice President, and Dean, during the period January 1, 2010 – April 9, 2015, whose emails were sought as part of the First Request. See Williams' Cert. at ¶20. Upon receipt of the list of individuals holding such titles provided by Ms. Crawford, Williams immediately forwarded same to Mr. Ullman to facilitate his search for responsive records. See Williams' Cert. at ¶21. All this transpired in less than two hours from the time Williams first received and reviewed the First Request. See Williams' Cert. at ¶17-21.

In turn, Ullman solicited the assistance of Devin Batra, Database Administrator for the Information Services and Technology Department at NJIT, to search for and retrieve responsive emails. See Williams' Cert. at ¶22. Batra accessed NJIT's mainframe and performed a search of the email extensions set forth in the First Request [@ucia.gov, @cia.gov, @ic.fbi.gov, @fbi.gov] and the list of individuals provided by Ms. Crawford. See Williams' Cert. at ¶23. Mr. Batra compiled all emails that were returned on his search and placed them on a DVD, which Batra then delivered and downloaded to Williams' computer on April 13, 2015, just four (4) days after the First Request was received by Williams. See Williams' Cert. at ¶24.

4

On receipt of the emails, Williams began reviewing and printing them. See Williams' Cert. at ¶25.   In light of the massive volume of emails, on April 14, 2015, Williams emailed plaintiff Golden and requested an extension until May 29, 2015, to respond to the First Request. By email on that same date, April 14, 2015, plaintiff Golden agreed to Williams' extension request. See Williams' Cert. at ¶26.

During the course of Williams' review of the printed emails, she came across several notices that contained FBI warnings and prohibitions to the effect that the emails were not to be disclosed to anyone, including statements such as "do not disclose"; "proprietary and confidential information"; and several emails containing information pertaining to terrorism and national security issues. See Williams' Cert. at ¶27.   Having concerns about the FBI warnings/prohibitions, Williams sought guidance as to whether NJIT should notify the FBI of the First Request and the emails generated by NJIT's search for responsive records.  See Williams' Cert. at ¶28.   Williams then contacted NJIT's FBI contact, Special Agent McHugh, and informed her of the First Request, the massive number of emails generated by the search for responsive records, the nature of the emails and the FBI written prohibition against dissemination included therein.  See Williams' Cert. at ¶28.   Agent McHugh advised Williams that the FBI would need to review all of the emails before any disclosure occurred.  See Williams' Cert. at ¶28

In May 2015, several agents of the FBI made two visits to NJIT to review all of the emails compiled in response to the First Request. See Williams' Cert. at ¶30.   On each occasion, Williams brought all of the emails in their original form to a conference room where the FBI review was conducted.  See Williams' Cert. at ¶30.   Following the FBI agents' review, Williams retrieved the boxes of printed emails from the conference room.  See Williams' Cert. at ¶30.   No

5

one from NJIT was continuously present during the FBI review on either occasion.  See Williams' Cert. at ¶30.

At the time of their review, the FBI agents advised Williams, in the presence of NJIT Deputy General Counsel Brian Tierney, that any emails directed to and received from the FBI are deemed FBI records and, as such, are the property of the United States Government.  See Williams' Cert. at ¶31.  As a result, the agents further advised that the FBI is cloaked with full and exclusive authority to determine whether or not any such email is subject to disclosure.  See Williams' Cert. at ¶31.  During their review, the FBI agents manually redacted many of the records with black marker.  See Williams' Cert. at ¶32.  The FBI agents also identified other records as entirely "classified" and exempt from disclosure in their entirety.  See Williams' Cert. at ¶32.  In doing so, the FBI agents directed Williams as to which records she was authorized to disclose (with and without redactions), and which records she was not permitted to disclose.  See Williams' Cert. at ¶33.  Neither Williams, nor anyone else at NJIT, redacted any of the records compiled in response to the First Request.  See Williams' Cert. at ¶34.  Rather, all redactions and determinations as to which documents were and were not subject to disclosure were made and dictated solely by the FBI.  See Williams' Cert. at ¶34.

At the conclusion of their review, the FBI agents provided NJIT with a letter memorializing the FBI's directive that NJIT not disclose records which were classified as confidential information.  See Williams' Cert. at ¶35.  The letter states, in pertinent part:

> "To the extent that the requestor seeks [United States Government] e-mail communications, and more particularly those of Federal Bureau of Investigation (FBI) personnel, those communications, and attachments, if any, are not to be released. Those communications are the property of the USG and are not to be further distributed without the FBI's prior written approval, in conformance with federal laws and/or regulations including the Freedom of Information Act (FOIA), 5 U.S.C. § 552, the Privacy Act of 1974, 5 U.S.C. § 552a, and, 28 U.S.C. § 534. Among other things, FOIA and the Privacy Act exempt from disclosure

6

> information that is law enforcement sensitive and may implicate criminal and/or
> national security interests as well as information that is confidential, privileged
> and/or not authorized for public dissemination/distribution."

See Williams' Cert. at <u>Exhibit I</u>.

Williams then prepared a letter response to the First Request, dated May 29, 2015, in

which the responsive records compiled during NJIT's search were divided into three categories:

    (1)     Records that were responsive and required no redactions;
    (2)     Records that were responsive and required redactions – all redactions
            having been made by the FBI; and
    (3)     Records that were responsive but exempt from disclosure – all decisions
            and direction to withhold having been made by the FBI.

Williams' May 29, 2015, letter response to the First Request identified 533 records that

were being produced by NJIT, with and without redactions, and 3,949 pages of records that were

being withheld from production. See Williams' Cert. at <u>Exhibit K</u>. Williams' letter further

specifically cited the OPRA exemptions applicable to such redacted and/or withheld records, and

referenced and enclosed a copy of the FBI's letter of May 27, 2015. See Williams' Cert. at

<u>Exhibit K</u>. Williams' letter further advised plaintiff Golden that the final production cost for the

records was $26.65, payment for which, to date, has not been remitted by plaintiffs. See

Williams' Cert. at <u>Exhibit K</u>.

On May 29, 2015, Williams forwarded the letter response, together with copies of the

533 records and the FBI's letter of May 27, 2015, to plaintiff Golden by UPS overnight delivery.

See Williams' Cert. at ¶38. By email dated June 5, 2015, plaintiff Golden acknowledged receipt

of NJIT's response to the First Request. See Williams' Cert. at ¶39. NJIT's response to the First

Request was timely pursuant to the extension of time previously afforded by plaintiff Golden.

See Williams' Cert. at ¶26. However, it should be noted at least as pertaining to plaintiffs' First

7

Request, the filing of this lawsuit is not in conformance with the forty-five (45) day statute of limitations. Mason v. City of Hoboken, 196 N.J. 51 (2008).

B.  The Second Request

The second OPRA request was submitted to Williams by email on July 28, 2015 at 1:26 p.m. by plaintiff Locke, who identified herself as a publicist with Henry Holt & Company (the "Second Request"). See Williams' Cert. at ¶41.  The Second Request sought the following records:

> "[A]ll email communications since January 1, 2010, between the Central Intelligence Agency or its representatives using the email domains @ucia.gov, @cia.gov, or any other address, and the following people at the New Jersey Institute of Technology: the president, chancellor(s), provost(s), vice provost(s), vice presidents, deans, general counsel, assistant general counsel, outside counsel, and campus police chief. I also request all email communications since January 1, 2010, between the Federal Bureau of Investigation or its representatives using the email domains @ic.fbi.gov, @fbi.gov, or any other email address, and the same people at NJIT."

See Williams' Cert. at ¶42.

Recognizing the Second Request sounded familiar, Williams referred back to the First Request and realized the two requests were identical.  See Williams' Cert. at ¶43.  In light of the position taken by the FBI in response to the First Request, together with the prohibition on disclosure set forth in the FBI's letter of May 27, 2015, Williams immediately contacted Special Agent McHugh by telephone and email to discuss the Second Request and the manner in which NJIT should respond to same.  See Williams' Cert. at ¶44-45.

On July 29, 2015, just one day after the Second Request was received, Williams sent a letter response to plaintiff Locke by email denying the Second Request, citing to several applicable OPRA exemptions and the FBI's letter of May 27, 2015, prohibiting disclosure of the records requested.  See Williams' Cert. at ¶46.

8

C. <u>The Third Request</u>

On August 13, 2015 at 4:10 p.m., plaintiff Golden submitted the third OPRA request to Williams by email (the "Third Request").  <u>See</u> Williams' Cert. at ¶47.  The Third Request mirrored the First Request and sought the following records:

> "[A]ll email communications from January 1, 2010, to the date of this request, between the Central Intelligence Agency or its representatives using the email domains @ucia.gov, @cia.gov, or any other address, and the following people at the New Jersey Institute of Technology: the president, chancellor(s), provost(s), vice provost(s), vice presidents, deans, general counsel, assistant general counsel, outside counsel, and campus police chief.  Similarly, I am seeking all e-mail communications from January 1, 2010, to the date of this request between the Federal Bureau of Investigation or its representatives using the email domains @ic.fbi.gov, @fbi.gov, or any other email address, and the same people at NJIT."

<u>See</u> Williams' Cert. at ¶48.

Given the similarities between the First and Third Requests, Williams immediately emailed plaintiff Golden to ascertain whether the Third Request had been sent in error since it was clearly duplicative of the First Request, which NJIT previously responded to on May 29, 2015.  <u>See</u> Williams' Cert. at ¶49.  Plaintiff Golden responded by advising the Third Request was broader than the First Request in that the Third Request sought records through the then-current date of August 13, 2015.  <u>See</u> Williams' Cert. at ¶50.

Williams orally advised Special Agent McHugh of the Third Request and the manner in which NJIT would respond given the position previously asserted by the FBI with respect to the two prior identical requests. <u>See</u> Williams' Cert. at ¶51-52

On August 17, 2015, within the time parameters afforded by OPRA, Williams sent a letter response to plaintiff Golden by email denying the Third Request, citing to several applicable OPRA exemptions and the FBI's letter of May 27, 2015, prohibiting disclosure of the records requested.  <u>See</u> Williams' Cert. at ¶53.

9

Plaintiffs instituted this lawsuit on September 11, 2015, by way of Verified Complaint and Order to Show Cause alleging denial of access. Specifically, plaintiffs allege defendants (1) failed to provide access to the vast majority of the records responsive to the First Request; (2) failed to provide access to any records responsive to the Second Request; (3) failed to specify with particularity the reasons for withholding any government records or any portion of those records responsive to the First, Second or Third Request; and (4) failed to disclose all nonexempt portions of government records responsive to the First, Second or Third Request. See plaintiffs' Verified Complaint at ¶34. Defendants submit that plaintiffs' claim is misplaced because defendants strictly complied with their duties under New Jersey law and that any challenge by plaintiffs regarding the denial of access to the records requested is appropriately directed to the FBI. Accordingly, defendants have implead the FBI as a third-party defendant by way of the Answer and Third-Party Complaint filed contemporaneously herewith.

<u>LEGAL ARGUMENT</u>

<u>POINT I</u>

NJIT PROPERLY WITHHELD
THE FEDERAL BUREAU OF INVESTIGATION"S
<u>CONFIDENTIAL AND PROPRIETARY INFORMATION</u>

In moving for the requested relief, plaintiffs claim that defendants unlawfully withheld, in whole or in part, the vast majority of the records requested in violation of OPRA. Indeed, plaintiffs' claim is misdirected because the records requested are the property of the United States Government, namely the FBI, and, thus, not for NJIT to disseminate without the FBI's prior written approval. See <u>Exhibit I</u> to Williams' Cert. The FBI did not provide NJIT with written approval to disclose the records in this case and explicitly prohibited NJIT from doing so

10

and memorialized its prohibition in writing. Id.  As such, any challenge by plaintiffs in terms of denial of access are appropriately directed to the FBI.

Upon receipt of each of the three OPRA requests at issue herein, Williams, in consultation with internal legal counsel, contacted the FBI to discuss the requests and the potentially responsive records. See Williams' Cert. at ¶28, 45, 51.  The emails that defendants uncovered were turned over to FBI personnel, who, in turn, reviewed the records, made redactions, and directed which records were exempted from production and therefore not to be produced.  In doing so, the FBI instructed NJIT to withhold the information the FBI deemed confidential, privileged and not authorized for public dissemination/distribution.  In particular, the FBI advised the subject records were protected from disclosure under the federal Freedom of Information Act ("FOIA") and the Privacy Act of 1974, because the information is law enforcement sensitive and may implicate criminal and/or national security interests. See Exhibit I to Williams' Cert.  Relying on the FBI's directive, NJIT produced certain records the FBI deemed subject to disclosure (some with and some without redactions), and withheld other responsive records the FBI deemed confidential, privileged and otherwise exempt from public dissemination.

FOIA exempts from disclosure "records of information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information … could reasonably be expected to interfere with enforcement proceedings." 5 U.S.C.A. §552(b)(7)(A).  The exemption prevents the premature disclosure of materials and information that could be used as part of a federal law enforcement investigation. FBI v. Abramson, 456 U.S. 615, 621 (1982).  This exemption requires a showing that "(1) a law

enforcement proceeding is pending or prospective and (2) release of the information could reasonably be expected to cause some articulable harm." Id.

In Gannett New Jersey Partners, LP v. County of Middlesex, 379 N.J. Super. 205 (App. Div. 2005), the Appellate Division held the federal law enforcement exemption under 5 U.S.C.A. §552(b)(7)(A) applicable to a request for government records under OPRA and upheld the defendants withholding of those records previously subpoenaed by a federal grand jury. The Appellate Division recognized that a request for government records that are also a part of a federal investigation places the State agency in the difficult position of asserting a privilege on behalf of another governmental agency. Id. at 215. While the burden rests with the State agency to prove that the denial of access to a government record is authorized by law, the confidentiality interest lies with the federal law enforcement agency, in this case the FBI. Id.

The FBI is the leading criminal investigative body in the United States that acts to protect the interests of the United States and its citizens. Far be it from the defendants to independently assess the nature of the emails produced and to circumvent FBI input if confidential information is at stake that could compromise investigations and implicate national security interests. In this regard, the appropriate body that plaintiffs should pursue is the FBI and/or the United States. See United States v. Story County, Iowa, 28 F.Supp.3d 861, 873 (S.D.Iowa 2014) ("To the extent Politico and others seek disclosure of such federal records, Story County must defer the disclosure request to FirstNet for its consideration under federal law"); accord Gannett, 379 N.J. Super. at 215 ("the public agency shall have the burden of proving that the denial of access to a document is authorized by law. However, the custodian may not be in a position to discharge this burden if the asserted confidentiality interest in a document is not that of the government agency

12

upon which the document request was made but rather another government agency, in this instance the United States Attorney's Office").

The purpose of OPRA is "to maximize public knowledge about public affairs in order to ensure an informed citizenry and to minimize the evils inherent in a secluded process." Mason v. City of Hoboken, 196 N.J. 51, 64-65 (2008)(quoting Asbury Park Press v. Ocean County Prosecutor's Office, 374 N.J. Super. 312, 329 (Law Div. 2004)). Although expansive, OPRA is not without limits. O'Boyle v. Borough of Longport, 218 N.J. 168, 184 (2014)("Despite the expansive definition of government record, not all documents prepared by public employees are considered government records pursuant to OPRA."). Under OPRA, "agencies are required to disclose only 'identifiable' governmental records not otherwise exempt." MAG Entm't, LLC v. Div. of Alcoholic Beverage Control, 375 N.J. Super. 534, 549 (App. Div. 2005); N.J.S.A. 47:1A-5(a). Most relevant to this case, OPRA exempts from disclosure those records that are exempt from disclosure under federal law. N.J.S.A. 47:1A-5(a)("The custodian of a government record shall permit the record to be inspected, examined, and copied … unless a government record is exempt from public access by … any federal law; federal regulation; or federal order"). Further, OPRA explicitly does not "abrogate any exemption of a public record or government record from public access heretofore made pursuant to … any other statute; resolution of either or both houses of the Legislature; regulation promulgated under the authority of any statute or Executive Order of the Governor; Executive Order of the Governor; Rules of Court; any federal law; federal regulation; or federal order." N.J.S.A. 47:1A-9(a). Interestingly, plaintiffs acknowledge these precise legal precepts, as well as the Appellate Division's holding in Gannett New Jersey Partners v. County of Middlesex, 379 N.J. Super. 205 (App. Div. 2005), that "records held by a State records custodian were exempt from disclosure under OPRA because the records were

13

exempt under FOIA[.]" See plaintiffs' memorandum of law in support of their order to show cause at 13-15. Yet, plaintiffs argue that public records cannot be exempted in the face of an OPRA request even if they are exempt under FOIA. Id. at 15. These diametrically opposed views surely demonstrate plaintiffs' misplaced argument in the present matter, or at least confirm plaintiffs should be litigating the propriety of the redactions and documents withheld from production against the FBI, and not Defendants.

Defendants, at all times, followed FBI directives vis-à-vie plaintiffs' OPRA requests based upon the FBI's position that the emails were government property over which the FBI retained sole and exclusive jurisdiction. Per the FBI's directive that the withheld records are confidential and privileged government records exempt from disclosure under FOIA, the records are, at least in the first instance, exempt from disclosure under OPRA by Defendants. See United States v. Story County, Iowa, 28 F.Supp.3d 861 (S.D.Iowa 2014) (emails sent and received by federal employee were federal records and thus not subject to Iowa Open Public Records Act). To the extent plaintiffs seek to challenge the propriety of the confidential designations, such challenges must be directed to the FBI.

POINT II

NJIT'S RESPONSES TO ALL THREE OF
PLAINTIFFS' OPRA REQUESTS ARE LAWFUL
AND COMPLIANT

Plaintiffs further claim the exemptions that defendants rely upon are inapplicable to the requested records, and that defendants have failed to provide a specific basis for withholding any particular document or portion thereof. See plaintiffs' memorandum of law in support of their order to show cause at 5. This assertion is belied by the record. Defendants have provided very

14

specific reasons for limiting and/or denying access which go well beyond "conclusory and generalized allegations of exemptions."

Regarding the redacted documents produced, defendants have indicated that "redactions were made to … delete personal identifiable information of FBI personnel and/or FBI information provided to NJIT." See plaintiffs' Verified Complaint at Exhibit B. The same is true for the 3,696 pages of documents that were exempted from production. Here again, defendants have specifically identified FBI emails with language that limits publication, reproduction, distribution, and/or dissemination. Further, each of NJIT's letter responses not only identifies and provides the citation, but quotes the specific language contained in the exemptions applicable to both the records that were redacted and those that were withheld from production, as follows:

> N.J.S.A. 47:1A-1.1(11): Security measures and surveillance techniques which, if disclosed, would create a risk to the safety or persons, property, electronic data or software.

> N.J.S.A. 47:1A-9(a): The provisions of this act shall not abrogate any exemption of a public record or government record from public access heretofore made pursuant to … any other statute; resolution of either or both Houses of the Legislature; regulation promulgated under the authority of any statute or Executive Order of the Governor; Executive Order of the Governor; Rules of Court; any federal law; federal regulation; or federal order.

> Executive Order No. 21 (McGreevey 2002): Records where inspection, examination or copying would substantially interfere with the State's ability to protect and defend the State and its citizens against acts of sabotage or terrorism, or which, if disclosed, would materially increase the risk or consequences of potential acts of sabotage or terrorism.

> Executive Order No. 26 (McGreevey 2002): Records in the possession of another department when those records are made confidential by a regulation of that department or agency adopted pursuant to N.J.S.A. 47:1A-1, et seq. and Executive Order No. 9 (Hughes 1963), or pursuant to another law authorizing the department or agency to make records confidential or exempt from disclosure.

And, NJIT made specific reference to and provided to the plaintiffs a copy of the FBI's letter of May 27, 2015, expressly prohibiting NJIT's release of the records at issue.

The law addressing NJIT's obligations to comply with OPRA requests is clear.  To that end, a "government custodian … must locate and redact the requested documents, isolate exempt documents, identify requests that require extraordinary expenditure of time and effort and warrant assessment of a service charge, and, when unable to comply with a request, indicate the specific basis." Spectraserv, Inc. v. Middlesex County Utilities Auth., 416 N.J. Super. 565, 576 (App. Div. 2010); N.J.S.A. 47:1A-5.  NJIT most certainly duly complied with these legal mandates by amassing responsive records, involving the appropriate authorities who maintained ownership interests in such records despite NJIT's physical possession of same, and properly responding to plaintiffs' requests in writing within the strict time parameters afforded by OPRA.  Plaintiffs' simple dissatisfaction with the information ultimately provided is not a justifiable basis to get more information than they are otherwise entitled to receive under the law.  Thus, plaintiffs' assertions of non-compliance notwithstanding, the defendants have satisfied their legal obligations under OPRA herein.

The foregoing unquestionably demonstrates that defendants have complied with OPRA mandates both procedurally and substantively and therefore plaintiffs' order to show cause should be denied and their verified complaint as against NJIT and Williams dismissed with prejudice.

POINT III

DEFENDANTS MUST NOT BE HELD
LIABLE FOR PLAINTIFFS' ATTORNEYS'
FEES AND/OR COSTS

Plaintiffs seek attorneys' fees in connection with their order to show cause based on the assumption that they will prevail in this action. Although N.J.S.A. 47:1A-6 indicates that a requestor who prevails shall be entitled to fees, that requester must still meet his or her burden of proof to obtain fees. "[R]equestors are entitled to attorneys' fees under OPRA, absent a judgment or an enforceable consent decree, when they can demonstrate: (1) a factual causal nexus between plaintiff's litigation and the relief ultimately achieved; and (2) that the relief ultimately secured by plaintiffs had a basis in law." Mason v. City of Hoboken, 196 N.J. 51, 76 (2008). Thus, plaintiffs have two hurdles to overcome in order to obtain attorneys' fees here – first prevail on their order to show cause and then satisfy the two-pronged proof burden to obtain fees. Even assuming arguendo that plaintiffs do prevail in this action, they cannot demonstrate a factual causal nexus or a basis in law for the relief obtained. Minimally, the causal nexus cannot be established here vis-à-vie NJIT given that the FBI intervened in this process and ultimately solely determined and directed the scope and breadth of the documents produced.

POINT IV

THE FBI IS AN INDISPENSABLE PARTY

In this case, the FBI claimed a property interest in the subject emails at issue. Therefore, failing to add the FBI as a party to this action would impede its ability to protect its interest in the emails and subject NJIT to substantial risk of "incurring double, multiple, or other inconsistent obligations" by virtue of the FBI's claimed interest. Put directly, NJIT may potentially be forced

17

by court order to turn over records which the FBI has essentially ordered not to be disseminated and then be further obligated to pay plaintiffs' attorney's fees under the OPRA statute.

The FBI acted as the <u>de facto</u> custodian of the subject records by its conduct in taking control of the review, redaction, and exemption of the records and in view of the specific directives given to NJIT on how to proceed vis-à-vie plaintiffs' OPRA requests. See <u>Courier News v. Hunterdon County Prosecutor's Office</u>, 358 N.J. Super. 373 (App. Div. 2003)(finding the prosecutor's office liable for plaintiff's attorneys' fees under OPRA where prosecutor's office had assumed administrative responsibility to safeguard the 911 tape sought and ultimately ordered to be produced to plaintiff).  By virtue of the FBI having been the entity that made all redactions to certain records, directed certain other records be entirely withheld from disclosure, and provided such direction in writing to NJIT, which NJIT in turn provided to plaintiffs, the FBI remains the real party in interest and, as such, an indispensable party to this action.

The legal principle of indemnification involves the assertion that another party is completely responsible for any damages a defendant is required to pay, <u>Bree v. Jalbert</u>, 87 N.J. Super. 452, 460 (Law Div. 1965), <u>aff'd</u>, 91 N.J. Super. 38 (App. Div. 1966), and can arise through common law or contract. See <u>Public Service Elec. and Gas Co. v. Waldroup</u>, 38 N.J. Super. 419, 432 (App. Div. 1955); <u>Rosenberg v. Otis Elevator Co.</u>, 366 N.J. Super. 292 (App. Div. 2004).  In accordance with the relief sought by defendants NJIT and Williams in the Third-Party action filed contemporaneously herewith, defendants must be indemnified and made whole by the FBI for (1) any adverse exposure defendants confront under the OPRA statute from and against any adverse judicial determination on the propriety of the redactions and exemptions, and (2) the attorneys' fees and costs incurred by NJIT in defending plaintiffs' claim.

Indemnification is most certainly warranted here by virtue of the fact it was solely the FBI's directive that caused defendants to be placed in the instant predicament. Put directly, had the FBI not intervened and prohibited defendants from disseminating the subject records to plaintiffs, NJIT would have released all of the records at issue thereby obviating the instant lawsuit. As such, to the extent this Court determines plaintiffs were unlawfully denied access, such denial was caused by the FBI and, consequently, the FBI must remain solely and exclusively liable for the attorneys' fees and costs incurred by plaintiffs in the first instance, as well as those incurred by defendants NJIT and Williams in having to defend this matter.

<u>CONCLUSION</u>

For the foregoing reasons, defendants respectfully request that plaintiffs' order to show cause be denied and that plaintiffs' verified complaint as against defendants NJIT and Williams be dismissed with prejudice.

POTTERS & DELLA PIETRA LLP
Attorneys for Defendants,
New Jersey Institute of Technology and
Clara Williams, in her capacity of custodian
of records for the New Jersey Institute of
Technology

By: _____
    GARY POTTERS, ESQ.

DATED: November 13, 2015

19